RECEIVED
JAN 0 4 2013
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

Document 1, Filed January 4th, 2013,   Page 1 of 9     PageID 1

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL HAENDEL, *Plaintiff* | § § § | **A13CV0007 SS** |
| VS. | § § | CIVIL ACTION NO. _____ |
| M. DIGIANTONIO THOMAS EATON *Defendants.* | § § § § | JURY REQUESTED |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Michael Haendel, and file this, "Plaintiff's Original Complaint", his Original Complaint and in support respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff Austin Travis is an individual residing in Austin, Travis County, Texas

2. Defendant M. Digiantonio, Travis County Sheriff Deputy, Badge Number 1508. He may be served at 5555 Airport Blvd, Austin Texas 78757. Defendant M. Diginatonio is sued in his individual capacity and he is sued in his official capacity.

3. Defendant Thomas Eaton, Travis County Sheriff Deputy, Badge Number 3605. He may be served at 5555 Airport Blvd, Austin Texas 78757. Defendant Thomas Eaton is sued in his individual capacity and he is sued in his official capacity.

### II. JURISDICTION

4. The Court has jurisdiction of this lawsuit under 28 U.S.C 1331, as it arises under the

Constitution, laws or treaties of the United States of America. The Court has jurisdiction of this lawsuit under 28 U.S.C 1332(a)(1), 28 U.S.C. 1332(a)(2) because plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs, as it arises under the Constitution, laws or treaties of the United States of America.

### III.   VENUE

5.   Venue is proper in this Court under 28 U.S.C. §1391(a)(2), 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to this claim occurred in this district,. Venue is proper in this Court under 28 U.S.C. §1391(a)(2), 28 U.S.C. §1391(b)(2), because defendant M. Digiantonio resides in this district. Venue is proper in this Court under 28 U.S.C. §1391(a)(2), 28 U.S.C. §1391(b)(2), because defendant Thomas Eaton resides in this district.

### IV.   CONDITIONS PRESENT

6.   All conditions precedent have been performed or have occurred, FRCP 9(c).

### V.   FACTS

7.   On date January 5th 2011, plaintiff suffered personal injury when defendant M Digiantonio and Thomas Eaton.

8.   Plaintiff was arrested by M. Digiantonio and Thomas Eaton, who were acting in the course and scope of their employment as Travis County Sherriff Deputies for Travis County Sheriff Department, see Lugar v. Edmondson Oil Co., 457 U.S. 922, 936-37

(1982); Reed v. City of Chi., 77 F.3d 1049, 1051 (7th Cir. 1996).

9. M. Digiantonio and Thomas Eaton used unreasonable, unnecessary, and excessive force while arresting and detaining plaintiff. Plaintiff was verbally communicating with defendant's and did not refuse to exit Blackwell Thurman Building, Travis County Court House, 509 W. 11th, Street, Austin Texas 78701, see Carney v, State,31 S.W3d 392, 398 (Tex.App.-Austin 2000, no pet.). Plaintiff wore audio recorder around his neck with the use of attached lanyard. Prior to arrest, audio recorder was automatically screened with an x-ray machine, and hand inspected by Defendant Thomas Eaton and other Travis County Sheriff Deputies. Defendant M. Digiantonio grabbed audio recorder from plaintiff right hand. Plaintiff was thrown to ground by defendants, see Graham v. Connor, 490 U.S. 386, 396-97 (1989).

10. The injuries suffered by plaintiff were significant, substantial, and severe. Plaintiff was placed in restraints by both hand cuffs and ankle shackles. Hand cuffs were adjusted too tightly, causing numbness in both of plaintiff's hands, fingers, and thumbs. Numbness in plaintiff's hands, fingers, and thumbs persist to this day.

11. At the time of the arrest, defendant's were acting under color of the laws and regulations of the State of Texas and the Travis County Sheriff Department. Travis County Sheriff Department had and continues to have a policy and custom in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals. Warrantless searches and seizures of the public. Excluding the public without cause, and at the discretion of Travis County Sheriff Deputies. Attorneys, members of the court are not required to same warrantless search and seizures. Defendant's direct supervisor had access and claimed to have viewed video recording of

plaintiff arrest. Defendant's direct supervisor tolerated and continues to tolerate misconduct of Travis County Sheriff Deputies. Defendant direct supervisor encourages misconduct by failing to adequately supervise, discipline or train his subordinates, see 42 U.S.C. §1983; Tenn. v. Garner, 471 U.S. 1, 7 (1985); Brown v. Bryan County, 219 F.3d 450, 462-63 (5th Cir. 2000).

