**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS,**
**AUSTIN DIVISION**

FILED

2013 FEB 19 PM 3:39

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____(M)_____
DEPUTY

| | | |
|---|---|---|
| **MICHAEL HAENDEL,** | § | |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. A-13-CV-00007-SS** |
| | § | |
| **M. DIGIANTONIO** | § | |
| **THOMAS EATON** | § | |
| *Defendants.* | § | |

## PLAINTIFF'S RESPONSE DEFENSE RESPONSE TO ORIGINAL COMPLAINT

COMES NOW Plaintiff Michael Haendel, and file this, "PLAINTIFF'S RESPONSE

DEFENSE RESPONSE TO ORIGINAL COMPLAINT", his PARTIAL response to Defense

response to Plaintiff's Original Complaint and in support respectfully show the Court as follows:

## FACTS

Section 9, Defendants willfully waived their limited immunity when they acted with a willful

disregard for the truth, and both STATE and FEDERAL laws, and statues, policies and

procedures, aggravated perjury, as compared and contrary to video recording made by security

camera located in security check point, 509 W 11th, Street, Blackwell Thurman Building.   Said,

audio recorder, was

1. Inspected using x-ray scanner without objection,

2. Hand inspected by Defendant Eaton and Travis County Sheriff
   Deputy Hernandez, 4429, without objection

3. Observed in close proximity for at least 10 seconds by Digiantonio

1508, without objection

4.    Diginantonio grabbed audio recorder, not hand of Plaintiff, to avoid being recorded in performance of his duties Glik v. Cunniffe, 655 F.3d 78,

5.   Audio recorder was never secured, therefore obvious was not considered threat by ANY Travis County Sheriff Deputy,

6.   Audio recorder recorded encounter with Travis County Sheriff Deputies, for at least 15 minutes AFTER arrest of Plaintiff, again evidence Travis County Sheriff Deputies NEVER considered audio recorder threat.

Section 10, Defendant's deny injury to Plaintiff, however Plaintiff will produce ample medical evidence produced from Seton Hospital, Austin Texas to injuries cause by arrest and detention, and incarceration of Plaintiff.

Section 11, although Defendants deny willful disregard for the truth, and both STATE and FEDERAL laws, and statues, policies and procedures, aggravated perjury, as compared and contrary to video recording made by security camera located in security check point, 509 W 11th, Street, Blackwell Thurman Building with respect to Travis County Sheriff policies and practices.

## **AFIRMATIVE DEFENSE**

Defense arguments under sections, 3, 3, 4, 6, 11 of "AFIRMATIVE DEFENSE" are based upon limited immunity.   Defendants willfully waived their limited immunity when they acted with a willful disregard for the truth, and both STATE and FEDERAL laws, and statues, policies and

procedures, aggravated perjury, as compared and contrary to video recording made by security camera located in security check point, 509 W 11th, Street, Blackwell Thurman Building.

Defense arguments under sections 7, 8, 9, 10 of "AFIRMATIVE DEFENSE" are based upon their claim of justified use of force.    Compared and contrary to video recording made by security camera located in security check point, 509 W 11th, Street, Blackwell Thurman Building, Defendant's were responsible for breach of the peace, and their actions and statement contrary to statute Plaintiff charges, Texas Penal Code 38.15(d), 20.       Carney v, State,31 S.W3d 392, 398 (Tex.App.-Austin  2000, no pet.).  "Under  $38.15, arguing with the officers does not constitute   an actionable offense.  Speech is a statutory defense to the offense   charge even if the end result  is 'stalling.' The culpable mental state under the statute is criminal negligence,"


## VI.      COMPLIANCE WITH NOTICE PROVISION

15.    Plaintiff timely presented his claim to defendant as required, however Plaintiff moves the Court for time extension to adequately respond to Defense allegations, Defenses anticipated inclusion by Plaintiff of other felony and misdemeanor offenses perpetrated by other Travis County employee, with a willful disregard for the truth, and both STATE and FEDERAL laws, and statues, policies and procedures.


## VII.      DAMAGES

16.    As a direct and proximate result of the officer's use of excessive force, plaintiff suffered the following injuries and damages:

a.    Medical expenses in the past and future.

b.    Mental anguish in the past and future.

c.    Surety bond expenditures, risk loss of pension.

d.    Physical impairment in the past and future.

e.    Lost earnings.

f.    Loss of earning capacity.

g.    Physical pain and suffering.

h.    Loss of consortium in the past and future.

i.    Property damage.

As a direct and proximate result of result of the acts and omissions outlined above, Plaintiffs have been severely damaged.   Defendants' conduct caused physical pain, as well as emotional distress and mental anguish and trauma.   Plaintiff seek compensatory damages in the amount deemed sufficient by the trier of fact to compensate them for their damages, which include physical pain, mental anguish, pain and suffering.   Plaintiff also seek exemplary damages against Defendants.


## VIII.    JURY DEMAND

17.    Plaintiff respectfully request trial by jury.


## IX.    ATTORNEY FEES

18.    Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §1988(b), if such costs are incurred.

## X.    **PRAYER**

For these reasons, plaintiff asks for judgment against defendant for the following:

a.    Compensatory and actual damages in an amount deemed sufficient by the trier of

fact;

b.    Exemplary damages;

c.    *Amount* for reasonable attorney fees under 42 U.S.C. §1983

d.    Interest allowed by law for pre-judgment and post-judgment interest.

e.    Costs of suit, costs of court;

f.    All other relief the court deems appropriate.

Respectfully submitted,



Signature Michael Haendel across USPS Stamp
P.O. Box 300952
Austin, Texas 78703
(321) 262-8582

JESSICA ESTRADA
My Commission Expires
April 5, 2014

STATE OF TEXAS       §

TRAVIS COUNTY       §


### XI.     AFFIDAVIT OF MICHAEL HAENDEL

Before me, the undersigned notary, on this day personally appeared Michael Haendel, the affiant, a

person whose identity is known to me. After I administered an oath to affiant, affiant testified:

"My name is Michael Haendel. I am competent to make this affidavit. The facts stated in this

affidavit are within my personal knowledge and are true and correct."

Signature Michael Haendel across USPS Stamp
P.O. Box 300952
Austin, Texas 78703
(321) 262-8582


SWORN TO and SUBSCRIBED before me by Michael Haendel on ___February 19___, 2013.



JESSICA ESTRADA
My Commission Expires
April 5, 2014

Notary Public in and for
the State of Texas

## XII.    **CERTIFICATE OF SERVICE**

On the __19th__ day of the month of __February__ , year 2013, I certify that a copy of

PLAINTIFF'S ORIGINAL COMPLAINT was served with the following process within twenty

four hours of filing to Clerk of Court, UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION;

;

    a.    Service provided by personal delivery to Court by plaintiff, Michael Haendel

    b.    Service provided by U.S. Post Office to Defendant's at their place of employment, within five days from the filing of this document, at

        Travis Attorney Office,
        P.O. Box 1748,
        Austin, Texas, 78767
        Attention Elaine A. Casas, Jennifer Kraber