# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS,
## AUSTIN DIVISION

FILED
2013 MAR 19 PM 12: 13
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

MICHAEL HAENDEL, §
*Plaintiff* §
§
v. § CIVIL ACTION NO. A-13-CV-00007
§
M. DIGIANTONIO, §
THOMAS EATON, §
*Defendants.* §

## PLAINTIF'S DEMAND FINDING FACT CONCLUSION OF LAW

### ABSTRACT

COMES NOW the Suri Juris, Plaintiff, Michael Haendel, in the above-styled and numbered cause and demands from the Court, "Finding of Facts and Conclusions of Law" from Civil Action Number A-13-CV-00007, based up Federal Civil Rules 52. Rule 52. Findings and Conclusions by the Court; Judgment on Partial Findings (a) Findings and Conclusions. (1) In General. In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58.


THE UNITED STATES DISTRICT COURT "MAGISTRATE" SAM SPARKS acted sua sponte, contrary to his previous opinions by dismissing Plaintiff's claim as "Frivolous" and dismissing Plaintiff's claim "With Prejudice".[1], [2]


Plaintiff invokes the "Writ of Sua Sponte".

---

[1] Ashby v White (1703) 92 ER 126
[2] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)

## PLAINTIFF COMES TO COURT WITH "CLEAN HANDS"

The Plaintiff, I, Michael Haendel, come to the court with "Clean Hands", verifiable with video recorded evidence, created by TRAVIS COUNTY SHERIFF, the day of Plaintiff's arrest, occurring January 5th, 2011, Blackwell-Thurman Building 509 West Eleventh Street, Austin, Texas 78701. The Plaintiff can additionally verify, I, Michael Haendel, with personal knowledge, he comes to the court with "Clean Hands" with transcribed audio recording made at the time of arrest and interrogation. The Defendants are brought to UNITED STATES DISTRICT COURT with "Dirty Hands", and continued to "Dirty Their Hands" by submitting sworn affidavits into court docket, TRAVIS COUNTY COURT AT LAW EIGHT CAUSE NUMBER C-1-CR-200319. It appears as if UNTIED STATES DISTRICT MAGISTRATE SAM SPARKS is presiding over Plaintiff's claim with "Dirty Hands", by recharacterizing Plaintiff case numbers. It may be speculation, but only by one degree of inference, that UNITED STATES DISTRICT MAGISTRATE SAM SPARKS is "Shaking Hands" with Defendants, Defendant's Representatives, and with John Doe(s), and Jane Doe(s) not directly listed in Plaintiff's Original Criminal Complaints, by shielding Defendants, John and Jane Doe(s) from prosecution, and legal recourse. Owen v. Independence 100 Vol. Supreme Court Reports. 1398:(1982), Main v. Thiboutot 100 Vol. Supreme Court Reports. 2502:(1982), *18 U.S.C. § 242* No person has the right to deprive another person of his/her civil rights under color of any law. The term "under color of any law," means "under pretense of law." 18 U.S.C. § 242 prohibits and also prescribes punishment for those who deprive another person of his/her rights under color of any law of the United *States.42 U.S.C. § 1986* provides that every person who has knowledge that a wrongful act is about to be committed and having the power to prevent the commission of such wrong neglects or refuses so to do, is liable to the party injured for all damages caused by the wrongful act. The defendant in a § 1986 action need not have participated in the conspiracy or the commission of the act. The defendant, however, must have had actual knowledge of the conspiracy. Mere negligence to act on the part of the defendant will be sufficient to attach liability under § 1986.*Forrester v. White, 484 U.S. at 227-229,*

*108 S.Ct. at 544-545; Stump v. Sparkman, 435 U.S. at 380, 98 S.Ct. at 1106. Mireles v. Waco, 112 S.Ct. 286*

*at 288 (1991):*

"A Judge is not immune for tortuous acts committed in a purely Administrative, non-judicial capacity."

# I.

## FINDINGS OF FACT

### a. Questioning the Evidentiary Support, Fed. R. Civ. Proc. 52(a)(5)

A party may later question the sufficiency of the evidence supporting the findings, whether or not the party

requested findings, objected to them, moved to amend them, or moved for partial findings.

*The record does not reflect any evidence provided by Plaintiff, Defendants, (Illegal) Defendant's*

*Representation, UNITED STATES DISTRICT COURT MAGISTRATE SAM SPARKS, FIFTH CIRCUIT, or*

*any John Doe or Jane Doe filed into the docket or record.*

### b. Fed. R. Civ. Proc. 52(a)(3) For a Motion.[3], [4]

Fed. R. Civ. Proc. 52(a)(3) For a Motion. The court is not required to state findings or conclusions when

ruling on a motion under Rule 12 or 56 or, <u>unless these rules provide otherwise.</u>   Fed. R. Civ. Proc.,

12(b)(4), insufficient process; 12(b)(5) insufficient service of process.

*The record does not reflect Plaintiff served by Defendant's or Defendant's Representatives served "Motion*

*to Dismiss" or similar variance thereof.*

---

[3]  *18 U.S.C. § 242*

[4]  *42 U.S.C. § 1986*

**d.** **Inaccurate Statement originated by UNITED STATES DISTRICT MAGISTRATE SAM SPARKS[5], [6]**

1. This statement of fact, UNITED STATES DISTRICT MAGISTRATE SAM SPARK stated in "ORDER", Case No. A-13-CA-033-SS. "he "wore an audio recorder around his neck with use attached lanyard"".

   *The record does not reflects the statement in any Plaintiff documents,*
   *CIVIL ACTION NO. A-13-CV-00033.*
   *The record does reflect such statement(s) made by Plaintiff*
   *CIVIL ACTION NO. A-13-CV-00007.*

2. UNITED STATES DISTRICT MAGISTRATE SAM SPARKS erred by entering numerous inaccurate statements into the record, from this cause number contrary to video evidence.

3. UNITED STATES DISTRICT MAGISTRATE SAM SPARKS claims no video evidence exists.

4. Plaintiff is in possession of video evidence contrary to statements made by UNITED STATES DISTRICT MAGISTRATE SAM SPARKS.

5. Plaintiff is in possession of video evidence, contrary to sworn affidavits created by TRAVIS COUNTY SHERIFF DEPUTIES at the time of Plaintiff arrest, January 5th,

6. UNITED STATES DISTRICT MAGISTRATE SAM SPARKS erred by claiming statements as a basis of dismissal contrary to (a) Plaintiffs Claims, (b) Defendants statements, (c) video evidence.

---

[5] *18 U.S.C. § 242*
[6] *42 U.S.C. § 1986*

**e.      DIGIANTONIO, THOMAS EATON   HAVE NOT PRODUCED OATH OF OFFICE**

**AFTER DEMANDED BY PLAINTIFF**

Plaintiff has, and have filed challenges to the offices of defendants in TRAVIS COUNTY COURT AT

LAW EIGHT.   United States District Court, Sam Sparks presiding, ordering all judges and magistrates to

produce Oaths of Office complying with 4 USC 102.

1.  USC › Title 4 › Chapter 4 › § 101

4 USC § 101 - Oath by members of legislatures and officers

Every member of a State legislature, and every executive and judicial officer of a State, shall, before he

proceeds to execute the duties of his office, take an oath in the following form, to wit: "I, A B, do

solemnly swear that I will support the Constitution of the United States."

