IN THE UNITED STATES DISTRICT COURT FOR THE FILED
WESTERN DISTRICT OF TEXAS, 2013 MAY 28 AM 10: 43
AUSTIN DIVISION

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

Michael Haendel, §
    *Plaintiff* §
§
v. § CIVIL ACTION NO. 1:13-cv-00007 55
§
M. DIGIANTONIO, §
THOMAS EATON, §
    *Defendants.* §

## PLAINTIFF'S CLAIM FOR RELIEF

Plaintiff petition are timely, Fed. R. Civ P. Rule 6(a)(6). Computing and Extending Time; Time for Motion Papers, 28 USC 125 § 1961 - Holidays.   The following monetary claims against Travis County and it's agents can are documented by audio and video recordings, witness statements, acknowledgement of harms caused by Travis County agents causing the following harms to Plaintiff, enumerated as follows:

1.    Dismissal of of charges against Plaintiff, due to toll in late May 2014,

2.    Compensation costs with expungement Plaintiff's, criminal record, to be performed by Travis County, with guarantee removal of Plaintiff record,

3.    Compensation residual evidence of fraudulent criminal record of Plaintiff distributed, sold, to public, foreign entities, agents, corporation, to be determined by court,

4.    Refunding Seton Hospital bills, paperwork recovery fees, approximately $2,500.00,

5.    Refund Doctor Fees, interest, late fees if any, accrued during visit at Seton Hospital, currently approximately $395.00,

6.    Compensation physical harm, suffering, caused to Plaintiff's hands, forearms, Workman's Compensation Claim Table, to be determined by court,

7.    Refund Plaintiff's Surety Bond, $500+ $200 paid expenses to people assisting plaintiff.

8.    Compensation theft/ robbery Plaintiff's biometric information, Davis v. Mississippi - 394 U.S. 721 (1969),

9.    Compensation Plaintiff's Retirement Accounts, estimated $10,000,

10.   Compensation Plaintiff's Savings, estimated $20,000,

11.   Compensation Plaintiff's loss of earnings January 5th 2011 until payment made,

12.   $120,000/annum, not adjusted for cost of living increases, to date of filing this document, approximately, $300,000.00,

13.   Compensation Plaintiff's loss of future earning potential, January 5th, 2011 until retirement, $100,000/annum, not adjusted for cost of living increases over Plaintiff's workable career duration of 16 years, $1,600,000.00,

14.   Compensation Plaintiff's educational and living expenses required to be competent engineering employment, three years, $50,000 per annum tuition, books, living expenses, $150,000.00,

15.   Compensation Plaintiff's loss of government clearances, additional earning potential, intangible loss engineering experiences,

16.   Compensation loss of excellent credit rating, and repayment of credit card accounts,

17.   Compensation any federal and state income penalties, if applicable,

18.   Compensation Plaintiff's emotional stress, to be determined by court,

19.   Compensation Plaintiff's damaged reputation and credibility, to be determined by court,

20.   Compensation Plaintiff's damages creation of fraudulent mental health recorded, to be determined by court,

21. Compensation Plaintiff's libeled reputation implication mental condition, release of Plaintiff Health Records, by Travis County Attorney(s), to public, in violation of Texas Health and Safety Code Sec. 614.017. Exchange of Information, CFR Title 45 - Public Welfare § 164.512, CFR 45 § 164.502 Uses and disclosures of protected health information: general rules, Texas Health Safety Code, Sec. 181.201. Injunctive Relief, Civil Penalty (b)(3), $250,000.00, to be determined by court,

22. Compensation Federal court costs accrued by Plaintiff, to be determined by court,

23. Interest on settlement, payable to plaintiff, accruing from date of judgment to date of payment of settlement to plaintiff from defendant(s), to be determined by court,

24. Compensation and equal treatment, Plaintiff's incarceration January 5th, 2010 to January 7th 2010, fifty-eight hours incarceration, at $1,068/minute = $3,716,640.00, 741 F. 2d 336 - Trezevant v. City of Tampa,

25. Compensation loss of retirement pension match benefits offered by employers, typically 50 to 100 per centum maximum allowable contribution, to be determined by court,

26. Compensation loss of funding Social Security Retirement Accounts.

27. Compensation 28 USC § 1961 – Interest, to be paid to court, if applicable, to be determined by court,

28. Compensation up to $2,000,000.00 per criminal act caused by defendants, et.al, against Plaintiff, stipulated per believed Travis County Risk Management Insurance Policy,

29. Loss of Liberty, Mental Anguish and loss of Family Relationships while Incarcerated, on restricted bond, and defense of Plaintiff's rights, and attempts to mitigate damages, to be determined by court,

30. Compensation Impaired Earning Capacity, to be determined by court

31. Compensation loss of ability to acquire meaningful, prestigious employment.

## PRAYER AND REMEDY

Removal of pending charges against Plaintiff, expunction of criminal and mental health record created in fraud, compensation physical damages to plaintiff's hands, arms, and potentially neck, compensation, incarceration, compensation lost and reduced earning potential, compensation medical, legal, expenses, compensation reduced quality of life. For these reasons, plaintiff asks for judgment against defendants, additionally stipulated in prayer, "**PLAINTIFF'S ORIGINAL COMPLAINT**", Court provided assistance of legal counsel, Further, I, Michael Haendel, Plaintiff, and indigent, request a waiver of any costs for mediation. Respectfully submitted,

Signature in red ink by Michael Haendel
P.O. Box 300952
Austin, Texas 78703
(321) 262-8582

*Further the Affiant saith not.*

## AFFIDAVIT OF MICHAEL HAENDEL

STATE OF TEXAS §

TRAVIS COUNTY §

Before me, the undersigned notary, on this day personally appeared Michael Haendel, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

"My name is Michael Haendel. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct."

I, Michael Haendel, certify that the amount of claim covers only damages and injuries by the incident above and agree to accept said amount in full satisfaction and final settlement of this claim.

Signature in red ink by Michael Haendel
P.O. Box 300952
Austin, Texas 78703
(321) 262-8582

SWORN TO and SUBSCRIBED before me by Michael Haendel on _May 28th_, 2013.

Notary Public in and for The State of Texas

KELLY M. HERRICK
Notary Public, State of Texas
My Commission Expires
May 26, 2014

## CERTIFICATE OF SERVICE

I, Michael Haendel, do hereby certify that I have submitted a true and correct copy of the above and foregoing, on the _28th_ day of the month of ___May___, year 2013, I certify that original and copy of **PLAINTIFF'S CLAIM FOR RELIEF** complies with Federal Rule 12(b)(1), and Federal Rule 12(b)(6), was personally hand filed, in:                    **a.**

UNITED STATES DISTRICT CLERK'S OFFICE,
UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION,
501 West Fifth Street,
Suite 1100,
Austin, Texas 78701,

And a copy of **PLAINTIFF'S CLAIM FOR RELIEF** was personally served by hand delivery to:

**b.**
COUNTY OF TRAVIS CLERK'S OFFICE,
COUNTY OF TRAVIS ATTORNEY
CIVIL LITIGATION DIVISION,
314 West 11th Street, Suite 420,
Austin, Texas 78701
ELAINE A. CASAS,
JENNIFER KRABER.

Signature in red ink by Michael Haendel
P.O. Box 300952
Austin, Texas 78703
(321) 262-8582

SWORN TO and SUBSCRIBED before me by Michael Haendel
on the _28th_ day of the month of ___May___, year 2013.

Notary Public in/and for The State of Texas

KELLY M. HERRICK
Notary Public, State of Texas
My Commission Expires
May 26, 2014