# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL HAENDEL,<br>    *Plaintiff,* | §<br>§<br>§ | |
| vs. | § | Case No. A-13-CA-007-SS |
| | § | |
| M. DIGIANTONIO and THOMAS EATON,<br>    *Defendants.* | §<br>§<br>§ | |

## <u>DEFENDANT M. DIGIANTONIO AND THOMAS EATON'S<br>MOTION TO DISMISS PURSUANT TO RULE 12(c)</u>

TO THE HONORABLE COURT:

Defendants M. Digiantonio and Thomas Eaton file this motion to dismiss the above-styled case pursuant to Federal Rule of Civil Procedure 12(c) and respectfully move this Court to dismiss Plaintiff's lawsuit for failure to state a claim. In support of its motion, Defendants respectfully offer the following:

### I.      BACKGROUND

Plaintiff Michael Haendel has sued M. Digiantonio and Thomas Eaton as a result of his arrest at the criminal courthouse on January 5, 2011. Almost exactly two years later, on January 4, 2013, Mr. Haendel filed suit in Federal Court, alleging that Travis County Sheriff's Office ("TCSO") Deputies M. Digiantonio and Thomas Eaton used excessive force while arresting him. **Complaint at 3**. Mr. Haendel claims he "was thrown to ground [sic] by defendants," and that "[h]andcuffs were adjusted too tightly." **Id.** Mr. Haendel's confusing pleadings do not make clear the exact nature of his alleged constitutional violations, because his Complaint merely mentions buzzwords that he believes should trigger a constitutional claim. Count 1 of his Complaint complains of "an unreasonable seizure of his person," "use of unreasonable, unnecessary, and excessive force," "medical care," "freedom of expression and right to record public officials during

1

the course of their daily activities," and "tampering with witness," without elucidating any factual basis for such claims. **Complaint at 4**. Count 2 alleges that the defendants "deliberately, maliciously, or with reckless disregard for plaintiff Michael Haendel [sic] clearly established constitutional rights to attend official proceeding." **Id.** Count 3 appears to identify parts of the Texas Penal Code. **Complaint at 5**.

Mr. Haendel alleges that the injuries suffered by him were "significant, substantial, and severe." **Complaint at 3**. However the only allegations concerning his being thrown to the ground and being handcuffed too tightly concern a general feeling of numbness in his hands. **Id.** He later elaborates on his suffering, stating that his injuries include "physical pain, as well as emotional distress and mental anguish and trauma." **Complaint at 6**. Other than those two descriptions, his Complaint fails to allege a real injury caused by the two Defendants.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) authorizes parties to move for a judgment on the pleadings, and enables a court to make that judgment on the pleadings alone. The Fifth Circuit has ruled that "[t]he standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007)(internal citations omitted). *See also, Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009). The U.S. Supreme Court has recently set out a two-pronged approach to determine whether a claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007). Generally, in reviewing a complaint for 12(b)(6) dismissal, the Court should accept well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Lindquist v. City of Pasadena*, 525 F.3d 383, 386 (5th Cir. 2008); *McClure v. Biesenbach*, 355

290034-1

Fed. Appx. 800 (5th Cir 2009), 2009 U.S. App. LEXIS 26839 (*unpublished*).   However, as the *Iqbal* Court explained its holding in *Twombly,* the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to **legal conclusions**.   *Iqbal* at 1949-50 (2009)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007))(emphasis added).   Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice. *Id.*

The second working principle in *Twombly*, as explained by the U.S. Supreme Court in *Iqbal*, is that only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Id.*   To avoid dismissal under F.R.C.P 12(b)(6), a complaint must state "enough facts to state a claim to relief that is **plausible** on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)(emphasis added).   Facial plausibility occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Iqbal*, 129 S.Ct. at 1949-50 (2009)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)).   The allegations set forth in the complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."   *Twombly*, 550 U.S. at 555 (citations omitted). The well pleaded facts must permit the court to infer more than the mere possibility of misconduct, it must show that the pleader is entitled to relief. *Iqbal* at 1949-50 (2009).   Mere conclusory allegations will not survive a motion to dismiss.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

Plaintiff Haendel alleges that an "established policy violated [his] clearly established rights under the U.S. Constitution" [**Complaint at 4**] but fails to elaborate on what policy or what facts gave rise to these supposed violations.  When dealing with municipal liability in a

