

IN THE UNITED STATES DISTRICT COURT,
FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION  2013 AUG 19 PM 12: 32

| | |
|---|---|
| michael haendel, § | |
|     *Plaintiff,* § | |
| § | |
| v. § | Case No. 1:13-cv-00007-SS |
| § | |
| M. DIGIANTONIO, § | |
| THOMAS EATON, § | |
|     *Defendants.* § | |

## PLAINTIFF MOTION COMPEL DISCLOSURE PLAINTIFF PUBLIC FILING
## AUGUST 5, 2013

### I.    PROCEDURAL COMPLIANCE

August 7, 2013, United States District Court for the Western District of Texas, Austin Division District Magistrate Samuel Sparks entered into United States District Court for the Western District of Texas, Austin Division Case Number 1:13-cv-00007, document "Case 1:13-cv-00007 Document 54", titled "ORDER". Computing 10 days into the then future, to respond to document 54, is Saturday August 17, 2013 Date of filing of this document is Monday August 19, 2013. i man: michael haendel, believes response to Case 1:13-cv-00007 Document 54 is timely, Fed. R. Civ P. Rule 6(a)(6).

### II.    ABSTRACT

United States District Court for the Western District of Texas, Austin Division District Magistrate Samuel Sparks is shielding from prosecution many Travis County Sheriff Deputies, Travis County District Magistrate, Travis County Attorneys, and other Travis County Court Personnel from both civil and criminal sanctions by sealing United States District Court for the Western District of Texas, Austin Division District Magistrate Samuel Sparks order dated July 25,

2013, document 52, demanding response from michael haendel to Defendants claimed representatives, document 51. michael haendel filed document 53, "PLAINTIFF RESPONSE "DEFENDANT M. DIGIANTONIO AND THOMAS EATON 'MOTION TO DISMISS PURSUANT TO RULE 12(c)"response to United States District Court for the Western District of Texas, Austin Division, Case 1:13-cv-00007 documents 51, and document 52. Two days after michael haendel filed document 53, "PLAINTIFF RESPONSE "DEFENDANT M. DIGIANTONIO AND THOMAS EATON 'MOTION TO DISMISS PURSUANT TO RULE 12(c)" into United States District Court for the Western District of Texas, Austin Division, Case 1:13-cv-00007, United States District Court for the Western District of Texas, Austin Division District Magistrate Samuel Sparks sealed michael haendel document 53 and entered into United States District Court for the Western District of Texas, Austin Division, document 54 stating rational for sealing michael haendel court ordered response *Haendel's Response contains numerous assertions which simultaneously invade the privacy of persons who are not parties to this lawsuit, and which are immaterial to the issues in this case.* All parties listed in document 53 have acted in their PUBLIC CAPACITY, not their respective PRIVATE CAPACITY. The Courts have consistently ruled no expectation of privacy can exist in public.

Defendants have committed aggravated assault, both State and Federal Tampering with Government Witness, committed and continue to commit aggravated perjury, against michael haendel, and in doing so have denied and continues to deny ability to pursue gainful employment as electrical engineer. and injuries to michael haendel hands and potentially neck. United States District Court for the Western District of Texas, Austin Division District Magistrate Samuel Sparks is shielding from prosecution many Travis County Sheriff Deputies, Travis County District Magistrate, Travis County Attorneys, and other Travis County Court Personnel from both civil and

criminal sanctions who are shielding Defendants M. Digiantonio and Thomas Eaton from civil and criminal sanctions. Travis County Sheriff Deputies M. Digiantonio and Thomas Eaton still are employed as Travis County Sheriff Deputies, performing duties at same duty stations during time of arrest and aggravated assault of michael haendel. In Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations must "raise a right to relief above the speculative level" and cross "the line from conceivable to plausible.", therefore by United States District Court for the Western District of Texas, Austin Division District Magistrate Samuel Sparks is shielding from prosecution, and denying michael haendel access to the court, redress of grievences, and preventing michael haendel from entering evidence and pleadings that allow Claim of michael haendel to "raise a right to relief above the speculative level" and cross "the line from conceivable to plausible.", and thereby prevent Claim of michael haendel to be dismissed by same United States District Court for the Western District of Texas, Austin Division District Magistrate Samuel Sparks.