### A.   COUNT 1 – Violation of Constitutional Rights

12. The exercise of this established policy violated plaintiff's clearly established rights under the U.S. Constitution

    a.   against unreasonable seizure of his person, *See U.S. Const. amends. 4, 14; Garner, 471 U.S. at 7.*

    b.   against the use of unreasonable, unnecessary, and excessive force, *See U.S. Const. amends. 4, 14; Graham, 490 U.S. at 393-95; Brown, 219 F.3d at 462-63.*

    c.   to medical care for injuries received while in custody, *See U.S. Const. amends. 8, 14.*

    d.   against freedom of expression and right to record public officials during the course of their daily activities, *See U.S. Const. amends. 1, Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011).*

    e.   against tampering with witness, See 18 USC § 1512(2)(b)(1), }

### B.   COUNT 2 – 42 U.S.C. §1983 Claim Against Individual Defendants

13. The defendant Travis County Sheriff Deputy M. Digiantonio, 1508, and defendant Travis County Sheriff Deputy Thomas Eaton acted willfully, deliberately, maliciously, or with reckless disregard for plaintiff Michael Haendel clearly established constitutional rights to attend official proceeding, discus nature of exclusion attending official

proceeding, and record public officials during the normal course and exercise of their duties.

        **C.**    **COUNT 3 – Identification of State of Texas Law Claims**

14.    THE TEXAS PENAL CODE, Sec. 22.01 , ASSAULT, where (a) A person commits an offense if the person one, section (a)(3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative, and did violate THE TEXAS PENAL CODE § 22.02 AGGRAVATED ASSAULT, where section (a) A person commits an offense if the person commits assault as defined in THE TEXAS PENAL CODE § 22.01 and the person section (a)(2) uses or exhibits a deadly weapon during the commission of the assault, and section (b) An offense under this section is a felony of the second degree, except that the offense is a felony of the first degree (2) regardless of whether the offense is committed under Subsection (a)(1) or (a)(2), the offense is committed, section (A) by a public servant acting under color of the servant's office or employment, (C) in retaliation against or on account of the service of another as a witness, prospective witness, informant, or person who has reported the occurrence of a crime, and did violate THE TEXA PENAL CODE § 39.03. OFFICIAL OPPRESSION, where (a) A public servant acting under color of his office or employment commits an offense if he (1) intentionally subjects another to mistreatment or to arrest, detention, search, seizure, dispossession, assessment, or lien that he knows is unlawful, (2) intentionally denies or impedes another in the exercise or enjoyment of any right, privilege, power, or immunity, knowing his conduct is unlawful, (b) For purposes of this section, a public servant acts under color of his office or employment if he acts or purports to act in an official capacity

or takes advantage of such actual or purported capacity

### VI.     COMPLIANCE WITH NOTICE PROVISION

15. Plaintiff timely presented his claim to defendant as required.

### VII.     DAMAGES

16. As a direct and proximate result of the officer's use of excessive force, plaintiff suffered the following injuries and damages:

    a. Medical expenses in the past and future.

    b. Mental anguish in the past and future.

    c. Surety bond expenditures, risk loss of pension.

    d. Physical impairment in the past and future.

    e. Lost earnings.

    f. Loss of earning capacity.

    g. Physical pain and suffering.

    h. Loss of consortium in the past and future.

    i. Property damage.

    As a direct and proximate result of result of the acts and omissions outlined above, Plaintiffs have been severely damaged. Defendants' conduct caused physical pain, as well as emotional distress and mental anguish and trauma. Plaintiff seek compensatory damages in the amount deemed sufficient by the trier of fact to compensate them for their damages, which include physical pain, mental anguish, pain and suffering. Plaintiff also seek exemplary damages against Defendants.

### VIII.     JURY DEMAND

17.   Plaintiff respectfully request trial by jury.

### IX.     ATTORNEY FEES

18.   Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §1988(b), if such costs are incurred.

### X.     PRAYER

For these reasons, plaintiff asks for judgment against defendant for the following:

- a.   Compensatory and actual damages in an amount deemed sufficient by the trier of fact;
- b.   Exemplary damages;
- c.   *Amount* for reasonable attorney fees under 42 U.S.C. §1983
- d.   Interest allowed by law for pre-judgment and post-judgment interest.
- e.   Costs of suit, costs of court;
- f.   All other relief the court deems appropriate.

Respectfully submitted,

_____
Signature Michael Haendel across USPS Stamp
P.O. Box 300952
Austin, Texas 78703
(321) 262-8582

STATE OF TEXAS           §

TRAVIS COUNTY            §

### XI.   AFFIDAVIT OF MICHAEL HAENDEL

Before me, the undersigned notary, on this day personally appeared Michael Haendel, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified: "My name is Michael Haendel. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct."

_____
Signature Michael Haendel across USPS Stamp
P.O. Box 300952
Austin, Texas 78703
(321) 262-8582


SWORN TO and SUBSCRIBED before me by Michael Haendel on JANUARY 04, 2013.

_____
Notary Public in and for
the State of Texas

DAVID G MILLER
My Commission Expires
March 11, 2015

## XII.    CERTIFICATE OF SERVICE

On the __4th__ day of the month of __January__, year 2013, I certify that a copy of

PLAINTIFF'S ORIGINAL COMPLAINT was served with the following process;

- a. Service provided by personal delivery to Court by plaintiff, Michael Haendel

- b. Service provided by U.S. Post Office to Defendant's at their place of employment, within five days from the filing of this document, at

    Travis County Sheriff Office,
    5555 Airport Blvd,
    Austin, Texas,

    or other location, yet to be determined.