2.  4 USC 102 - Sec. 102. Same; by whom administered

Such oath may be administered by any person who, by the law of the State, is authorized to administer

the oath of office; and the person so administering such oath shall cause a record or certificate thereof to

be made in the same manner, as by the law of the State, he is directed to record or certify the oath of

office.

***According to The Office of Law Revision Counsel, their record is absent of dissenting opinions***

***regarding the necessity of public officials complying with 4 USC 101, 4 USC 102.***

*Scott v. Sandford, 60 U.S. 393 (1856), Security Trust Co. v. Black River National Bank, 187 U.S. 211*

*(2002), McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936), Hague v. Committee for*

*Industrial Organization Et. Al., 307 U.S. 496 (59 S.Ct. 954, 83 L.Ed. 1423 (1939), United States v. New*

*York Telephone Co., 434 U.S. 159, 98 S.Ct. 36454 L.Ed. 2d 376 (1977), Chapman v. Houston Welfare*

*Rights Organization Et. Al., 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed. 2d 508 (1979), Cannon v. University*

*Chicago Et. Al., 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed. 2d 560 (1979), Patsy v. Board Regents State Florida,*

*457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), Merrill Lynch v. Curran Et Al., 456 U.S. 353, 102*

*S.Ct. 1825, 72 L.Ed.2d 182, 50 U.S.L.W. 4457 (1982), Insurance Corporation Ireland v. Compagnie Des*

*Bauxites De Guinee, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492, 50 U.S.L.W. 4553 (1982), Matt T.*

*Kokkonen v. Guardian Life Insurance Company America, 128 L.Ed.2d 391, 62 U.S.L.W. 4313 (1994), 18*

*U.S.C. § 242, 42 U.S.C. § 1986*


**h.    RATIFICATION OF COMMENCEMENT AND THE REAL PARTY IN INTEREST** [7]

No Certificate of Commencement filed in CIVIL ACTION NO. A-13-CV-00033.


RATIFICATION OF COMMENCEMENT AND THE REAL PARTY IN INTEREST RULE 17 OF THE

FEDERAL AND STATE RULES OF CIVIL PROCEDURE.

"Every action shall be prosecuted in the name of the real party in interest. An executor, administrator,

guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made

for the benefit of another, or a party authorized by statute may sue in that person's own name without

joining the party for whose benefit the action is brought; and when a statute of the United States so

provides, an action for the use or benefit of another shall be brought in the name of the United States. No

action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until

a reasonable time has been allowed after objection for ratification of commencement of the action by, or

joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have

the same effect as if the action had been commenced in the name of the real party in interest."


**No action shall be dismissed . . . after objection . . . for ratification of commencement of the action by**

**the real party in interest."**


**i.    27 CFR 72.11:  COMMERCIAL CRIMES:**

---
[7] *18 U.S.C. § 242  , 42 U.S.C. § 1986*

Any of the following types of crimes (FEDERAL OR STATE):Offenses against the revenue laws;

burglary; counterfeiting; forgery; kidnapping; larceny; robbery; illegal sale or possession of deadly

weapons; prostitution (including soliciting, procuring, pandering, white slaving, keeping house of ill fame,

and like offenses); extortion; swindling and confidence games; and attempting to commit, conspiring to

commit, or compounding any of the foregoing crimes. Addiction to narcotic drugs and use of marijuana will

be treated as if such were commercial crime.

Plaintiff never violated 27 CFR 72.11, nor has been accused of violating 27 CFR 72.11.


### j.  Sworn Allegiances

Plaintiff does not know if UNTIED STATES DISTRICT JUDGE SAM SPARKS has take oaths to the

United States Constitution, 4 USC 102, Plaintiff does not know if UNTIED STATES DISTRICT JUDGE

SAM SPARKS has taken Masonic Oath, other oath(s) that would affect UNTIED STATES DISTRICT

JUDGE SAM SPARKS ability to honor his 4 USC 102 oath, if any oath(s) taken by UNTIED STATES

DISTRICT JUDGE SAM SPARKS.   Plaintiff demands production from UNTIED STATES DISTRICT

JUDGE SAM SPARKS of UNTIED STATES DISTRICT JUDGE SAM SPARKS sworn allegiances.


### k.  Tampering with Government Witness [8], [9]

Plaintiff was preparing to attend judicial proceding, when arrested.  *Armstrong v. Obucino, 300 Ill. 140,*

*143 (1921).  18 USC § 1512* - Tampering with a witness, victim, or an informant, *18 U.S.C. § 242*  No

person has the right to deprive another person of his/her civil rights under color of any law.   The term

"under color of any law," means "under pretense of law."   18 U.S.C. § 242 prohibits and also prescribes

punishment for those who deprive another person of his/her rights under color of any law of the United

*States.42 U.S.C. § 1986*  provides that every person who has knowledge that a wrongful act is about to be

committed and having the power to prevent the commission of such wrong neglects or refuses so to do, is

---

[8]  *18 U.S.C. § 242*
[9]  *42 U.S.C. § 1986*

liable to the party injured for all damages caused by the wrongful act. The defendant in a § 1986 action need not have participated in the conspiracy or the commission of the act. The defendant, however, must have had actual knowledge of the conspiracy. Mere negligence to act on the part of the defendant will be sufficient to attach liability under § 1986.*Forrester v. White, 484 U.S. at 227-229, 108 S.Ct. at 544-545; Stump v. Sparkman, 435 U.S. at 380, 98 S.Ct. at 1106. Mireles v. Waco, 112 S.Ct. 286 at 288 (1991)*: "A Judge is not immune for tortuous acts committed in a purely Administrative, non-judicial capacity."

### l.      Plaintiff denied access to the Court [10]

Plaintiff was denied access to the court, through a seemingly constant procession of Visiting Judges, not complying with 4 1 U.S.C. 102, and refusing to rule upon any of then Accused, now Plaintiff's motions.. *Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019 (1938); Pure Oil Co. v. City of Northlake, 10 Ill.2d 241, 245, 140 N.E.2d 289 (1956); Hallberg v. Goldblatt Bros., 363 Ill.25 (1936);*

### m.      Elements of Fraud, Judicial Misconduct, Judicial Estoppels, Judicial Disability

### n.      THE TRAVIS COUNTY PROSECUTOR COMMITTED BARRATRY against Plaintiff, Michael Haendel [11]

When an information is formed, harm begins. A series of Travis County Prosecutors, all of which have not produced any evidence that they have complied with 4 USC 102, eventually filed a Dismissal with no opposition to expunction. Information for TRAVIS COUNTY case number C-1-CR-11-200319 was dated January 10, 2011. Dismissal with additional notation of "No Opposition to Expunction" for TRAVIS COUNTY CASE NUMBER C-1-CR-11-200319 was dated April 25, 2012 and filled in the docket to be ruled upon by TRAVIS COUNTY COURT AT LAW EIGHT CARLOS BARRERA at the proceeding of Plaintiff's trial setting. Dismissal with additional notation of "No Opposition to

---

[10] *18 U.S.C. § 242, 42 U.S.C. § 1986*
[11] *18 U.S.C. § 242, 42 U.S.C. § 1986*

Expunction" for TRAVIS COUNTY CASE NUMBER C-1-CR-11-200319 was signed by TRAVIS

COUNTY COURT AT LAW EIGHT CARLOS BARRERA, and dated May 21, 2012.