290034-1

complaint, a simple reference to a policy or custom is not enough. *Bd. Of County Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382 (1997); see also *McClure v. Biesenbach*, 355 Fed. Appx. 800 (5th Cir 2009), 2009 U.S. App. LEXIS 26839 (*unpublished*). In *McClure*, the Fifth Circuit held that a sweeping statement that "upon information and belief, these [due process] deprivations were effected pursuant to City policy, practice or custom" was not sufficient to survive a motion to dismiss made pursuant to *Twombly*. *McClure v. Biesenbach*, 355 Fed. Appx. 800, 804 (5th Cir 2009), 2009 U.S. App. LEXIS 26839 (unpublished). In reaching its conclusion, the Fifth Circuit cited *Twombly*, stating that the Plaintiffs had provided "a formulaic recitation of the elements of a cause of action," or "a legal conclusion couched as a factual allegation," failing to raise the alleged right to relief above the level of speculation. *Id.; Twombly*, 550 U.S. at 555.

### III.  MOTION TO DISMISS

**1.  <u>Plaintiff Has Failed To Plead Sufficient Facts To Overcome Defendants' Immunity</u>**

Defendants assert qualified immunity from liability for any damages alleged by Plaintiff. Once a public official raises the defense of qualified immunity, the burden rests on the plaintiff to rebut that defense. *See Zarnow v. City of Wichita Falls, Texas*, 500 F. 3d 401, 407 (5th Cir. 2007)(citing *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997)). Qualified immunity operates to protect government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). Therefore, "qualified immunity shields public officials like the respondents from damages actions unless their conduct was unreasonable in light of clearly established law." *Elder v. Holloway*, 510 U.S. 510, 114 S.Ct. 1019 (1994). In order to overcome Defendants' immunity defense, Plaintiff must prove that Defendants violated "clearly established statutory or constitutional rights of which a

290034-1

reasonable person would have known." *Bennet v. City of Grand Prairie*, 883 F.2d 400 (5th Cir. 1989). "The Fifth Circuit does not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon the Plaintiffs." *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992).

The case law is clear that a plaintiff may not rely on broad assertions that a defendant acted with deliberate indifference or conscious disregard to create a genuine issue of material fact. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992). A plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In the instant case, Plaintiff has failed to plead sufficient facts to demonstrate the basis of Defendants' liability. Plaintiff's broad conclusory allegations are insufficient and his claims against Defendants should be dismissed.

To determine whether an officer is entitled to qualified immunity, the Court must undertake a two-pronged analysis. *Ontiveros v. City of Rosenberg*, 564 F.3d 379; *Pearson v. Callahan*, 129 S.Ct. 808, 172 L.Ed. 2d 565 (2009). The Court must discern whether "Plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002)(citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The Court must also decide whether Defendants' actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope*, at 739 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In determining whether a reasonable official would understand whether his conduct violates a constitutional right, "the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Mr. Haendel has included in his Complaint constitutional phrases, such as "freedom of expression," "warrantless searches and seizures," and "excessive force" however he has failed to plead facts

290034-1

which would demonstrate §1983 liability.  Each of his claims will be discussed in detail in the following sections of this Motion.

2.  **Plaintiff's Official Capacity Claims Fail To State A Claim Under Twombly**

Plaintiff has sued Defendants in their individual and their official capacities. **Complaint at 1**.  A suit against a public official in his official capacity is in reality a suit against the governmental entity that the official represents. *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).  Therefore, a suit against Defendants in their official capacities is a suit against Travis County.  A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words, a local government unit cannot be held responsible for civil rights violations under a theory of respondeat superior.  *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992), *Monell v. New York Dept. of Social Services*, 436 U.S, 658, 693 (1978).

The standard for holding a local government unit responsible under §1983 requires a custom, policy, or practice that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Collins v. City of Harker Heights, Tx.*, 916 F.2d 284, 286 (5th Cir. 1990), *aff'd*, 503 U.S. 115, 112 S.Ct. 1061 (1992).  Thus, Travis County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016, 105 S.Ct. 3476 (1985).  Isolated events are not sufficient to establish a custom so as to subject a municipality to liability under §1983.  *Ramie v. City of Hedwig Village*, 765 F.2d 490, 494 (5th Cir. 1985), *cert denied*, 474 U.S. 1062, 106 S.Ct. 809 (1986).  Actions of individual officers or employees of a municipality do not render the municipality liable under §1983 unless they are executing "official policy" of the municipality. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984).