michael haendel wants the Court and United States District Court for the Western District of Texas, Austin Division District Magistrate Samuel Sparks to take judicial notice, but not limited to the following: Owen v. Independence 100 Vol. Supreme Court Reports. 1398:(1982), Main v. Thiboutot 100 Vol. Supreme Court Reports. 2502:(1982), 18 U.S.C. § 242 No person has the right to deprive another person of his/her civil rights under color of any law. The term "under color of any law," means "under pretense of law." 18 U.S.C. § 242 prohibits and also prescribes punishment for those who deprive another person of his/her rights under color of any law of the United States .42 U.S.C. § 1986 provides that every person who has knowledge that a wrongful act is about to be committed and having the power to prevent the commission of such wrong neglects or refuses so to do, is liable to the party injured for all damages caused by the wrongful

act. The defendant in a § 1986 action need not have participated in the conspiracy or the commission of the act. The defendant, however, must have had actual knowledge of the conspiracy. Mere negligence to act on the part of the defendant will be sufficient to attach liability under § 1986.Forrester v. White, 484 U.S. at 227-229, 108 S.Ct. at 544-545; Stump v. Sparkman, 435 U.S. at 380, 98 S.Ct. at 1106. Mireles v. Waco, 112 S.Ct. 286 at 288 (1991): "A Judge is not immune for tortuous acts committed in a purely administrative, non-judicial capacity."

III. **FACTS**

A. " January 5, 2011 "TCSO Case # 11-364 AFFIDAVIT FOR WARRANT OF ARREST AND DETENTION" was signed by Travis County 403 District Magistrate Brenda Kennedy, based upon affidavits of Travis County Sheriff Deputies M. Digiantonio, Thomas Eaton.

B. February 21, 2012 "MOTION FOR COURT PROVIDED SUPPRESSION AND OR FRANKS HEARING", TRAVIS COUNTY CAUSE NUMBER C-1-CR-11-200319, was filed in Travis County Criminal Records Division.

C. April 19, 2012 "CRIMINAL AFFIDAVIT", TRAVIS COUNTY CAUSE NUMBER C-1-CR-11-200319, , was filed in Travis County Criminal Records Division.

D. April 25, 2012 Travis County Attorney Kenneth Erving entered into Travis County Court, TRAVIS COUNTY CAUSE NUMBER C-1-CR-11-200319 , "Dismissal with no opposition to expunction".

E. July 22, 2013 Travis County Attorney filed Case 1:13-cv-00007 Document 51, motion to dismiss, based as evidence "(A) January 5, 2011 "TCSO Case # 11-364 AFFIDAVIT FOR WARRANT OF ARREST AND DETENTION" was signed by Travis County 403 District Magistrate Brenda Kennedy, based upon affidavits of Travis County Sheriff Deputies M. Digiantonio, Thomas Eaton.

F. July 25, 2013, United States District Court for the Western District of Texas, Austin Division Magistrate Samuel Sparks entered into the record to Case 1:13-cv-00007 Document 52 "ORDER", post marked 4 day later, August 29 2013 notifying michael haendel Claim against Travis County Sheriff Deputies M. Digiantonio and Thomas Eaton can be dismissed, under Fed. R. Civ P. 7.

G. August 5, 2013 michael haendel filed into United States District Court for the Western District of Texas, Austin Division Case 1:13-cv-00007 Document 52 "PLAINTIFF RESPONSE "DEFENDANT M. DIGIANTONIO AND THOMAS EATON 'MOTION TO DISMISS PURSUANT TO RULE 12(c)'"".

H. Contined in Case 1:13-cv-00007 Document 52 "PLAINTIFF RESPONSE "DEFENDANT M. DIGIANTONIO AND THOMAS EATON 'MOTION TO DISMISS PURSUANT TO RULE 12(c)'"" and used as evidence to support claim of michael haendel are the following documents:

   a. " January 5, 2011 "TCSO Case # 11-364 AFFIDAVIT FOR WARRANT OF ARREST AND DETENTION" was signed by Travis County 403 District Magistrate Brenda Kennedy, based upon affidavits of Travis County Sheriff Deputies M. Digiantonio, Thomas Eaton.,

   b. February 21, 2012 "MOTION FOR COURT PROVIDED SUPPRESSION AND OR FRANKS HEARING", TRAVIS COUNTY CAUSE NUMBER C-1-CR-11-200319, was filed in Travis County Criminal Records Division,

   c. April 19, 2012 "CRIMINAL AFFIDAVIT", TRAVIS COUNTY CAUSE NUMBER C-1-CR-11-200319, , was filed in Travis County Criminal Records Division.