### o. Judicial Usurpation of Power

It is Plaintiff sincere belief that opinions and facts express in UNITED STATES DISTRICT COURT SAM

SPARKS "ORDER", filed with RECHARACTERIZED CAUSE NUMBER, *CASTRO, Petitioner*

*v. UNITED STATES. No. 02-6683*: Case No. A-13-CA-033-SS were not produced by UNITED STATES

DISTRICT COURT SAM SPARKS, Such findings as the mis-statement of fact, UNITED STATES

DISTRICT MAGISTRATE SAM SPARK stated in "ORDER", Case No. A-13-CA-033-SS. "he "wore an

audio recorder around his neck with use attached lanyard"" *Miranda v. Arizona 384 US 436 (1966).*

### p. Star Chamber Proceeding

Then Accused, now Plaintiff, was not allowed to be present at his "Magistration", and proceeding was held

at a Travis County Cell.  The Accused, Michael Haendel, was not allowed to confront accusers, and

"Booked" prior to judicial Review [12]. *Faretta v. California, 422 U.S. 806, 821-22 (1975). 18 U.S.C. § 242,*

*42 U.S.C. § 1986*

### q. UNITED STATES DISTRICT MAGISTRATE "Operating" at Defendant's Representation

UNITED STATES DISTRICT MAGISTRATE SAM SPARKS dismissed Plaintiff's motions, documents

11, 12, 13, 14, 15 without Defendant's Representatives objections filed into docket, CIVIL ACTION NO.

A-13-CV-00007

---

[12] Faretta v. California, 422 U.S. 806, 821-22 (1975).
As the U.S. Supreme Court described it, "the Star Chamber has, for centuries, symbolized disregard of basic individual rights. The Star Chamber not merely allowed, but required, defendants to have counsel. The defendant's answer to an indictment was not accepted unless it was signed by counsel. When counsel refused to sign the answer, for whatever reason, the defendant was considered to have confessed

## II.

**a.    JUDICIAL NOTICE ADJUDICATED FACTS:   LAWS AND STATUTES**

3.   USC › Title 4 › Chapter 4 › § 101

4 USC § 101 - Oath by members of legislatures and officers

Every member of a State legislature, and every executive and judicial officer of a State, shall, before he proceeds to execute the duties of his office, take an oath in the following form, to wit: "I, A B, do solemnly swear that I will support the Constitution of the United States."

4.   4 USC 102 - Sec. 102. Same; by whom administered

Such oath may be administered by any person who, by the law of the State, is authorized to administer the oath of office; and the person so administering such oath shall cause a record or certificate thereof to be made in the same manner, as by the law of the State, he is directed to record or certify the oath of office.

5.   GOVERNMENT CODE, TITLE 2. JUDICIAL BRANCH, SUBTITLE G. ATTORNEYS

CHAPTER 82. LICENSING OF ATTORNEYS

ATTORNEY AND CLIENT

Oath of Attorney

Sec. 82.037. Oath of Attorney

(a) Each person admitted to practice law shall, before receiving a license, take an oath that the person will:

1.    support the constitutions of the United States and this state;

2.    honestly demean himself in the practice of law; and

3.    discharge the attorney's duty to his client to the best of the attorney's ability. to *Prieto Bail Bonds v. State*, 9664 S.W. 2d 316. "Officers must have oaths."

(b)  The oath shall be endorsed on the license, subscribed by the person taking the oath, and attested by the officer administering the oath.

Added by Acts 1987, 70th Leg., ch. 148, Sec. 3.01, eff. Sept. 1, 1987.

6. Texas Government Code - Section 602.002. Oath Made In Texas

§ 602.002. OATH MADE IN TEXAS.

An oath made in this state may be administered and a certificate of the fact given by:

(1) a judge, retired judge, or clerk of a municipal court, in a matter pertaining to a duty of the court;

(2) a judge, retired judge, senior judge, clerk, or commissioner of a court of record;

(3) a justice of the peace or a clerk of a justice court;

(4) a notary public;

(5) a member of a board or commission created by a law of this state, in a matter pertaining to a duty of the board or commission;

(6) a person employed by the Texas Ethics Commission who has a duty related to a report required by Title 15, Election Code, in a matter pertaining to that duty;

(7) a county tax assessor-collector or an employee of the county tax assessor-collector if the oath relates to a document that is required or authorized to be filed in the office of the county tax assessor-collector;

(8) the secretary of state;

(9) an employee of a personal bond office if the oath is required or authorized by Article 17.04 or by Article 26.04(n) or (o), Code of Criminal Procedure;

(10) the lieutenant governor;

(11) the speaker of the house of representatives;

(12) the governor;

(13) a legislator or retired legislator;

(14) the attorney general;

(15) the secretary or clerk of a municipality in a matter pertaining to the official business of the municipality; or

(16) a peace officer described by Article 2.12, Code of Criminal Procedure, if:

> (A) the oath is administered when the officer is engaged in the performance of the officer's duties; and

> (B) the administration of the oath relates to the officer's duties. Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993. Amended by Acts 1995, 74th Leg., ch. 165, § 19, eff. Sept. 1, 1995; Acts 1999, 76th Leg., ch. 325, § 1, eff. May 29, 1999; Acts 1999, 76th Leg., ch. 638, § 1, eff. Aug. 30, 1999; Acts 1999, 76th Leg., ch. 653, § 1, eff. June 18, 1999; Acts 2001, 77th Leg., ch. 514, § 1, eff. Sept. 1, 2001; Acts 2001, 77th Leg., ch. 986, § 1, eff. June 15, 2001; Acts 2003, 78th Leg., ch. 568, § 1, eff. June 20, 2003; Acts 2003, 78th Leg., ch. 1171, § 1, eff. June 20, 2003; Acts 2003, 78th Leg., ch. 1276, § 9.015, eff. Sept. 1, 2003.

Last modified: August 11, 2007

7.  Texas Government Code - Section 601.008. Unauthorized Officers

§ 601.008. UNAUTHORIZED OFFICERS.

(a) An officer or court of this state or of a municipality may not make, order, allow, or audit payment of a person's claim for compensation, fees, perquisites, or services as an officer of the state or of the municipality unless the person:

> (1) has been:

>> (A) lawfully elected as the officer and determined to be elected to the office by the canvass conducted of the election for the office;

>> (B) appointed as the officer by the lawful appointing authority; or

>> (C) adjudged to be the officer by a state court of competent jurisdiction; and

> (2) has qualified as the officer under law.

(b) A person who has not been elected or appointed to an office or has not qualified for office, as prescribed by Subsection (a), is not entitled to:

> (1) receive payment for services as the officer; or

> (2) exercise the powers or jurisdiction of the office.

(c) The official acts of a person who claims a right to exercise the power or jurisdiction of an office contrary to this section are void.

Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993. Last modified: August 11, 2007

8.  Texas Government Code - Section 602.001. Definition

§ 602.001. DEFINITION. In this chapter, "oath" includes the oath in an affidavit. Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993.

Last modified: August 11, 2007

9.  Texas Government Code - Section 603.001. Definition

§ 603.001. DEFINITION. In this chapter, "document" includes any instrument, paper, or other record.

Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993.

Last modified: August 11, 2007

10. Texas Government Code - Section 604.001. Filing Of Official Bond

§ 604.001. FILING OF OFFICIAL BOND. An officer required by law to give an official bond shall file the bond with the officer's oath of office.

Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993.

Last modified: August 11, 2007

11. Texas Government Code - Section 604.002. Sureties

§ 604.002. SURETIES. An officer shall execute the officer's official bond with: (1) two or more good and sufficient sureties; or (2) a solvent surety company authorized to do business in this state.

Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993.

Last modified: August 11, 2007

12. Texas Government Code - Section 604.006. Bond Inures To Persons Aggrieved

§ 604.006. BOND INURES TO PERSONS AGGRIEVED. In a suit arising from the defalcation of a public officer or the misapplication or misappropriation of money by a public officer, the official bond of the officer inures to the benefit of a person aggrieved by the defalcation or misapplication or misappropriation occurring in the period covered by the bond.

Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993.

Last modified: August 11, 2007

13. Texas Government Code - Section 604.007. Limitation

§ 604.007. LIMITATION. For purposes of limitation, a suit on an official bond of a public officer arising from the defalcation of the officer or the misapplication or misappropriation of money by the officer is an action for debt founded on a contract in writing governed by Section 16.004, Civil Practice and Remedies Code.

Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993.

Last modified: August 11, 2007

14. CIVIL PRACTICE AND REMEDIES CODE

TITLE 2. TRIAL, JUDGMENT, AND APPEAL, SUBTITLE B. TRIAL MATTERS,

CHAPTER 16. LIMITATIONS

SUBCHAPTER A. LIMITATIONS OF PERSONAL ACTIONS Sec. 16.002.  ONE-YEAR

LIMITATIONS PERIOD.

(a) A person must bring suit for malicious prosecution, libel, slander, or breach of promise of marriage not later than one year after the day the cause

(b)  A person must bring suit to set aside a sale of property seized under Subchapter E, Chapter 33, Tax Code, not later than one year after the date the property is sold.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985. Amended by Acts 1995, 74th Leg., ch. 1017, Sec. 3, eff. Aug. 28, 1995.

**b.      JUDICIAL NOTICE ADJUDICATED FACTS:   CASE OPINIONS**

1.  *Prieto Bail Bonds v. State*, 9664 S.W. 2d 316. "Officers must have oaths."

    "His first duty is to the courts and the public, NOT to the client. And where ever the duties of his client conflict with those, he owes as an officer of the court in the administration of Justice, the former must yield to the latter."

    *Corpus Juris Secundum* Vol. 7, Section 4.


2.  No fiction can make a natural born subject." Milvaine v Coxe's Lessee, 8 U.S. 598 (1808).


3.  Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1 (1947):"Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority," 332 U.S., at 384.


4.  *Sittler v. Board of Control of Michigan College of Mining and Technology,* 333 Mich. 681, 53 N.W.2d 681 (1952):

    a.   " 'The extent of the authority of the people's public agents is measured by the statute from which they derive their authority, not by their own acts and assumption of authority.'

    b.   " 'Public officers have and can exercise only such powers as are conferred on them by law * * *

    c.   " 'The powers of State officers being fixed by law, all persons dealing with such officers are charged with knowledge of the extent of their authority,' " 53 N.W.2d, at 684

*Board of Comm. of Peace Officers Annuity and Benefit Fund v. Clay*, 214 Ga. 70, 102 S.E.2d 575 (1958):

5. "The powers of all public officers are defined by law * * * Where the law creates an office, one holding such office has no authority to perform any act not legitimately within the scope of such authority," 102 S.E.2d, at 577.

6. *Tulsa Exposition and Fair Corp. v. Board of County Commissioners*, 468 P.2d 501 (Ok. 1970): "Counties have only such authority as is granted by statute [cites omitted]. The Board of County Commissioners in exercising corporate powers is limited to those fields expressly assigned to such subdivisions of the state by the legislature [cites omitted]. Public officers possess only such authority as is conferred upon them by law and such authority must be exercised in the manner provided by law," 468 P.2d, at 508.

7. *Ramirez de Arellano v. Weinberger*, 745 F.2d 1500, 1523 (D.C. Cir. 1984): "[W]hen an officer acts wholly outside the scope of the powers granted to him by statute or constitutional provision, the official's actions have been considered to be unauthorized." The American public should know the functions and delegated authority of federal agencies because it is charged with the knowledge of the scope and limitations upon the authority of federal agents, who can only act within the scope of such authority; see *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 384, 68 S. Ct. 1, 3 (1947); *Dade Park Jockey Club v. Commonwealth*, 253 Ky. 314, 69 S.W.2d 363, 365 (1934); *Morris Plan Bank of Georgia v. Simmons*, 201 Ga. 157, 39 S.E.2d 166, 175 (1946); *Northern Pac. Ry. Co. v. United States*, 70 F. Supp. 837, 860 (D.Minn. 1946); Sunshine *Dairy v. Peterson*, 183 Or. 305, 193 P.2d 543, 552 (1948); *United States v. Jones*, 176 F.2d 278, 281 (9th Cir. 1949); *Patten v. State Personnel Board*, 234 P.2d 987, 990 (Cal. App. 1951); State ex rel Young v. Niblack, 99 N.E.2d 839, 841 (Ind. 1951); *State v. Hartford Accident & Indemnity Co.*,