290034-1

Mr. Haendel articulates in his Complaint that "Travis County Sheriff Department had and continues to have a policy and custom in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals." **Complaint at 3**. However, Mr. Haendel never elaborates beyond this conclusory allegation. Mr. Haendel fails to clearly identify any official policy, custom or practice, as the moving force in his alleged constitutional violation. *See City of Canton v. Harris*, 489 U.S. 378 (1989). In this case, Plaintiff has failed to identify any policy, practice, or custom, and therefore, Plaintiff has failed to state a proper claim against Travis County.

**3. Excessive Use Of Force.**

Mr. Haendel's Complaint describes an incident that occurred at the Travis County Courthouse. **Complaint at 3**. He claims that unnecessary and excessive use of force was used against him, however he only describes a take-down and handcuffs that were "adjusted too tightly." **Id**. In order to recover under 42 U.S.C. § 1983 for injuries wrongfully inflicted by a prison official, Plaintiff must demonstrate that the conduct complained of amounts to a tort of constitutional significance. *Mark v. Caldwell*, 754 F.2d 1260, 1261 (5th Cir. 1985), cert. denied, 106 S.Ct. 310 (1985). Although the Fifth Circuit no longer requires "significant injury" for excessive force claims, the injury must be more than *de minimis*. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999). The precedent is clear that "handcuffing too tightly, without more, does not amount to excessive force." *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001); *see also, Tarver v. City of Edna*, 410 F.3d 745 (5th Cir. 2005).

**4.    Plaintiff's Allegations Of Inadequate Medical Care Fail To State A §1983 Claim**

To set forth a cause of action under §1983, there must be an allegation of specific acts or omissions sufficiently harmful to demonstrate "deliberate indifference" to an inmate's medical

needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). Plaintiff alleges in Count 1 of his Complaint that his constitutional right "to medical care for injuries received while in custody," without elaborating further. **Complaint at 4**. His complaint never discusses what medical treatment he needed and did not receive or what his disagreement was with the care he did receive. Mr. Haendel fails to state with any particularity the alleged failure to treat him. Claims of inadequate or improper medical treatment amounting to no more than mere negligence, neglect, or medical malpractice do not amount to a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. Such cases do not evince "deliberate indifference" and are properly subject to dismissal. *Johnson v. Treen*, 759 F.2d 1236 (5ᵗʰ Cir. 1985). Additionally, a prisoner is entitled to medical care, but not to the type of medical care personally desirable to him. The test is one of medical necessity, not desirability. *Woodall v. Foti*, 648 F.2d 268, 272 (5ᵗʰ Cir. 1981); *Massey v. Hutto*, 545 F.2d 45, 46 (8ᵗʰ Cir. 1981).

5.      **Plaintiff's Claims Of "Warrantless Searches And Seizures" Fail To State A Valid Claim**

Mr. Haendel's complaint includes a sentence without a verb: "Warrantless searches and seizures of the public." **Complaint at 3**. It is unclear if Mr. Haendel is attempting to claim that he was falsely seized or arrested, but in an abundance of caution, Defendants will briefly address the lack of legitimate constitutional issues surrounding his arrest. Mr. Haendel was arrested at the time of the incident he describes in his Complaint, and a Magistrate Judge signed a probable cause affidavit stating that there was probable cause to arrest Mr. Haendel. *See* **Ex. A**.[1] It is true that the Fourth Amendment protects against ***unreasonable*** seizures, however, when probable cause exists to arrest a person, "the government's interests in enforcing its laws outweigh the suspect's privacy

---

[1] Federal courts are permitted to refer to matters of public record when deciding a motion to dismiss. *Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5ᵗʰ Cir. 1995)(citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.4 (5ᵗʰ Cir. 1994)).

290034-1

interest and arrest of the suspect is reasonable." *Atwater v. City of Lago Vista*, 195 F.3d 242, 244 (5th Cir. 1999)(en banc), aff'd, 532 U.S. 318 (2001). Further, the Supreme Court has stated that "[t]he Constitution does not guarantee that only the guilty will be arrested. If it did §1983 would provide a cause of action for every defendant acquitted – indeed, for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 145 (1979).