I. August 7, 2013, United States District Court for the Western District of Texas, Austin Division District Magistrate Samuel Sparks entered into United States District Court for the Western District of Texas, Austin Division Case Number 1:13-cv-00007, document "Case 1:13-cv-00007 Document 54", titled "ORDER".

states as only justification to sealing Plaintiff response as follows:

> *"Haendel's Response contains numerous assertions which simultaneously invade the privacy of persons who are not parties to this lawsuit, and which are immaterial to the issues in this case."*

J. All parties listed have functioned in their PUBLIC CAPACITY, listed in Case 1:13-cv-00007 Document 53 "PLAINTIFF RESPONSE "DEFENDANT M. DIGIANTONIO AND THOMAS EATON 'MOTION TO DISMISS PURSUANT TO RULE 12(c)'"", supported by the following:

   a. " January 5, 2011 "TCSO Case # 11-364 AFFIDAVIT FOR WARRANT OF ARREST AND DETENTION" was signed by Travis County 403 District Magistrate Brenda Kennedy, based upon affidavits of Travis County Sheriff Deputies M. Digiantonio, Thomas Eaton.,

   b. February 21, 2012 "MOTION FOR COURT PROVIDED SUPPRESSION AND OR FRANKS HEARING", TRAVIS COUNTY CAUSE NUMBER C-1-CR-11-200319, was filed in Travis County Criminal Records Division,

   c. April 19, 2012 "CRIMINAL AFFIDAVIT", TRAVIS COUNTY CAUSE NUMBER C-1-CR-11-200319, , was filed in Travis County Criminal Records Division.

## IV. JUDICIAL NOTICE

1. michael haendel move the court to take judicial notice of B.Platsky v. CIA, 953 F.2d 25, 26 28 (2nd Cir. 1991), *"Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings."*. United States District Magistrate Samuel Sparks has not provided adequate remedy to michael haendel to repair Claim of michael haendel, if claim if defective. michael haendel moves the Court to take judicial notice lf Haines v. Kerner et al.No. 70-5025 S.Ct. 404 U.S. 519; 92 S. Ct. 594; 30 L. Ed. 2d 652;(1972) 99; 16 Fed. R. Serv. 2d (Callaghan) December 6, 1971, Argued, January 13, 1972, Decided" Petitioner inmate sought review of a decision by the United States Court of Appeals for the Seventh Circuit, which affirmed dismissal of his action under 42 U.S.C.S. § 1983 and 28 U.S.C.S. § 1343 (3) against respondents, state officers and prison officials." The inmate sought to recover damages for claimed injuries and deprivation of rights while he was incarcerated under a previous judgment. The inmate's pro se complaint was premised on the alleged action of prison officials placing him in solitary confinement after he had struck another inmate on the head with a shovel. The complaint included general allegations of physical injuries suffered while the inmate was in disciplinary confinement and denial of due process in the steps leading to that confinement. The district court dismissed the complaint for failure to state a claim upon which relief could be granted, suggesting that only under exceptional circumstances could courts inquire into the internal operations of state penitentiaries and concluding that the inmate had failed to show a deprivation of federally protected rights. The inmate contended that the district court erred in dismissing his complaint without allowing him

to present evidence on his claims. The court held that the inmate's allegations were sufficient to require that he be provided the opportunity to offer supporting evidence. The district court's judgment was reversed and remanded. *"The only issue now before us is petitioner's contention that the District Court erred in dismissing his pro se complaint without allowing him to present evidence on his claims. [\*\*\*HR1] [\*\*\*HR2]. Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, [\*\*596] however in artfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears [\*521] "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944). [\*\*\*HR3] Accordingly, although we intimate no view whatever on the merits of petitioner's allegations, we conclude that he is entitled to an opportunity to offer proof. The judgment is reversed and the case is remanded for further proceedings consistent herewith."* Reversed and remanded.