138 Conn. 334, 84 A.2d 579, 581 (1951); *Davis v. Pelley*, 102 N.E.2d 910, 912 (Ind. 1952); *Lien v. Northwestern Engineering Co.*, 54 N.W.2d 472, 476 (S.D. 1952); *Sittler v. Board of Control of Michigan College*, 333 Mich. 681, 53 N.W.2d 681, 684 (1952); *Bear River Sand & Gravel Corp. v. Placer County*, 258 P.2d 543, 546 (Cal. App. 1953); *Rogers v. County Comm. of New Haven County*, 141 Conn. 426, 106 A.2d 757 (1954); *Mason County Civic Research Council v. County of Mason*, 343 Mich. 313, 72 N.W.2d 292, 296 (1955); *Government of Virgin Islands v. Gordon*, 244 F.2d 818, 821 (3rd Cir. 1957); *Joseph A. Cicci, Inc. v. Allanson*, 187 N.Y.S.2d 911, 913 (1959); *Atlantic Co. v. Moseley*, 215 Ga. 530, 111 S.E.2d 239, 242 (1959); *Flavell v. Dept. of Welfare, City and County of Denver*, 355 P.2d 941, 943 (Colo. 1960); *City of Calhoun v. Holland*, 222 Ga. 817, 152 S.W.2d 752, 754 (1966); *Gray v. Johnson*, 395 F.2d 533, 537 (10th Cir. 1968); *Gammill v. Shackelford*, 480 P.2d 920, 922 (Okl. 1970); *Baker v. Deschutes County*, 498 P.2d 803, 805 (Or.App. 1972); *City of Mercer Island v. Steinmann*, 9 Wash. App. 479, 513 P.2d 80, 83 (1973); *United States v. Gemmill*, 535 F.2d 1145 (9th Cir. 1976); *Lopez-Telles* v. I.N.S., 564 F.2d 1302 (9th Cir. 1977); *Bollow v. Federal Reserve Bank*, 650 F.2d 1093, 1100 (9th Cir. 1981); *Lavin v. Marsh*, 644 F.2d 1378, 1383 (9th Cir. 1981); *Smith v. Sorensen*, 748 F.2d 427, 432 (8th Cir. 1984); and *Watrel v. Commonwealth Dept. of Education*, 488 A.2d 378, 381 (Pa. Comwlth. 1985). And acts of federal agents without delegated authority are void; see *Cudahy Packing Co. v. Holland*, 315 U.S. 357, 62 S.Ct. 651 (1942); *United States v. Giordano*, 416 U.S. 505, 94 S.Ct. 1820 (1974); *United States v. Pees*, 645 F. Supp. 687 (D. Col. 1986); *United States v. Hovey*, 674 F. Supp. 161 (D. Del. 1987); *United States v. Spain*, 825 F. 2d 1426 (10th Cir. 1987); *United States v. Emerson*, 846 F. 2d 541 (9th Cir. 1988); *United States v. McLaughlin*, 851 F. 2d 283 (9th Cir. 1988); and *United States v. Widdowson*, 916 F.2d 587, 589 (10th Cir. 1990). If a federal agent exceeds his delegated authority and commits a tort within a state, he may be sued in state court; see *Johnston v. Earle*, 245 F. 2d 9t Cir. 1957);*Hunsucker v. Phinney*, 497 F. 2d 29 (5th Cir. 1974); and *Rutherford v. United States*, 702 F.2d 580(5thCir. 198. In *U.S. vs. JOHNSON* (76 Fed, Supp. 538), Federal District Court Judge James Alger Fee ruled that."The privilege against self-incrimination is neither

accorded to the passive resistant, not to the person who is ignorant of his rights, nor to one who is indifferent thereto. It is FIGHTING clause. It's benefits can be retained only by sustained COMBAT. It cannot be claimed by attorney or solicitor. It BELLIGERENT claimant in person." *McAlister vs. Henkle*, 201 U.S. 90, 26 S.Ct. 385, 50 L. Ed. 38 Oavailable to a belligerent claimant in person. He further stated that to claim your rights in a court of this country, you must be willing to engage in sustained combat.

8. Take notice that: Continental Casualty Co. v. United States, 113 F.2d 284 (5th Cir. 1940): "Public officers are merely the agents of the public, whose powers and authority are defined and limited by law. Any act without the scope of the authority so defined does not bind the principal, and all persons dealing with such agents are charged with knowledge of the extent of their authority," 113 F.2d, at 286 and Churchill v. S.A.D.No. 49 Teachers Ass'n., 380 A.2d 186 "[P]ublic bodies or officers may exercise only that power which is conferred upon them by law. The source of that authority must be found in the enabling statute either expressly or by necessary inference as an incidence essential to the full exercise of the powers specifically granted," 380 A.d at 192.

9. Take notice that: The act of any STATE OF TEXAS official, officer, agent, or exchequer (licensed merchant) for the STATE, enforcing a debt in contravention of the original Organic Law under Article 1 Section 10 Clause 1 is an impairment of the obligation of the duty and Office the official, officer, agent, or exchequer is entrusted with, and an expropriation of the property of the inhabitants of the state, as Principle Creditors, by the neglect of due process of law, the due course of law, and warrant of law.    See: Home Bldg. & Loan Ass'n v. Blaisdell, 290 U.S. 389, 428-44.

10. If you've relied on prior decisions of the Supreme Court you have a perfect defense for willfulness."

U.S. v. Bishop, 412 U.S. 346

"Federal law & Supreme Court cases apply to state court cases."

11. CIVIL PRACTICE AND REMEDIES CODE

Sec. 16.004.   FOUR-YEAR LIMITATIONS PERIOD. (a) A person must bring suit on the following

actions not later than four years after the day the cause of action accrues:

a.   specific performance of a contract for the conveyance of real property;

b.   penalty or damages on the penal clause of a bond to convey real property;

c.   debt;

d.   fraud; or

e.   breach of fiduciary duty.

    1. A person must bring suit on the bond of an executor, administrator, or guardian not later than

    four years after the day of the death, resignation, removal, or discharge of the executor,

    administrator, or guardian.

    2. A person must bring suit against his partner for a settlement of partnership accounts, and

    must bring an action on an open or stated account, or on a mutual and current account

    concerning the trade of merchandise between merchants or their agents or factors, not later

    than four years after the day that the cause of action accrues. For purposes of this

    subsection, the cause of action accrues on the day that the dealings in which the parties

    were interested together cease.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985. Amended by Acts 1999, 76th Leg., ch. 950,

Sec. 1, eff. Aug. 30, 1999.


12. CIVIL PRACTICE AND REMEDIES CODE

Sec. 16.072.   SATURDAY, SUNDAY, OR HOLIDAY. If the last day of a limitations period

under any statute of limitations falls on a Saturday, Sunday, or holiday, the period for filing suit is

extended to include the next day that the county offices are open for business.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

13. Texas Penal Code - Section 37.11. Impersonating Public Servant

§ 37.11. IMPERSONATING PUBLIC SERVANT.

(a) A person commits an offense if he:

(1) impersonates a public servant with intent to induce another to submit to his pretended official authority or to rely on his pretended official acts; or

(2) knowingly purports to exercise any function of a public servant or of a public office, including that of a judge and court, and the position or office through which he purports to exercise a function of a public servant or public office has no lawful existence under the constitution or laws of this state or of the United States.

(b) An offense under this section is a felony of the third degree. Acts 1973, 63rd Leg., p. 883, ch. 399, § 1, eff. Jan. 1, 1974. Amended by Acts 1993, 73rd Leg., ch. 900, § 1.01, eff. Sept. 1, 1994; Acts 1997, 75th Leg., ch. 189, § 7, eff. May 21, 1997.

Last modified: August 11, 2007

14. Cohens v Virginia, 6 wheat (19 U.S.) 264, 404 (1821):

Chief Justice John Marshall said "We [public servants] have no more right to decline the jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution."

15. Ramsey v. Allegrie, 25 U.S. (12 Wheaton) 611, 631 (1827):

"If the common law can try the cause and give full redress, that alone takes away the admiralty jurisdiction."

16. Hayburn's Case. 2 Dali.(2 U.S.) 409 (1792); Article #6 Clauses 2 and 3, U.S. Constitution:

"This Constitution is the supreme Law of the Land. All judicial officers of the united States are bound by oath or affirmation, to support this Constitution."

17. U.S. v. Butler. 279 U.S. 116 (1929):

"The judicial branch has only one duty, to lay the Article of the Constitution which is involved beside the statute (rule or practice) which is challenged and to decide whether the latter squares with the former."