6.      **Plaintiff's Lawsuit Is Frivolous As It Lacks Any Arguable Basis In Fact**

Mr. Haendel's claims and continued motions and attempts to sanction or prosecute anyone and everyone he contacts (at the clerk's office in court, the attorneys representing the defendants, the judge in this case and the officers he has sued) reach the level of delusional fantasy and contain facts he cannot prove. The district court is not required to accept a plaintiff's fanciful claims as true. *See Delgadillo v. Texas Violent Gang Task Force,* 134 Fed. Appx. 741 (2005), citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Mr. Haendel's Complaint contains incomplete sentences, allegations of maliciousness without presenting facts which would support such claims, and irrelevant discussions of the Penal Code. One of Mr. Haendel's prior lawsuits against a police officer and municipal Court Judge contained verbatim the exact wording in Count 1 of this pleading. *See* **Case 1:13-cv-00033-SS, Dkt 3, page 6**. This Court dismissed that case with prejudice and the Order pointed out that there is no private cause of action for violations of the Texas Penal Code. **Case 1:13-cv-00033-SS, Dkt. 9, page 6** (citing *Gipson v. Callahan*, 18 F.Supp. 2d 662, 668 (W.D. Tex. 1997)). Mr. Haendel's claims are not based in reality but are instead "fantastic or delusional" scenarios, which "rise to the level of the irrational or the wholly incredible," and as such, the Court can dismiss those claims as frivolous. *Denton* at 33; *see also Neitzke v. Williams*, 490 U.S. 319, 324-325, 109 S.Ct. 1827, 1831 (1989). Defendants recognize that Mr. Haendel is proceeding pro se, but that pro se status does not give him "license to harass

290034-1

others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Mr. Haendel has failed to plead sufficient facts with sufficient particularity to demonstrate the basis of Defendants' liability. Mr. Haendel's vague and broad allegations are insufficient to overcome Defendants' immunity defense, and he has failed to provide any facts to show that Defendants acted with deliberate indifference towards Plaintiff's constitutional rights. Therefore, Plaintiff's allegations are insufficient to state his claim under §1983.

WHEREFORE, PREMISES CONSIDERED, Defendants M. Digiantonio and Thomas Eaton respectfully request that this Court dismiss this cause with regard to their participation in this lawsuit with prejudice, that Mr. Haendel take nothing, and that the Court grant any further relief to which Defendants may be justly entitled.

Respectfully submitted,

DAVID ESCAMILLA
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone: (512) 854-9513
Facsimile:   (512) 854-4808

By:     /s/ Elaine A. Casas
        Elaine A. Casas
        Assistant County Attorney
        State Bar No. 0785750

        Jennifer Kraber
        Assistant County Attorney
        State Bar No. 24027426

        ATTORNEYS FOR DEFENDANTS

290034-1

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Elaine A. Casas
Jennifer Kraber
P.O. Box 1748
Austin, Texas 78767
Attorneys for Defendant

And I hereby certify that a true and correct copy of the foregoing Defendant's Motion to Dismiss has been sent via certified mail, return receipt requested and via regular U.S. Mail on the 22nd day of July, 2013, to the following:


**CM R/R/R #7010-1060-0001-0914-9667**
Michael Haendel
P.O. Box 300952
Austin, TX 78703
PRO SE PLAINTIFF


/s/ Elaine A. Casas
Elaine A. Casas
Jennifer Kraber
Assistant County Attorneys

290034-1

| | | |
|---|---|---|
| MICHAEL HAENDEL, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | **Case No. A-13-CA-007-SS** |
| | § | |
| M. DIGIANTONIO and THOMAS EATON, | § | |
| *Defendants.* | § | |

# **O R D E R**

Before the Court is Defendants M. Digiantonio and Thomas Eaton's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(c). After careful consideration of the Motion, Plaintiff's response, if any, and the pleadings filed by the parties, the Court is of the opinion that the Motion has merit and should be GRANTED. Accordingly, it is

ORDERED, ADJUDGED and DECREED that Plaintiff's Complaint against Defendants M. Digiantonio and Thomas Eaton is hereby dismissed.

SIGNED this _____ day of _____, 2013.


_____
UNITED STATES DISTRICT JUDGE

290034-1