2. michael haendel was within his rights to record PUBLIC "OFFICIALS" during the course of their work, and their attempts to conceil Travis County Sheriff Deputies M. Digiantonio, Travis County Sheriff Deputy Thomas Eaton, and Travis County Sheriff Deputy Hernandez violating both State of Texas and Federally protected rights of "Tampering with Government Witness". mcihael haendel moves the Court to take judicial notice of Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011), Police officers moved

to dismiss on the basis of qualified immunity, but Judge Young was having none of that, denying the motion from the bench and ruling that "in the First Circuit . . . this First Amendment right publicly to record the activities of police officers on public business is established." *The police officers then appealed to the First Circuit, but they have now struck out on appeal as well, with the First Circuit ruling that "Glik was exercising clearly-established First Amendment rights in filiming the officers in a public space, and that his clearly-established Fourth Amendment rights were violated by his arrest without probable cause.".* Additionally michael haendel moves the court to take judicial notice of Carney v, State,31 S.W3d 392, 398 (Tex.App.-Austin 2000, no pet.). *"Under $38.15, arguing with the officers does not constitute an actionable offense. Speech is a statutory defense to the offense charge even if the end result is 'stalling.' The culpable mental state under the statute is criminal negligence,".* Video recorded evidence taken during time and place of arrest, clearly presents images proving interaction with Travis County Sheriff Deputies was peaceful, and was limited to "Speech Only" contact.

3. michael haendel moves the court, and requsts judicial notice actions Travis County 403 District Magistratie Brenda Kennedy should have acted but erred by failing to perform, Texas Code of Criminal Procedure - Article 15.17. Duties Of Arresting Officer And Magistrate Art. 15.17. DUTIES OF ARRESTING OFFICER AND MAGISTRATE. (a) In each case enumerated in this Code, the person making the arrest or the person having custody of the person arrested shall without unnecessary delay, but not later than 48 hours after the person is arrested, take the person arrested or have him taken before some magistrate of the county where the accused was arrested or, to provide

more expeditiously to the person arrested the warnings described by this article, before a magistrate in any other county of this state. The arrested person may be taken before the magistrate in person or the image of the arrested person may be presented to the magistrate by means of an electronic broadcast system. The magistrate shall inform in clear language the person arrested, either in person or through the electronic broadcast system, of the accusation against him and of any affidavit filed therewith, of his right to retain counsel, of his right to remain silent, of his right to have an attorney present during any interview with peace officers or attorneys representing the state, of his right to terminate the interview at any time, and of his right to have an examining trial. Texas Code of Criminal Procedure - Article 16.01. Examining Trial.  michael haendel was arrested, booked, hand and ankle cuffed and denied ability to object to Travis County Sheriff Deputies M. Digiantonio, and Travis County Sheriff Deputies Thomas Eaton perjured statements, provable perjured by video recording made at time of arrest, and available for viewing during time of issuance of warrant for arrest of michael haendel.

4. micahel haendel produced February 21, 2012 "MOTION FOR COURT PROVIDED SUPPRESSION AND OR FRANKS HEARING", TRAVIS COUNTY CAUSE NUMBER C-1-CR-11-200319, was filed in Travis County Criminal Records Division,, and April 19, 2012 "CRIMINAL AFFIDAVIT", TRAVIS COUNTY CAUSE NUMBER C-1-CR-11-200319, , was filed in Travis County Criminal Records Division, in direct response to, but limited to " January 5, 2011 "TCSO Case # 11-364 AFFIDAVIT FOR WARRANT OF ARREST AND DETENTION" was signed by Travis County 403 District Magistrate Brenda Kennedy, based upon affidavits of

Travis County Sheriff Deputies M. Digiantonio, Thomas Eaton., moving Travis County Court at Law 8, Magistrate Carlos Barrerra, removed conspired and aggravated perjured statement of Travis County Sheriff Deputy M. Digiantonio, and Travis County Sheriff Deputy, citing, but not limited to the following case oppinions: Franks v. Delaware, 98 S.Ct. 2674 U.S.Del.,1978

*"If, after evidentiary hearing, defendant establishes by a preponderance of evidence that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by affiant in search warrant affidavit, and, with affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, search warrant must be voided and fruits of search excluded to the same extent as if probable cause was lacking on the face of the affidavit. U.S.C.A.Const. Amends. 4, 14."*, Franks v. Delaware, 98 S.Ct. 2674 U.S.Del.,1978