18. Boyd v. U.S., 116 U.S. 635 (1886):

"Constitutional provisions for the security of person and property should be liberally construed. It is the duty of the courts to be watchful of constitutional rights against any stealthy encroachments thereon."

19. Bary v. United States - 273 US 128 (1927):

"Then a constitution should receive a literal interpretation in favor of the Citizen, is especially true, with respect to those provisions which were designed to safeguard the liberty and security of the Citizen in regard to person and property."

20. Emspak v. United States, 349 US 190 (1955):

"the courts must indulge every reasonable presumption against waiver of fundamental constitutional rights."

21. Edwards v. California 314 US 160 (1941):

Justice Douglas maintained that "the privileges and immunities clause was the proper basis for the holding and further insisted that freedom of movement was a right of national citizenship binding upon the states and recognized as such by Crandall v. Nevada (73 US 35) before the 14th Amendment was ratified."

22. Kent v. Dulles, 357 U.S. 116,125 (1958):

"The right to travel is a part of the "liberty" of which the citizen cannot be deprived without due process of law under the Fifth Amendment. So much is conceded by the solicitor general. In Anglo Saxon law that right was emerging at least as early as Magna Carta."


23. Kolender v. Lawson, 461 U.S. 352 (1983):

"you can not be charged with failure to identify, until you have been charged with a crime."


24. Norton v. Shelby County 118 USR 425 (1886):

"An unconstitutional act is not law. It confers no rights, it imposes no duties, it affords no protections, it creates no office. It is in legal contemplation as inoperative as though it has never been passed."


25. "The court follows the decision of the highest court of the state, in construing the constitution and the laws of the state unless they conflict with or impair the efficacy of some principle of the Federal Constitution or of the Federal Statutes or rule of the commercial or general law. The decision of the state court's in questions relating to the existence of its subordinate tribunals and eligibility in elections or appointment of their officers and the passage of its laws are conclusive upon Federal Courts. While acts of de facto incumbent of an office lawfully created by law. An existing or often held to be binding from reasons of public policy. The acts of the person assuming to fill and perform the duties of an office, which does not exist, can have no validity whatever in law."


26. Miranda v. Arizona 384 US 436 (1966):

"Where the Miranda warning the police gives at arrest, comes from. Refuse to say anything without a lawyer present. Do not ever sign a statement that you have been told of your rights. Keep your mouth shut!"

"In the absence of other effective measures, the following procedures to safeguard the fifth amendment privileges must be observed. The person in custody must prior to interrogation be clearly informed that he has a right to remain silent and that anything he says will be used against him in a court of law. He must be clearly informed that he has a right to consult with a lawyer, to have a lawyer with him during interrogation and that if he is indigent, a lawyer will be appointed to represent him. If the individual indicates prior to and during questioning that he wishes to remain silent, the interrogation must cease. If he states that he wants an attorney, the questioning must cease until an attorney is present. Where an interrogation is conducted without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his constitutional consul right. Where the individual answers some questions during interrogation or cuts the interrogation, he has not waived his privilege and may invoke his right to remain silent thereafter. The warnings require that the waver needed our, in the absence of a fully effective equivalent perquisites to the admission or admissibility of any statement, inculpability or exculpability made by the defendant. The limitations on the interrogation presses required for the protection of the individual's constitutional rights should not cause an undue interference the proper system of law enforcement as demonstrated by the procedures of the FBI and the safeguards afforded to other jurisdictions. In each of these cases the statements were obtained under circumstances that did not meet constitutional standards for protection of the privilege against self incrimination."

27. "Where rights secured by the constitution are involved, there can be no rule or law making or legislation which would abrogate or abolish them."


28. American Juris Prudence

25Am Jur 1st., Highways Sec. 163:

"The use of the highways for the purpose of travel and transportation is not a mere privilege, but a common and fundamental Right of which the public and the individual cannot be rightfully

deprived." Chicago Motor Coach vs. Chicago, 169 NE 22; Ligare vs. Chicago, 28 NE 934; Boon vs. Clark, 214 SSW 607; .

29. 25Am Jur 1st., Highways Sec. 260:

"In the addition to the requirement that regulations governing the use of the highways must not be violative of constitutional guarantees, the prime essentials of such regulations are reasonableness, impartiality and definiteness or certainty."

30. 25Am Jur 1st., Highways Sec. 717:

"The term "travel" and "traveler" are usually construed in their broad and general sense... so as to include all those who rightfully use the highways with viatically (when being reimbursed for expenses) and who have the occasion to pass over them for the purpose of business, convenience or pleasure."

31. 16Am Jur 2d., Const. Law Sec. 70:

"No public policy of a state can be allowed to override the positive guarantees of the U.S. Constitution."

32. 16Am Jur 2d., Const. Law Sec. 81:

"Economic necessity cannot justify a disregard of Constitutional guarantee."

33. 16Am Jur 2d., Const. Law Sec. 98:

"While an emergency can not create power and no emergency justifies the violation of any of the provisions of the United States Constitution or States Constitutions. Public emergency such as economic depression for especially liberal construction of constitutional powers and it has been declared that because of national emergency, it is the policy of the courts of times of national peril,

so liberally to construed the special powers vested in the chief executive as to sustain an effectuate the purpose there of, and to that end also more liberally to construed the constituted division and classification of the powers of the coordinate branches of the government and in so far as may not be clearly inconsistent with the constitution."

(No emergency has just cause to suppress the constitution.)

34. 16Am Jur 2d., Const. Law Sec. 114:

"As to the construction, with reference to Common Law, an important cannon of construction is that constitutions must be construed to reference to the Common Law." " The Common Law, so permitted destruction of the abatement of nuisances by summary proceedings and is was never supposed that a constitutional provision was intended to interfere with this established principle and although there is no common law of the United States in a since of a national customary law as distinguished from the common law of England, adopted in the several states. In interpreting the Federal Constitution, recourse may still be had to the aid of the Common Law of England. It has been said that without reference to the common law, the language of the Federal Constitution could not be understood."

35. 16Am Jur 2d., Const. Law Sec. 117:

"Various facts of circumstances extrinsic to the constitution are often resorted to, by the courts, to aid them and determining its meaning, as previously noted however, such extrinsic aids may not be resorted to where the provision in the question is clear and unambiguous in such a case the courts must apply the terms of the constitution as written and they are not at liberty to search for meanings beyond the instrument."

36.

16Am Jur 2d., Const. Law Sec. 155:

"Since the constitution is intendant for the observance of the judiciary as well as other departments of government and the judges are sworn to support its provisions, the courts are not at liberty to overlook or disregard its commands or counteract evasions thereof, it is their duty in authorized proceedings to give full effect to the existing constitution and to obey all constitutional provisions irrespective of their opinion as to the wisdom or the desirability of such provisions and irrespective of the consequences, thus it is said that the courts should be in our alert to enforce the provisions of the United States Constitution and guard against their infringement by legislative fiat or otherwise in accordance with these basic principles, the rule is fixed that the duty in the proper case to declare a law unconstitutional cannot be declined and must be performed in accordance with the delivered judgment of the tribunal before which the validity of the enactment it is directly drawn into question. If the Constitution prescribes one rule and the statute the another in a different rule, it is the duty of the courts to declare that the Constitution and not the statute governs in cases before them for judgment.