*"Assumption that factual showing of probable cause in affidavit for search warrant will be a "truthful" showing does not mean "truthful" in the sense that every fact recited in warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within affiant's own knowledge that some times must be garnered hastily; but showing is to be "truthful" in the sense that information put forth is believed or appropriately accepted by affiant as true. U.S.C.A.Const. Amends. 4, 14."*

5. Travis County Attorney Kenneth Ervin, Travis County Attorney Richard Cofer, Travis County Attorney John Lastovica, Travis County Attorney Elaine Casas, Travis County Attorney Jennifer Kraber and Travis County Attorney David Escamilla and United States District Magistrate have allowed defamatory remarks to be and persists to be

entered in the United States District Court for the Western District of Texas, Austin Division Case 1:13-cv-00007 in violation of mcihael haendel State of Texas and Federally protected rights, enumerated here, but not limited to for the education of all parties,CODE OF FEDERAL REGULATIONS Title 45 - Public Welfare § 164.512 , CODE OF FEDERAL REGULATIONS Title 45 - Public Welfare § 164.512 , CODE OF FEDERAL REGULATIONS 45 CFR 164.502 - TEXAS HEALTH AND SAFETY CODE Sec. 614.017. EXCHANGE OF INFORMATION, however when noted in document 53, disclosing criminal violations perpetrated by Travis County "Officials" upon and against michael haendel, their actions are considered private and must be secreted from the public.

6. United States District Court for the Western District of Texas, Austin Division Magistrate Samuel Sparks is denying michael haendel ability to offer proof Claim of michael haendel should not be dismissed, failure to state claim, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations must "raise a right to relief above the speculative level" and cross "the line from conceivable to plausible." Bell Atl. Corp., 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp., 550 U.S. at 555, 557). In considering a motion under RCFC 12(b)(6), "the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." Cambridge v.

United States, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing Papasan v. Allain, 478 U.S. 265, 283 (1986); Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).

7. michael haendel moves the court to take judicial notice, and reflect actions taken by United States District Court for the Western District of Texas, Austin Division Magistrate Samuel Sparks, August 7, 2013, document 54, where michael haendel pleading was sealed from public view protecting Public "Officials" during Public Duites, now labeled by United States District Court for the Western District of Texas, Austin Division Magistrate Samuel Sparks, as *"privacy of persons"* "Sealed Settlement Agreements in Federal District Court Robert Timothy Reagan,Shannon R. Wheatman, Marie Leary,Natacha Blain, Steven S. Gensler, George Cort, Dean Miletich

The Federal Judicial Center Board, The Chief Justice of the United States,

Chair Judge Pierre N. Leval, U.S. Court of Appeals for the Second Circuit

Judge Terence T. Evans, U.S. Court of Appeals for the Seventh Circuit

Judge James A. Parker, U.S. District Court for the District of New Mexico

Judge Sarah S. Vance, U.S. District Court for the Eastern District of Louisiana

Judge Bernice B. Donald, U.S. District Court for the Western District of Tennessee

Chief Judge Robert F. Hershner, Jr., U.S. Bankruptcy Court for the Middle District of Georgia, Magistrate Judge Robert B. Collings, U.S. District Court for the District of Massachusetts, Leonidas Ralph Mecham, Director of the Administrative Office of the U.S. Courts Director Judge Barbara J. Rothstein Deputy Director

Russell R. Wheeler*"Accountability is a principal reason for public access. Joy v. North , 692 F.2d 880, 893 (2d Cir. 1982) ("An adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public*