37. 16Am Jur 2d., Const. Law Sec. 177:

"Declaratory judgments actions have often been utilized to test the constitutionality of a statute in government practices. The Uniform Declaratory Judgment Act makes pacific provisions of the determination of construction or validity of statutes and municipal ordinance by declaratory judgment and is considered to furnish a particularly appropriate method for the determination of controversies relative to the construction and validity of the statute and of ordinances. The Federal Declaratory Judgment Act, although it does not mention declarations as to the construction or validity of the statutes, has been invoked frequently as a means of a saying of the constitutionality of Congressional Legislation. A plaintiff can have a declaratory judgment action on the constitutionality of either the Federal or State statute by a single Federal Judge so long as he does not ask to have the operation of the statute enjoined. A court may grant declaratory relief, unless there is a case of controversy before the court."

"No one is bound to obey an unconstitutional law"

(Demand a Declaratory Judgment)

38. 16Am Jur 2d., Const. Law Sec. 255:

"In all instances, where the court exercise it's power to invalidate legislation on constitutional grounds, the conflict of the statute, with the constitution must be irreconcilable. Thus a statute is not to be declared unconstitutional unless so inconsistent with the constitution that it cannot be enforced without a violation thereof. A clear incompatibility between law and the constitution must exist before the judiciary is justified holding the law unconstitutional. This principle is of course in line with the rule that doubts as the constitutionality should be resolved in favor of the constitutionality and the beneficiary."

39. 16Am Jur 2d., Const. Law Sec. 256:

"The general rule is that a unconstitutional statute, whether Federal or State, though having the form and name of law as in reality no law, but is wholly void and ineffective for any purpose since unconstitutionality dates from the enactment and not merrily from the date of the decision so braining it. An unconstitutional law in legal contemplation is as inoperative as if it never had been passed. Such a statute lives a question that is purports to settle just as it would be had the statute not ever been enacted. No repeal of an enactment is necessary, since an unconstitutional law is void. The general principles follows that it imposes no duty, converse no rights, creates no office, bestows no power of authority on anyone, affords no protection and justifies no acts performed under it. A contract which rests on a unconstitutional statute creates no obligation to be impaired by subsequent legislation. No one is bound to obey an unconstitutional law. No courts are bound to enforce it. Persons convicted and fined under a statute subsequently held unconstitutional may recover the fines paid. A void act cannot be legally inconsistent with a valid one and an

unconstitutional law cannot operate to supersede an existing valid law. Indeed, in so far as a statute runs counter to the fundamental law of the land, it is superseded thereby. Since an unconstitutional statute cannot repeal, or in anyway effect an existing one, if a repealing statute is unconstitutional, the statute which it attempts to repeal, remains in full force and effect and where a statute in which it attempts to repeal remains in full force and effect and where a clause repealing a prior law is inserted in the act, which act is unconstitutional and void, the provision of the repeal of the prior law will usually fall with it and will not be permitted to operate as repealing such prior law. The general principle stated above applied to the constitution as well as the laws of the several states insofar as they are repugnant to the constitution and laws of the United States."

40. 16Am Jur 2d., Const. Law Sec. 257:

"The actual existence of a statute prior to determination, that it is unconstitutional is an operative fact and may have consequences which can not justify being ignored, when a statute which has been in effect for some time is declared unconstitutional, questions of rights claimed to have become vested of status of prior determinations deemed to have finality an acted upon accordingly and of public policy in the light of the nature, both of the statute and of it's previous application demand examination. It has been said that in all inclusive statement of the principle of absolute retroactive inviolability cannot be justified. An unconstitutional statute is not necessarily a nullity it may have indeterminate consequences binding on the people."

41. 16Am Jur 2d., Const. Law Sec. 258:

"On the other hand it is clear that Congress cannot by authorization or ratification give the slightest effect to a state law or constitution which is in conflict with the Constitution of the United States."

42. 16Am Jur 2d., Const. Law Sec. 260:

"Although it is manifested that an unconstitutional provision in the statute is not cured because included in the same act with valid provisions and that there is no degrees of constitutionality."

43.

44. 16 Am. Jur. 2d, Const. Law Sec. 543:

"No freeman shall be taken, or imprisoned, or disseised, or outlawed, or exiled, or any wise destroyed; nor shall we go upon him, nor send upon him, but by lawful judgement of his peers or by the law of the land."


45. Title 18 US Code Sec. 241 & Sec. 242:

"If upon conviction, you are subject to a $10,000.00 fine, ten years in jail, or both, and if theft results, life in prison."

46.

47. Title 18 sect 2381 - Capitol Felony Treason:

"In the presents of two or more witnesses of the same overt act, or in a open court of law, if you fail to timely move to protect and defend the Constitution of the United States and honor your oath of office, you are subject to the charge of capital felony treason."

48.

49. Title 42 US Code Sec. 1983, Sec. 1985, & Sec. 1986:

"Clearly established the right to sue anyone who violates your constitutional rights. The Constitution guarantees: he who would unlawfully jeopardize your property loses property to you, and that's what justice is all about."


50. Forrester v. White, 484 U.S. at 227-229, 108 S.Ct. at 544-545; Stump v. Sparkman, 435 U.S. at 380, 98 S.Ct. at 1106. Mireles v. Waco, 112 S.Ct. 286 at 288 (1991):

"A Judge is not immune for tortious acts committed in a purely Administrative, non-judicial capacity."

51. Owen v. Independence 100 Vol. Supreme Court Reports. 1398:(1982)

Main v. Thiboutot 100 Vol. Supreme Court Reports. 2502:(1982)

"The right of action created by statute relating to deprivation under color of law, of a right secured by the constitution and the laws of the United States and comes claims which are based solely on statutory violations of Federal Law and applied to the claim that claimants had been deprived of their rights, in some capacity, to which they were entitled."

52. "Officers of the court have no immunity when violating constitutional right, from liability"

(When any public servant violates your rights they do so at their own peril.)

"Judge, you are deemed to know the law and are sworn to uphold it. You can hardly claim that you acted in good faith for willful deformation of a law and you certainly cannot pled ignorance of the law, for that would make the law look stupid for a knowledgeable judge to claim ignorance of a law, when a Citizen on the street cannot claim ignorance of the law. Therefore, there is no judicial immunity."

53. CASTRO, Petitioner v.UNITED STATES.No. 02-6683

." When a district court recharacterizes a pro se defendant's motion as a first motion to vacate, it must notify the defendant that it intends to recharacterize the pleading, warn the defendant that this recharacterization means that any subsequent motion to vacate will be subject to the restrictions on second or successive motions to vacate, and provide the defendant an opportunity to withdraw the motion or to amend it so that it contains all the claims he believes he may file in a motion to vacate; if the court fails to do so, the motion cannot be considered a motion to vacate for purpose of applying the restrictions for second or successive motions. 28 U.S.C.A. § 2255.",

"Law of case doctrine" merely expresses common judicial practice of refusing to reopen what has been decided; it does not limit the courts' power.."