*scrutiny."); Jessup v. Luther, 277 F.3d 926, 928 (7th Cir. 2002) ("the public cannot monitor judicial performance adequately if the records of judicial proceedings are secret"); id. at 929 ("The public has an interest in knowing what terms of settlement a federal judge would approve and perhaps therefore nudge the parties to agree to."); Union Oil Co. of California v. Leavell, 220 F.3d 562, 568 (7th Cir. 2000) ("The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification."). Courts of appeals have determined that the common law presumption of access applies to documents filed with the court, although it does not apply to documents exchanged in discovery, Federal Trade Commission v. Standard Financial Management Corp., 830 F.2d 404, 408 (1st Cir. 1987); United States v. Amodeo 71 F.3d 1044, 1050 (2d Cir. 1995), or to settlement agreements not filed, Pansy v. Borough of Stroudsburg, 23 F.3d 772, 781–83 (3d Cir. 1994). Also, the presumption of public access is stronger for documents filed in conjunction with substantive action by the court than for documents filed as part of discovery disputes. Anderson v. Cyrovac Inc., 805 F.2d 1, 11 (1st Cir. 1986); Leucadia Inc. v. Applied Extrusion Technologies Inc., 998 F.2d 157, 165 (3d Cir. 1993); Foltz v. State Farm Mutual Automobile Insurance Co., 331 F.3d 1122, 1135–36 (9th Cir. 2003); Chicago Tribune Co. v. Bridgestone/Firestone Inc., 263 F.3d 1304, 1312 (11th Cir. 2001).".*

## ~~V.~~ ~~VI.~~ PRAYER AND REMEDY

Fed R. Civ. P. 12, Plaintiff moves Court to open to public United States District Court for the Western District of Texas, Austin Division case 1:13-cv-00007, document 53, deny claimed Defendants representatives Motion to Dismiss, provide list of times and dates when Motions Hearing can be scheduled with Court, compliant with "Document 28". <u>Plaintiff requests Court to provide list of available time periods during morning hours of day.</u> Plaintiff further petition court removal of pending charges against Plaintiff, expunction of criminal and mental health record created in fraud, compensation physical damages to plaintiff's hands, arms, and potentially neck, compensation, incarceration, compensation lost and reduced earning potential, compensation medical, legal, expenses, compensation reduced quality of life. Deny any affirmative relief to Defendants, Defendant's Represemtatives, for default response, and contempt of Court order "Document 28". For these reasons, plaintiff asks for judgment against defendants, additionally stipulated in prayer, **"PLAINTIFF'S ORIGINAL COMPLAINT"**, Court provided assistance of legal counsel, Further, I, michael haendel, man, not corporation, Plaintiff, Prosecutor, and indigent, request a waiver of any costs for mediation,

Respectfully submitted,


Signature in red ink by michael haendel, P.O. Box 300952, Austin, Texas 78703,

*Further the Affiant saith not.*

~~VI.~~
VII. **VERIFIED AFFIDAVIT OF michael haendel**

STATE OF TEXAS §

TRAVIS COUNTY §

Before me, the undersigned notary, on this day personally appeared michael haendel, man, affiant, whose identity is known to me. After I administered an oath to affiant, affiant testified:

"My name is michael haendel. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct."

I, michael haendel, certify that the amount of claim covers only damages and injuries by the incident above and agree to accept said amount in full satisfaction and final settlement of this claim.

_____
Signature in red ink by michael haendel, P.O. Box 300952, Austin, Texas 78703,

SWORN TO and SUBSCRIBED before me by michael haendel on August 19th, 2013.

TYLER JAMES OTT
My Commission Expires
July 12, 2017

_____
Notary Public in and for The State of Texas

~~VIII.~~ VII. **CERTIFICATE OF SERVICE:** michael haendel,

I, michael haendel, do hereby certify that I have submitted a true and correct copy of the above and foregoing, on the ___19___ day of the month of ___August___, year 2013, I certify that original and copy of **PLAINTIFF MOTION COMPEL DISCLOSURE PLAINTIFF PUBLIC FILING AUGUST 5, 2013** complies with Fed. R. Civ. P. 12(b)(1), and Fed. R. Civ P. 12(b)(6), was personally hand filed, in:

**a.**
UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION, UNITED STATES DISTRICT CLERK'S OFFICE,
501 West Fifth Street, Suite 1100, Austin, Texas 78701,

**b.**
ELAINE A. CASAS, JENNIFER KRABER,
COUNTY OF TRAVIS CLERK'S OFFICE, COUNTY OF TRAVIS ATTORNEY,
CIVIL LITIGATION DIVISION,
314 West 11th Street, Suite 420, Austin, Texas 78701,
or clerk at front desk, and,



Signature in red ink by michael haendel, P.O. Box 300952, Austin, Texas 78703,

SWORN TO and SUBSCRIBED before me by michael haendel,

on day ___19___ of the month of ___August___, in year 2013,

_____
Notary Public in and for The State of Texas

TYLER JAMES OTT
My Commission Expires
July 12 2017