. CASTRO, Petitioner v.UNITED STATES.No. 02-6683 A federal court cannot recharacterize a pro se litigant's motion as a first § 2255 motion unless it first informs the litigant of its intent to recharacterize, warns the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provides the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If these warnings are not given, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions. Nine Circuits have placed such limits on recharacterization, and no one here contests the lawfulness of this judicially created requirement.

Other Circuits have taken a different approach. E.g., United States v. Palmer, 296 F.3d 1135, 1145-1147 (C.A.D.C.2002) (announcing a rule requiring courts to notify pro se litigants prior to recharacterization and refusing to find the § 2255 motion before it "second or successive" since such notice was lacking).

[3] Moreover, reading the statute as the Government suggests would produce troublesome results. It would create procedural anomalies, allowing review where the lower court decision disfavors, but denying review where it favors, the Government. Cf. Stewart v. Martinez-Villareal, 523 U.S. 637, 641-642, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (allowing the Government to obtain review States v. Kelly, supra, at 1240-1241 (C.A.10); United States v. Palmer, 296 F.3d, at 1146 (C.A.D.C.); see also 290 F.3d, at 1273, 1274 (case below) (suggesting that courts provide such warnings).

Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. See, e.g., Raineri v. United States, 233 F.3d 96, 100 (C.A.1 2000); United States v. Detrich, 940 F.2d 37, 38 (C.A.2 1991); United States v. Miller, 197 F.3d 644, 648 (C.A.3 1999); Raines v. United States, 423 F.2d 526, 528, n. 1 (C.A.4 1970); United States v. Santora, 711 F.2d 41, 42 (C.A.5 1983); United States v. McDowell, 305 F.2d 12, 14 (C.A.6 1962); Henderson v. United States, 264 F.3d 709, 711 (C.A.7

2001); McIntyre v. United States, 508 F.2d 403, n. 1 (C.A.8 1975) (per curiam); United States v. Eatinger, 902 F.2d 1383, 1385 (C.A.9 1990) (per curiam); United States v. Kelly, 235 F.3d 1238, 1242 (C.A.10 2000); United States v. Jordan, 915 F.2d 622, 625 (C.A.11 1990); United States v. Tindle, 522 F.2d 689, 693 (C.A.D.C.1975) (per curiam)

. CASTRO, Petitioner v.UNITED STATES.No. 02-6683 That is not surprising, for the very point of the warning is to help the pro se litigant understand not only (1) whether he should withdraw or amend his motion, but also (2) whether he should contest the recharacterization, say, on appeal. The "lack of warning" prevents his making an informed judgment in respect to the latter just as it does in respect to the former. Indeed, an unwarned pro se litigant's failure to appeal a recharacterization simply underscores the practical importance of providing the warning. Hence, an unwarned recharacterization cannot count as a § 2255 motion for purposes of the "second or successive" provision, whether the unwarned pro se litigant does, or does not, take an appeal.

The Court promulgates a new procedure to be followed if the district court desires the recharacterized motion to count against the pro se litigant as a first 28 U.S.C. § 2255 motion in later litigation. (This procedure, by the way, can be ignored with impunity by a court bent upon aiding pro se litigants at all costs; the only consequence will be that the litigants' later § 2255 submissions cannot be deemed "second or successive.")

That is particularly regrettable since the Court's new recharacterization procedure does not include an option for the pro se litigant to insist that the district court rule on his motion as filed; and gives scant indication of what might be a meritorious ground for contesting the recharacterization on appeal"read limitations on our jurisdiction to review narrowly." Utah v. Evans, 536 U.S. 452, 463, 122 S.Ct. 2191, 153 L.Ed.2d 453 (2002)

They may do so in order to avoid an unnecessary dismissal, e.g., id., at 692-693, to avoid inappropriately stringent application of formal labeling requirements, see Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam), or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis. See

Hughes v. Rowe, 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam); Andrews v. United States, 373 U.S. 334, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963)

They have consequently concluded that a district court may not recharacterize a pro se litigant's motion as a request for relief under § 2255--unless the court first warns the pro se litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion. See Adams v. United States, 155 F.3d 582, 583 (C.A.2 1998) (per curiam); United States v. Miller, supra, at 646- 647(C.A.3); United States v. Emmanuel, 288 F.3d 644, 646-647 (C.A.4 2002); In re Shelton, 295 F.3d 620, 622 (C.A.6 2002) (per curiam); Henderson v. United States, supra, at 710-711(C.A.7); Morales v. United States, 304 F.3d 764, 767 (C.A.8 2002); United States v. Seesing, 234 F.3d 456, 463 (C.A.9 2000); United

**III.**

**DEMAND AND REMEDY**

A.  Reversal of "ORDER" dismissing "CASE No. A-13-CA-007-SS" that is similar but not the same as Plaintiff claim number "1:13-cv-00007"

B.  Demand for Oral Arguments,

C.  For these reasons, plaintiff asks for judgment against defendants, stipulated in prayer, **"PLAINTIFF'S ORIGINAL COMPLAINT",**

D.  Assistance of legal counsel,

E.  Further, I, Michael Haendel, Plaintiff, and indigent, request a waiver of any costs for mediation.

Respectfully submitted,

Signature in red ink Michael Haendel across USPS Stamp
P.O. Box 300952
Austin, Texas 78703
(321) 262-8582

Further the Affiant saith not.

**IV.**

STATE OF TEXAS          §

TRAVIS COUNTY          §

### <u>AFFIDAVIT OF MICHAEL HAENDEL</u>

Before me, the undersigned notary, on this day personally appeared Michael Haendel, the affiant, a person

whose identity is known to me. After I administered an oath to affiant, affiant testified:

"My name is Michael Haendel. I am competent to make this affidavit. The facts stated in this affidavit are

within my personal knowledge and are true and correct."

Signature Michael Haendel across USPS Stamp
P.O. Box 300952
Austin, Texas 78703
(321) 262-8582

SWORN TO and SUBSCRIBED before me by Michael Haendel on *March 19th*, 2013.

Notary Public in and for
The State of Texas

ROSA M MARTINEZ
My Commission Expires
March 12, 2017

**CERTIFICATE OF SERVICE**

On the ₁₉ᵗʰ day of the month of __March___, year 2013, I certify that original and copy of **PLAINTIF'S**

**DEMAND FINDING FACT CONCLUSION OF LAW** was personally hand filed, in:

**a.**
U.S. District Clerk's Office,
UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION,
501 West Fifth Street,
Suite 1100,
Austin, Texas 78701,


And a copy of **Plaintif's demand finding fact conclusion of law** was personally hand served, by I,

Michael Haendel, to:

**b.**
COUNTY OF TRAVIS CLERK'S OFFICE,
CIVIL LITIGATION DIVISION,
314 West 11th Street,
Suite 420,
Austin, TX 78701
COUNTY OF TRAVIS ATTORNEY,
ELAINE A. CASAS,
JENNIFER KRABER.


Signature in red ink of Michael Haendel across USPS Stamp
P.O. Box 300952
Austin, Texas 78703
(321) 262-8582


SWORN TO and SUBSCRIBED before me by Michael Haendel
on the ₁₉ᵗʰ day of the month of __March___, year 2013.

ROSA M MARTINEZ
My Commission Expires
March 12, 2017

Notary Public in and for The State of Texas