FILED

**IN THE UNITED STATES DISTRICT COURT,**
**FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION** 2013 AUG 26   PM 1: 10

| | | |
|---|---|---|
| michael haendel, | § | CLERK U S DISTRICT COURT |
| *Plaintiff,* | § | WESTERN DISTRICT TEXAS |
| | § | BY |
| v. | § | Case No. 1:13-cv-00007-SS |
| | § | |
| M. DIGIANTONIO, | § | |
| THOMAS EATON, | § | |
| *Defendant*s. | § | |

**PLAINTIFF RESPONSE DOCUMENT 55 AUGUST 14, 2013**

### I.   PROCEDURAL COMPLIANCE

August 14, 2013, Travis County Attorney, claimed but not proven Defendants representatives entered into United States District Court for the Western District of Texas, Austin Division Case Number 1:13-cv-00007, document "Case 1:13-cv-00007 Document 55", titled "ORDER".  Computing 10 days into the then future, to respond to document 55, is Saturday August 24, 2013 Date of filing of this document is Monday August 26, 2013.  i man: michael haendel, believes response to Case 1:13-cv-00007 "**PLAINTIFF RESPONSE DOCUMENT 55 AUGUST 14, 2013**" is timely, Fed. R. Civ P. Rule 6(a)(6).

### II.   ABSTRACT

Defendants, claimed Defendants Representatives, other Travis County Public Servants have committed aggravated perjury, and continue to commit aggravated perjury, have committed libel and continue to commit libel against michael haendel.

Fed R. Civ. Proc. 12(a)(1)(B) limits time period when Defendant(s) can claim can articulate Plaintiff Original Complaint is insufficient, fails to establish claim.  Claimed Defendants representatives have allowed statute of limitations to articulate and object to Plaintiff

Original Complaint.  Claimed Defendants representatives Elaine Casas, Jennifer Kraber, David Escamilla are in default object to Plaintiff Original Complaint,.  Claimed Defendants representatives Elaine Casas, Jennifer Kraber, David Escamilla have produced in their capacity as Travis County Attorneys, contained in sealed in envelopes with STATE OF TEXAS COUNTY OF TRAVIS SEAL a series of documents counted to or about 27 pages.  The vast majority of these documents are simply a list of potential witnesses to events transpiring to arrest and aggravated kidnapping, and false imprisonment of michael haendel on or about January 5, 2011 to January 8, 2011.

Therefore Plaintiff Original Complaint, and claim of michael haendel must be declared valid.

### III.   **FACTS**

1.     Case 1:13-cv-00007 filed in United States District Court for the Western District of Texas January 4, 2013.

2.     Case 1:13-cv-0033 filed in United States District Court for the Western District of Texas January 12, 2013.

3.     Defendant Michael Digiantionio signed affidavit claimed description January 5, 2011.

4.     Defendant Michael Digiantionio created and signed Travis County Offense Report January 5, 2011.

5.     Defendant Michael Digiantionio swore to Travis County 403 District Magistrate Brenda Kennedy, under penalty of perjury, signed Travis County affidavit of michael haendel January 5, 2011, was and claimed is true and correct, under penalty of law.

6.     Defendant Thomas Eaton signed affidavit claimed description January 5, 2011.

7.      Defendant John Hernandez created and signed Travis County Offense Report January 5, 2011.

8.      Defendant Hampton created and signed Travis County Offense Report January 5, 2011.

9.      Defendant Thomas Eaton created and signed Travis County Offense Report January 5, 2011.

10.     Defendant Thomas Eaton swore to Travis County 403 District Magistrate Brenda Kennedy, under penalty of perjury, signed Travis County affidavit of michael haendel January 5, 2011, was and claimed is true and correct, under penalty of law.

11.     Based upon video recorded evidence created January 5, 2011 evidencing arrest of michael haendel by Defendants, contrary to offense report(s), affidavit(s), or other documents from Michael Digiantonio, Thomas Eaton, John Hernandez, Hampton, Travis County Attorney Kenneth Ervin Dismissed charges against michael haendel.

12.     Defendant Michael Digiantonio has not retracted any statement(s), offense report(s), affidavit(s), or any other document(s).

13.     Defendant Thomas Eaton has not retracted any statement(s), offense report(s), affidavit(s), or any other document(s).

14.     Defendant John Hernandez has not retracted any statement(s), offense report(s), affidavit(s), or any other document(s).

15.     Defendant Hampton has not retracted any statement(s), offense report(s), affidavit(s), or any other document(s).

16.     michael haendel career has been significantly damaged and continues to be damaged by offense reports, affidavits, and other documents sworn under penalty of perjury,

contrary to video recording of events of michael haendel arrest, not limited to, by Travis County Sheriff Deputies acting in their professional and personal capacity, Michael Digitantionio, Thomas Eaton, John Hernandez, Hampton.

17.    michael haendel can not have record expunged, without penalty of "Res Judicata" until approximately June 2014

18.    Until statute of limitations have expired, possibility of prosecution exist.

19.    Until possibility of prosecution have expired, potential employers can perceive potential employee candidates as subject of pending criminal prosecution.

20.    Potential employers can perceive potential employee candidates subjects to pending criminal prosecution(s) less desirable to other potential employee candidates.

21.    michael haendel has been denied MANY potential employment opportunities until pending criminal prosecution(s) are have been settled, and record expunged.

22.    Until statute of limitations have expired OR until affiants, but not limited to Digiantionio, Eaton, Hernandez, Hampton,  and current defendants Digiantionio, Eaton, who swore under penalty of perjury, recant affidavits, offense reports, and other documents, michael haendel is continuing to be harmed.

23.    The record does not reflect ratification of commencement has been filed into docket for United States District Court for the Western District of Texas Case Number 1:13-cv-0007.

24.    The record does not reflect nexus between Defendants and claimed Defendants Representatives Elaine Casas, Jennifer Kraber, David Escamilla.

25.    The Record does not reflect Travis County Attorney Elaine Casas ability to practice law in United States District Court for the Western District of Texas.

26.    The Record does not reflect Travis County Attorney Jennifer Kraber ability to practice law in United States District Court for the Western District of Texas.

27.    The Record does not reflect Travis County Attorney Escamilla ability to practice law in United States District Court for the Western District of Texas.

28.    The Record does not reflect Travis County Attorney Elaine Casas training and ability to produce medial opinion.

29.    The Record does not reflect Travis County Attorney Jennifer Kraber training and ability to produce medical opinion.

30.    The Record does not reflect Travis County Attorney Escamilla ability to training and ability to produce medical opinion.

31.    The Record does not reflect Travis County Attorney Elaine Casas has medically or psychiatrically examined michael haendel.

32.    The Record does not reflect Travis County Attorney Jennifer Kraber training and ability to produce psychiatric opinion.

33.    The Record does not reflect Travis County Attorney Escamilla ability to training and ability to produce psychiatric opinion.

34.    The Record does not reflect Travis County Attorney Elaine Casas has medically or psychiatrically examined michael haendel.

35.    The Record does not reflect Travis County Attorney Jennifer Kraber has medically or psychiatrically examined michael haendel.

36.    The Record does not reflect Travis County Attorney Escamilla has medically or psychiatrically examined michael haendel.

37.    Claimed defendants representatives filing is default for claim of affirmative relief.

38.     Claimed defendants representatives willfully violated Case 1:13-cv-0007, "Scheduling Order", document 28, but failing to comply with Fed. R. Civ. P. 26(f), admitted "DEFENDANTS M. DIGIANTONIO AND THOMAS EATON'S DISCLOSURE PURSUANT F.R.C.P.26(a)(1), page 1".

39.     Defendants claimed representatives have created official document and have sent same document "DEFENDANTS M. DIGIANTONIO AND THOMAS EATON'S DESIGNATION OF EXPERTS, POTENTIAL WITNESSES AND PROPOSED TRIAL EXHIBITS", to michael haendel.

40.     Contained within "DEFENDANTS M. DIGIANTONIO AND THOMAS EATON'S DESIGNATION OF EXPERTS, POTENTIAL WITNESSES AND PROPOSED TRIAL EXHIBITS" page 14:   *"Dr. Daniel Culver Hart M.D. Medical Director for the Travis County Correctional Complex Travis County Sheriffs Office P.O. Box 1748 Austin, TX 78767 (st2) 854-4661."*

41.     Contained within "DEFENDANTS M. DIGIANTONIO AND THOMAS EATON'S DESIGNATION OF EXPERTS, POTENTIAL WITNESSES AND PROPOSED TRIAL EXHIBITS"page 15:   *"Dr. Hart holds the opinion that the policies and procedures of the Travis County Sheriff's Office are appropriate in providing for the numerous medical needs of inmates, in accordance with state and federal law. Dr. Hart has reviewed the TCSO policies and procedure manuals and will review Plaintiffs original complaint, Plaintiffs' responses to interrogatories and deposition testimony, the TCSO incarceration medical records, inmate file and booking file. In addition, Dr. Hart may testify as to his medical opinion as to the possible medical causes of Mr. Haendel's wrist pain, which may be related to diabetic neuropathy."*

42.     Dr. Daniel Culver Hart M.D. Medical Director for the Travis County Correctional Complex Travis County Sheriffs Office P.O. Box 1748 Austin, TX 78767 (st 2) 854-4661 has never examined michael haendel.

43.     Dr. Daniel Culver Hart M.D. Medical Director for the Travis County Correctional Complex Travis County Sheriff Office P.O. Box 1748 Austin, TX 78767 (st2) 854-4661 has medical opinion of michael haendel. as related to "*diabetic neuropathy*".

44.     michael haendel made requests to Travis County Sheriff Deputies to loosen hand cuffs at every available opportunity because my, michael haendel hands were "numb from wrists at point of contact of hand cuffs to end of fingers".

45.     michael haendel has not experienced any numbness in hands prior to application of hand cuffs, January 5, 2011.


IV.     **ARGUMENTS AND AUTHORITIES**

Under Fed R. Civ. Proc. 12(a)(1)(B) "(B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.".   Claimed Defendants representatives objected to claim of michael haendel July 22, 2013.   Defendants were served with Plaintiff Original Complaint January 17, 2013.   Statute to object to claim of michael haendel expired February 7, 2013.   Statutes of limitations to object to claim of michael haendel has expired, and must be assumed Defendants and Defendants are in agreement claim of michael haendel is valid.   Defendants objection to claims of michael haendel must therefore be dismissed.

michael haendel move the court to take judicial notice of B.Platsky v. CIA,   953 F.2d  25, 26 28 (2nd Cir. 1991), "Court errs if court dismisses pro se litigant without instruction of how

pleadings are deficient and how to repair pleadings.".   United States District Magistrate Samuel Sparks has not provided adequate remedy to michael haendel to repair Claim of michael haendel, if claim if defective.   michael haendel moves the Court to take judicial notice lf Haines v. Kerner et al.No. 70-5025 S.Ct. 404 U.S. 519; 92 S. Ct. 594; 30 L. Ed. 2d 652;(1972) 99; 16 Fed. R. Serv. 2d (Callaghan) December 6, 1971, Argued, January 13, 1972, Decided" Petitioner inmate sought review of a decision by the United States Court of Appeals for the Seventh Circuit, which affirmed dismissal of his action under 42 U.S.C.S. § 1983 and 28 U.S.C.S. § 1343 (3) against respondents, state officers and prison officials."   The inmate sought to recover damages for claimed injuries and deprivation of rights while he was incarcerated under a previous judgment. The inmate's pro se complaint was premised on the alleged action of prison officials placing him in solitary confinement after he had struck another inmate on the head with a shovel. The complaint included general allegations of physical injuries suffered while the inmate was in disciplinary confinement and denial of due process in the steps leading to that confinement. The district court dismissed the complaint for failure to state a claim upon which relief could be granted, suggesting that only under exceptional circumstances could courts inquire into the internal operations of state penitentiaries and concluding that the inmate had failed to show a deprivation of federally protected rights. The inmate contended that the district court erred in dismissing his complaint without allowing him to present evidence on his claims. The court held that the inmate's allegations were sufficient to require that he be provided the opportunity to offer supporting evidence. The district court's judgment was reversed and remanded. "The only issue now before us is petitioner's contention that the District Court erred in dismissing his pro se complaint without allowing him to present evidence on his claims. [***HR1] [***HR2].   Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such

as those asserted by petitioner, [**596] however in artfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears [*521] "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944). [***HR3] Accordingly, although we intimate no view whatever on the merits of petitioner's allegations, we conclude that he is entitled to an opportunity to offer proof. The judgment is reversed and the case is remanded for further proceedings consistent herewith."   Reversed and remanded.

It can be evident Claimed Defendants representatives; Travis County Attorneys are intending to amass the Political Power, Prestige, Legal Prowess, and the effective untold and unlimited Wealth of the Travis County Attorney Office in opposition to claim of michael haendel. It can be assumed by one degree on inference, Plaintiff Original Complaint is perceived as valid, true, and correct, by mere inference of the formidable response of Travis County Attorney Office with examination of Travis County Attorney Office defense of aggravated perjured statements made by Defendants against michael haendel, and said defendant statements contrary to video recorded evidence. Video Recorded evidence of events occurring January 5, 2011 were significantly influential in proving Defendants committed aggravated perjury, continue to commit aggravated perjury, have committed conspiracy and continue to commit conspiracy against michael haendel, resulting in Dismissal with No Opposition to expunction, after over 500 day of prosecuting michael haendel.   Travis County Court procedure is to dispose of a case no later than 200 days.   Told to me, michael haendel by trusted associate, "Travis County Attorney Kenneth Ervin and Travis County Attorney Office had confided to associate, Travis County Attorney

Office are causing economic hardships to to then defendant, now plaintiff michael haendel, for the sole purpose of extortion, and pressure mcihael haendel to accept to  "Plea Bargaining" with Travis County Attorney Office and accept a guilty plea to charges, Travis County Attorney Office ultimately dismissed on the eve of trial.

michael haendel believes Travis County Attorney Office is intending to and is "Economically Threaten" with retaliation of economic sanctions against Plaintiff, i man: michael haendel.  Defendants have not, and apparently will not recant aggravated perjured statements made against plaintiff, michael haendel.   Plaintiff demands Defendants statements from but not limited to, TCSO Michael Digiantonio, and TCSO Thomas Eaton, TCSO John Hernandez, TCSO Hampton not just expunged, but elimination of false criminal record of michael haendel, and elimination of criminal record of michael haendel.

**michael haendel moves Claimed Defendants Representatives to provide summary of each witness and potential witness testimony to michael haendel.**

_____

## V.   EVIDENCE

1.   **Plaintiff Exhibit A**.:   CD-ROM (containing video recorded evidence arrest michael haendel Janury 5, 2011)

2.   **Plaintiff Exhibit B**.:   "BUSINESS RECORDS AFFIDAVIT" TCSO Shelly Eaton verifing authenticity of Exhibit 1

3.   **Plaintiff Exhibit C**.:   "MOTION FOR COURT PROVIDED SUPPRESSION AND OR FRANKS HEARING", filed February 21, 2012 TCC8, C-1-CR-11-200319

4.   **Plaintiff Exhibit D**.:   "CRIMINAL AFFIDAVIT", April 23, 2012 TCC8, C-1-CR-11-200319

5.   **Plaintiff Exhibit E**.:   "MOTION TO DISMISS (NO OPPOSITION TO EXPUNCTION)", submitted April 25, 2012, ruled May 21, 2012, TCC8, C-1-CR-11-200319

6.   **Plaintiff Exhibit F**.:   "DEFENDANTS M. DIGIANTONIO AND THOMAS EATON'S DESIGNATION OF EXPERTS, POTENTIAL WITNESSES AND PROPOSED TRIAL EXHIBITS"

7.   **Plaintiff Exhibit G**:   "DEFENDANTS M. DIGIANTONIO AND THOMAS EATON'S DISCLOSURE PURSUANT F.R.C.P.26"

## VI.   <u>PRAYER AND REMEDY</u>

Fed R. Civ. P. 12, Plaintiff moves Court to open to public United States District Court for the Western District of Texas, Austin Division case 1:13-cv-00007, document 53, deny claimed Defendants representatives Motion to Dismiss, provide list of times and dates when Motions Hearing can be scheduled with Court, compliant with "Document 28".   <u>Plaintiff requests Court to provide list of available time periods during morning hours of day.</u>   Plaintiff further petition court removal of pending charges against Plaintiff, elimination beyond expunction of criminal and mental health record created in fraud, compensation physical damages to plaintiff's hands, arms, and potentially neck, compensation, incarceration, compensation lost and reduced earning potential, compensation medical, legal, expenses, compensation reduced quality of life.   Deny any affirmative relief to Defendants, Defendant's Represemtatives, for default response, and contempt of Court order "Document 28".   If Court rules Claim of michael haendel is deficient, provide remedy and recourse to correct claim.   B.Platsky v. CIA,   953 F.2d   25, 26 28 (2nd Cir. 1991).    michael haendel moves Court to compel Travis County Attorneys produce to michael haendel summary of witness statement, Exhibit F, Exhibit G.   For these reasons, plaintiff asks for judgment against defendants, additionally stipulated in prayer,

**"PLAINTIFF'S ORIGINAL COMPLAINT",** Court provided assistance of legal counsel, Further, I, michael haendel, man, not corporation, Plaintiff, Prosecutor, and indigent, request a waiver of any costs for mediation, Respectfully submitted,

_____

Signature in red ink by michael haendel, P.O. Box 300952, Austin, Texas 78703,

***Further the Affiant saith not.***

## VII.   VERIFIED AFFIDAVIT OF michael haendel

STATE OF TEXAS                    §

TRAVIS COUNTY                     §

Before me, the undersigned notary, on this day personally appeared michael haendel, man,

affiant, whose identity is known to me.   After I administered an oath to affiant, affiant testified:

"My name is michael haendel. I am competent to make this affidavit. The facts stated in

this affidavit are within my personal knowledge and are true and correct."

I , michael haendel, certify and verify amount of claim covers only damages and injuries by

the incident above and agree to accept said amount in full satisfaction and final settlement of this

claim.



Signature in red ink by michael haendel , P.O. Box 300952, Austin, Texas 78703,

SWORN TO and SUBSCRIBED before me by michael haendel on _August 26_ , 2013.

JESSICA ESTRADA
My Commission Expires
April 5, 2014

Notary Public in and for The State of Texas

## VIII.   CERTIFICATE OF SERVICE:   michael haendel,

I, michael haendel, do hereby certify and verify that I have submitted a true and correct

copy of the above and foregoing, on the _____25_____ day of the month of ____August____, year

2013, I certify that original and copy of **PLAINTIFF RESPONSE DOCUMENT 55 AUGUST**

**14, 2013** complies with Fed. R. Civ. P. 12(b)(1), and Fed. R. Civ P. 12(b)(6), was personally hand

filed, in:

**a.**
UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF TEXAS, AUSTIN
DIVISION, UNITED STATES DISTRICT CLERK'S OFFICE,
501 West Fifth Street, Suite 1100, Austin, Texas 78701,

**b.**
ELAINE A. CASAS, JENNIFER KRABER,
COUNTY OF TRAVIS CLERK'S OFFICE, COUNTY OF TRAVIS ATTORNEY,
CIVIL LITIGATION DIVISION,
314 West 11th Street, Suite 420, Austin, Texas 78701,
or clerk at front desk, and,



_____

Signature in red ink by michael haendel, P.O. Box 300952, Austin, Texas 78703,

SWORN TO and SUBSCRIBED before me by michael haendel,

on day _____25_____ of the month of ____August____, in year 2013,

_____

Notary Public in and for The State of Texas

JESSICA ESTRADA
My Commission Expires
April 5, 2014

C-1-CR-11-200319

STATE OF TEXAS                    §

                                 §

COUNTY OF TRAVIS                 §

In County Court 8

Travis County Texas

✓

Michael Haendel
(Defendant)

### BUSINESS RECORDS AFFIDAVIT

Before me, the undersigned authority, personally appeared Shelly Hammond Eaton, Sr. Paralegal, Internal Affairs, Travis County Sheriff's Office, Austin, Travis County, Texas, who being by me duly sworn, deposed as follows:

"My name is Shelly Hammond Eaton, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts stated in this affidavit. I am a custodian of the records of the Travis County Sheriff's Office. Attached to this affidavit is 1 Compact Disc maintained by the Travis County Sheriff's Office depicting MICHAEL HAENDEL. These records are maintained by the Travis County Sheriff's Office. These records are kept by the Travis County Sheriff's Office in the regular course of business and it was the regular course of business of the Travis County Sheriff's Office for an employee or representative of the Travis County Sheriff's Office, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information to be included in such record, and the record was made at or near the time or reasonably soon after. The records attached to this affidavit are the original or exact duplicates of the original."

_____
Shelly Hammond Eaton, Sr. Paralegal, Internal Affairs
Travis County Sheriff's Office

SWORN TO and SUBSCRIBED before me by Shelly Hammond Eaton, Sr. Paralegal, Internal Affairs, on this the 20th day of December, 2011.

JESSICA B. SAMMONS
Notary Public
STATE OF TEXAS
Commission Exp. 05-27-2015

_____
Notary Public in and for
the State of T E X A S

IN THE <u>TRAVIS COUNTY</u> COURT IN AND FOR <u>COUNTY OF TRAVIS</u>
STATE OF TEXAS

TRAVIS COUNTY CAUSE NUMBER:  C-1-CR-11-200319

February 21th, 2012

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE TRAVIS COUNTY COURT |
| | § | OF LAW 8 |
| v. | § | |
| | § | |
| Michael Haendel | § | TRAVIS COUNTY, TEXAS |

### <u>MOTION FOR COURT PROVIDED SUPRESSION AND OR FRANKS HEARING</u>

COMES NOW the Pro Se, Lead Counsel, Defendant, Michael Haendel, in the above-styled and numbered

cause and moves the Court, the following statements which are factually inaccurate either knowingly and

intentionally, with reckless disregard for the truth were included in the probable cause affidavit and relied

upon by Magistrate and District Judge Brenda Kennedy, when determining the existence of probable

cause of Michael Haendel, Travis County Cause Number C-1-CR-11200319.

### I.    STATEMENTS FROM: "AFFIDAVIT FOR WARRANT OF ARREST AND DETENTION"

The following numbered sentences are taken directly from the "AFFIDAVIT FOR WARRANT OF

ARREST AND DETENTION", THE COUNTY OF TRAVIS CAUSE NUMBER C-1-CR-11-200319.

The purpose of numbering the sentences is intended for the ease of referencing and judicial efficiency

1.    TCSO Case # 11-364 AFFIDAVIT FOR WARRANT OF ARREST AND DETENTION

2.    The undersigned Affiant, who after being duly sworn by me, on oath, makes the following
      statement:

3.    I have good reason to believe and do believe,  that on or about the day of January 5th 2011, in
      Travis County, Texas, Haendel, Michael W/M  DOB  4/2/1962 did there and then knowingly accord

STATE OF TEXAS   COUNTY OF TRAVIS
This instrument was sworn and subscribed before me on the 21th day of February, 2012 by Michael Haendel

Signature Notary Public                          Signature Michael Haendel
MOTION FOR COURT PROVIDED SUPRESSION AND OR FRANKS HEARING
Page 1 of 13

Filed 11 o'clock M.
At _____ Day of _____ 201_
Dana DeBeauvoir
County Clerk, Travis County, Texas

intentionally commit the offense of:  Interference With Public Duties (Class B Misd.) (P.C.) 38.15

4.  My belief of the foregoing statement is based upon: _X_ Personal Knowledge On January 5th, 2011. The Affiant Deputy T. Eaton # 3605 while working uniformed security at 509 West 11th Street observed Deputy Digiantonio # 1508 at the main screening station, instructing a subject later identified as Haendel, Michael w/M DOB 4/2/1962 To remove his belt.

5.  Handel then became argumentative.

6.  Haendel was told he had the choice to comply with screening or leave the building.

7.  Haendel walked back through the metal detector throwing his belt on the machine.

8.  Haendel then alerted on the metal detector but stated he just wanted to leave.

9.  The affiant explained to Haendel that screening process and showed Haendel all the signs explaining the process.

10.  Haendel stated he did not want to talk he wanted to leave.

11.  Haendel came through to gather his items to leave the building.

12.  Haendel approached Digiantonio and told him he did now not want to leave but continue through to court without being screened.

STATE OF TEXAS, COUNTY OF TRAVIS
This Instrument was sworn and subscribed before me on the 11th day of February, 2012 by Michael Haendel

Signature Notary Public                                    Signature  Michael Haendel                    Notary Public seal below

MOTION FOR COURT PROVIDED SUPPRESSION AND OR FRANKS HEARING
Page 2 of 13

13.   The affiant approached Haendel and explained he had to leave the building and once again Haendel became argumentative.

14.   Haendel quickly grabbed a long cylindrical object from around his neck, and Digiantonio placed his right arm on Haendel's arm to stop him from manipulating or using the object around his neck.

15.   Haendel then grabbed Digiantonio's arm and began to struggle with him.

16.   Affiant and Deputy Hernandez # 4429 took control of Haendel placing him in restraints.

17.   The Affiant is a Commissioned Peace Officer in the State of Texas and is employed by the Travis County Sheriff's Office.  The above described events occurred in Travis County, Texas.

STATE OF TEXAS, COUNTY OF TRAVIS
This instrument was sworn and subscribed before me on the 11th day of February, 2011 by Michael Haendel.

Notary Public Seal Below

_____
Signature Notary Public

_____
Signature Michael Haendel

MOTION FOR COURT PROVIDED SUPRESSION AND OR FRANKS HEARING
Page 3 of 13

## II.  CONTESTED STATMENTS

The following is derived from TRAVIS COUNTY COURT HOUSE BLACKWELL-THURMAN

BUILDING 509 WEST 11th STREET, AUSTIN TEXAS, video surveillance cameras. As will be obvious

to anyone viewing video surveillance, the evidence directly contradicts sworn statements from TRAVIS

COUNTY SHERIFF DEPUTY DIGIANTONIO # 1508, and TRAVIS COUNTY SHERIFF DEPUTY

THOMAS EATON # 3605.

1. Section I, Line 5, Statement "became argumentative" is a conclusion from witness, where no evidence is ever provided.

2. Section I, Line 7, Statement "Haendel walked back through the metal detector..." is contradictory as compared to video recording.

3. Section I, Line 7, "...throwing his belt on the machine." is contradictory as compared to video recording.

4. Section I, Line 8, Statement "...stated he just wanted to leave." Never occurred at anytime during interaction with any Travis County Sheriff Deputies.

5. Section I, Line 9, Statement "The affiant explained to Haendel that screening process..." is a conclusion from witness, where no evidence is ever provided.

6. Section I, Line 9, Statement "...showed Haendel all the signs explaining the process." is contradictory as compared to video recording.

STATE OF TEXAS, COUNTY OF TRAVIS
This instrument was sworn and subscribed before me on the 21th day of February, 201_ by Michael Haendel.
Notary Public Seal Below

Signature Notary Public

Signature Michael Haendel

7.  Section I, Line 10, Statement "Haendel stated he did not want to talk" is a conclusion, where no evidence is ever provided.

8.  Section I, Line 10, Statement "he wanted to leave" is conclusion where no evidence is ever provided.

9.  Section I, Line 12, Statement "Haendel approached Digiantonio and told him he did now not want to leave…" is conclusion where no evidence is provided.

10. Section I, Line 12, Statement "but continue through to court without being screened." is conclusion where no evidence is provided.

11. Section I, Line 13, "The affiant approached Haendel" is directly contradictory to statement made in line 12 where witness stated "Haendel approached Digiantonio…"

12. Section I, Line 14, Statement "Haendel quickly grabbed a long cylindrical object from around his neck," a conclusion, where no evidence is ever provided.

13. Section I, Line 14, "…Digiantonio placed his right arm on Haendel's arm…", is contradictory as compared to video recording.

14. Section I, Line 14, Statement "…to stop him from manipulating or using the object around his neck." is contradictory as compared to video recording.

STATE OF TEXAS, COUNTY OF TRAVIS
This instrument was sworn and subscribed before me on the 21th day of February, 201_ by Michael Haendel.
Notary Public Seal Below

Signature Notary Public                    Signature Michael Haendel
                    MOTION FOR COURT PROVIDED SUPRESSION AND OR FRANKS HEARING
                                    Page 6 of 13

15. Section I, Line 15, Statement "Haendel then grabbed Digiantonio's arm" is contradictory as compared to video recording.

16. Section I, Line 15, Statement "and began to struggle with him." is contradictory as compared to video recording.

STATE OF TEXAS, COUNTY OF TRAVIS
That instrument was sworn and subscribed before me on the 21th day of February 2012 by Michael Haendel.
Notary Public See Below

Signature Notary Public

Signature Michael Haendel
MOTION FOR COURT PROVIDED SUPRESSION AND OR FRANKS HEARING
Page 6 of 13

## III.   ARGUMENTS

1. Line number 2, 3, 6, 13, 14, 15, 16, 17 are inconsistent with video surveillance evidence entered into the record, and should be considered by the court as PURJURED STATEMENTS.

2. Line number 1, 4, 5, 7, 8, 9, 10, 11, 12, are conclusions made by witness without supported sworn evidence, and consist of primarily as speech. Furthermore, Carney v. State.31 S.W3d 392, 398 (Tex.App.-Austin 2000, no pet.). "Under §38.15, arguing with the officers does not constitute an actionable offense.  Speech is a statutory defense to the offense  charge even if the end result is 'stalling.' The  culpable  mental state under the statute is criminal negligence."

3. Appellate courts have ruled that it is the it is the trial court's jurisdiction to remove the "taint" and find probable cause in warrantless arrests.

4. District Judge Brenda Kennedy erred by relying solely upon the perjured, affidavits of TRAVIS COUNTY SHERIFF DEPUTY DIGIANTONIO # 1508, and TRAVIS COUNTY SHERIFF DEPUTY THOMAS EATON # 3605.

5. District Judge Brenda Kennedy erred by not viewing surveillance video of the event related to TRAVIS COUNTY CAUSE NUMBER:   C-1-CR-11-200319.

6. District Judge Brenda Kennedy omissions of duties or errs of judgment cannot establish probable cause, therefore her order is void upon its face.

7. Because probable cause cannot nor ever be established, the warrantless arrest of Michael Haendel, January 5th, 2011 is ILLEGAL.

8. All charges against Michael Haendel, TRAVIS COUNTY CAUSE NUMBER:   C-1-CR-11-200319, need to be immediately dismissed with prejudice

STATE OF TEXAS, COUNTY OF TRAVIS
This instrument was sworn and subscribed before me on the 24th day of February 2013 by Michael Haendel
_____                                                   Notary Public Seal Below
Signature Notary Public
                                    Signature Michael Haendel
                     MOTION FOR COURT PROVIDED SUPRESSION AND OR FRANKS HEARING
                                            Page 7 of 13

## IV.   AUTHORITIES

1.   Shoemaker v. State, 233 P. 489
Okla.Crim.App.,1925
To warrant conviction for perjury, state must prove by extrinsic evidence that statement on which prosecution is founded is false.

2.   278 S.W.3d 861 PAULEA v Texas
...Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. U.S. Const. amend. IV . Generally, an arrest or search without a valid arrest warrant is unreasonable unless it fits into one or more recognized exceptions. See Torres, 182 S.W.3d at 901. [3] [4] When the State seeks to justify an arrest on the basis of a warrant, it is incumbent on the State to produce the warrant and its supporting affidavit for inspection by the trial court. Etheridge v. State, 903 S.W.2d 1, 19 (Tex.Crim.App.1994) . " 'This requirement is imposed so that the trial court may inspect the documents and determine whether probable cause existed and ensure that the arrestee's rights have been fully

3.   278 S.W.3d 861 PAULEA v Texas
U.S. CONST. AMEND. IV. Generally, an arrest or search without a valid arrest warrant is unreasonable unless it fits into one or more recognized exceptions. See Torres, 182 S.W.3d at 901. [3] [4] When the State seeks to justify an arrest on the basis of a warrant, it is incumbent on the State to produce the warrant and its supporting affidavit for inspection by the trial court. Etheridge v. State, 903 S.W.2d 1, 19 (Tex.Crim.App.1994). " 'This requirement is imposed so that the trial court may inspect the documents and determine whether probable cause existed and ensure that the arrestee's rights have been fully protected.' " Id. (quoting Garrett v. State, 791 S.W.2d 137, 140 (Tex.Crim.App.1990)). However, if a warrant is required to make a valid arrest, the State's failure to produce it at a suppression hearing does not mandate suppression of evidence. See Weems v. State, 167 S.W.3d 350, 356 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd). In such cases, there must be sufficient evidence introduced at a suppression hearing to provide the trial court with an opportunity to determine whether probable cause existed for the accused's arrest. See Etheridge. 903 S.W.2d at 18; Weems, 167 S.W.3d at 357.

4.   Crane v. State, 786 S.W.2d 338, 346 (Tex.Crim.App.1990).
Appellant argues that no probable cause existed for his arrest because he did not violate any traffic ordinances. A reviewing court considers the totality of the circumstances grounded by facts when reviewing de novo whether probable cause exists to effect a warrantless arrest. See Torres, 182 S.W.3d at 902. The burden falls on the State to prove probable cause justifying a warrantless arrest or search.

5.   Pendleton v. State, 156 N.E.2d 782
Ind.,1959
Rule that to warrant conviction of perjury the evidence must be such as to satisfy jury as to exclusion of rational doubt of falsity of matter sworn to by accused, and that such evidence must be no less than the direct and positive testimony of two witnesses or one witness and corroborating facts and circumstances applies only to the fact of false swearing and not to every detail or act surrounding the fact alleged as falsely sworn. Burns' Ann.St. § 10-3802.

6.   278 S.W.3d 861 PAULEA v Texas

STATE OF TEXAS, COUNTY OF TRAVIS
This instrument was sworn and subscribed before me on the 11th day of February, 2013 by Michael Maendel.
                                                                    Notary Public Seal Below

_____                    _____
Signature Notary Public                        Signature Michael Maendel
                    MOTION FOR COURT PROVIDED SUPPRESSION AND OR FRANKS HEARING
                                    Page 8 of 13

TEX. PENAL CODE ANN. § 42.03 (Vernon 2003).as the State urges.FN4 See Torres, 182 S.W.3d at 903 (concluding that opinions of officers cannot be transformed into facts supporting probable cause to arrest without supporting evidence in the record); see also Ford v. State, 158 S.W.3d 488, 494 (Tex.Crim.App.2005) (concluding that State failed to elicit facts to support an officer's judgment that the accused violated a traffic law of following another car too closely in order to determine reasonable suspicion to stop); Richardson, 39 S.W.3d at 640. Therefore, appellant's arrest lacked probable cause and was unlawful. See Torres, 182 S.W.3d at 903

7.   Pendleton v. State, 156 N.E.2d 782
Ind.,1959
To warrant conviction of perjury, evidence must be such as to satisfy jury to exclusion of rational doubt of falsity of matter sworn to by accused, evidence must be no less than direct and positive testimony of two witnesses or one witness and corroborating facts and circumstances, but direct evidence is not limited to a denial in ipsissimis verbis of testimony given by defendant, and includes any positive testimony of a contrary state of facts from that sworn to by him, or that is absolutely incompatible with his evidence, or physically inconsistent with the facts so testified to, and evidence must be of such character as to exclude every other reasonable hypothesis except of defendant's guilt. Burns' Ann.St. § 10-3802.

8.   Spaeth v. U.S., 232 F.2d 776
C.A.6.Ohio,1956
In perjury cases, falsity of testimony cannot be proved by circumstantial evidence alone; and in such a case court should not charge that circumstantial evidence alone, may warrant conviction.

9.   264 S.W.3d 356 BLOCKER v Texas
264 S.W.3d 356, Tex.App.-Waco, July 30, 2008 (NO. 10-06-00336-CR)
U.S. Tx., 2005
Determination of whether a probable cause affiant's statements were deliberately false or made with reckless disregard of the truth is a question of fact and the trial court, as the sole factfinder and judge of the witnesses' credibility, is owed great deference and its ruling will be overruled only if it was an abuse of discretion. U.S.C.A. Const.Amend. 4.

10.  Garza v. State, 161 S.W.3d 636
Tex.App.San.Antonio,2005
A proven misstatement can vitiate an affidavit in support of a search or arrest warrant only if it is established that the misstatement was the product of deliberate falsehood or of reckless disregard for the truth.

11.  Davis v. State, 144 S.W.3d 192
Tex.App.Fort.Worth,2004
Officer's statements in affidavit supporting arrest and search warrant were false and made with a reckless disregard for truth, and thus such statements were to be excised from affidavit in determining whether there was probable cause to issue warrant; while affidavit stated that confidential informant had been resident in particular county for over 20 years and employed in particular county for over ten years, testimony was given that showed statement was false, and evidence was given that showed officer's statement that particular individual lived at place to be searched was false and that driver's license number officer gave as defendant's was in fact not defendant's. U.S.C.A. Const.Amend. 4; Vernon's Ann.Texas Const. Art. 1, § 9; Vernon's Ann.Texas C.C.P. art. 18.01(b).

12.  VANMETER  v. Texas 165 S.W.3d 68

STATE OF TEXAS, COUNTY OF TRAVIS
This instrument was sworn and subscribed before me on the 11th day of February of 13 by Michael Mesalm.

Signature Notary Public                          Notary Public  Cara Peele

Signature Michael Mecalm
MOTION FOR COURT PROVIDED SUPRESSION AND OR FRANKS HEARING
Page 9 of 13

U.S.Tx., 2005

...suppression hearing is the determination of historical facts that are rarely subject to appellate review in light of the required deferential standard of review, and when resolving suppression issues, a trial court is charged with the responsibility to accurately find the relevant facts and to make critical demeanor and credibility assessments; and (c) Confrontation and cross-examination should apply at pretrial suppression hearings, not because those hearings serve the same purpose as trials, but because the protections provided by the guarantees serve the objectives of suppression hearings—finding reliable facts relevant to, and assessing demeanor and credibility necessary to, resolution of the suppression...

13. Illinois v. Rodriguez, 110 S.Ct. 2793
U.S.Ill.,1990

If magistrate, based upon seemingly reliable but factually inaccurate information, issues warrant for search of house in which sought-after felon is not present, has never been present, and was never likely to have been present, owner of that house suffers one of the inconveniences to which everyone is exposed as cost of living in safe society, but owner does not suffer violation of Fourth Amendment. U.S.C.A. Const.Amend. 4.

14. Franks v. Delaware, 98 S.Ct. 2674
U.S.Del.,1978

Where defendant makes substantial preliminary showing that false statement knowingly and intentionally, or with the reckless disregard for the truth, was included by affiant in search warrant affidavit, and if allegedly false statement is necessary to finding of probable cause, Fourth Amendment requires that hearing be held at defendant's request. U.S.C.A.Const. Amends. 4, 14.

15. Franks v. Delaware, 98 S.Ct. 2674
U.S.Del.,1978

If, after evidentiary hearing, defendant establishes by a preponderance of evidence that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by affiant in search warrant affidavit, and, with affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, search warrant must be voided and fruits of search excluded to the same extent as if probable cause was lacking on the face of the affidavit. U.S.C.A.Const. Amends. 4, 14.

16. Franks v. Delaware, 98 S.Ct. 2674
U.S.Del.,1978

Assumption that factual showing of probable cause in affidavit for search warrant will be a "truthful" showing does not mean "truthful" in the sense that every fact recited in warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within affiant's own knowledge that some times must be garnered hastily; but showing is to be "truthful" in the sense that information put forth is believed or appropriately accepted by affiant as true. U.S.C.A.Const. Amends. 4, 14.

17. Rugendorf v. U.S., 84 S.Ct. 825
U.S.Ill.,1964

Erroneous statements, which were not those of affiant, in affidavit upon the basis of which search warrant was issued would not show that affiant was in bad faith or that he made misrepresentations to secure warrant.

STATE OF TEXAS, COUNTY OF TRAVIS
This instrument was sworn and subscribed before me on the 21th day of February, 2012 by Michael Baender.
Notary Public Seal Below

Signature Notary Public                    Signature Michael Baender
MOTION FOR COURT PROVIDED SUPRESSION AND OR FRANKS HEARING
Page 10 c. 13

18. United States Consitution
Amendment IV. Search and Seizure
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. Supreme Court of North Carolina.

19. 63 N.C. 50, 1868 WL 1369 (N.C.)
Supreme Court of North Carolina.
D. L. PARISH, Adm'r. of ALEX. MURPH v. A. M. WILHELM.
June Term, 1868.
An officer having two executions against the plaintiff and his father, and another execution against the father alone, levied on three horses belonging to the plaintiff, as the property of the father; the plaintiff offered to pay off the executions against himself, but the officer refused to receive the money, and proceeded to sell the horses: Held, that the officer became a trespasser ab initio, and was liable in an action of trespass, for the value of the two horses last sold.

20. Carney v, State,31 S.W3d 392, 398 (Tex.App.-
Austin 2000, no pet.).
"Under $38.15, arguing with the officers does not constitute an actionable offense. Speech is a statutory defense to the offense charge even if the end result is 'stalling.' The culpable mental state under the statute is criminal negligence,"

STATE OF TEXAS, COUNTY OF TRAVIS
This instrument was sworn and subscribed before me on the 21th day of February 2011 by Michael Raendel.
Notary Publi. Seal below
Signature Notary Public
Signature Michael Raendel
MOTION FOR COURT PROVIDED SUPRESSION AND OR FRANKS HEARING
Page 11 of 13

## V.   REMEDY

1. Dismiss the charges, with prejudice and the THE COUNTY OF TRAVIS pay for expunction of

   the Defendant in Error's records, alleging the crime of cited in THE COUNTY OF TRAVIS

   CAUSE NUMBER:  C1CR11200319;

   Granted ☐              Denied ☐

   Explanation_____


2. Provide to the Defendant an Suppression or Franks Hearing associated with THE COUNTY OF

   TRAVIS CAUSE NUMBER:  C1CR11200319;

   Granted ☐              Denied ☐

   Explanation_____

Respectfully Submitted,


_____            _____
Signature Michael Haendel                       Date:  February 21th, 2012
P.O. Box300952
Austin, Texas 78703

STATE OF TEXAS, COUNTY OF TRAVIS
This instrument was sworn and subscribed before me on the 21th day of February, 2012 by Michael Haendel.
                                                                    Notary Public Seal Below

_____            _____
Signature Notary Public                Signature Michael Haende

MOTION FOR COURT PROVIDED SUPRESSION AND OR FRANKS HEARING
                    Page 12 of 13

## VI.     CERTIFICATE OF SERVICE

On the <u>21th</u> day, in the month of <u>February</u>, in the year of <u>2012</u>, I swear, affirm and certify that a complete

copy of the this document was served to, the court docket by the Clerk of Courts or her subordinates, the

THE COUNTY OF TRAVIS, at the following address:  1000 Guadalupe Street, Austin, Travis County,

Texas, or directly into the 8th THE TRAVIS COURT AT LAW, 509 West Eleventh Street, and

additionally swear, affirm and certify that on this same date, a complete copy of this document was hand

delivered to opposing THE COUNTY OF TRAVIS PROSECUTOR, or to 314 Eleventh Street, Room

300, Austin Texas.


Signature Michael Haendel                                    Date:  February 21th, 2012
P.O. Box 300952,
Austin, Texas 78703

STATE OF TEXAS, COUNTY OF TRAVIS
This instrument was sworn and subscribed before me on the 21th day of February, 2012 by Michael Haendel
                                                                    Notary Public Sea. below

_____                    _____
Signature Notary Public                             Signature Michael Haendel
                        MOTION FOR COURT PROVIDED SUPRESSION AND OR FRANKS HEARING
                                                 Page 13 of 13

Prosecutor 2/21/2012
1,bbg lawson

IN TRAVIS COUNTY TEXAS COURT IN AND FOR THE STATE OF TEXAS COUNTY OF TRAVIS

THE STATE OF TEXAS TRAVIS COUNTY CAUSE NUMBER: C-1-CR-11-200319

April 23rd, 2012

| | | |
|---|---|---|
| THE STATE OF TEXAS<br>   *Plaintiff* | §<br>§<br>§ | IN THE TRAVIS COUNTY COURT<br>AT LAW 8 |
| v. | §<br>§ | |
| Michael Haendel<br>   *Defendant in error* | §<br>§<br>§ | AUSTIN,<br>TRAVIS COUNTY. TEXAS |

## CRIMINAL AFFIDAVIT

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

I, Michael Haendel, affiant and crime victim, hereby referenced as DEFENDANT, under penalty of perjury, has good reason to believe and does believe that the accused the

### THE STATE OF TEXAS TRAVIS COUNTY ATTORNEY,

have committed (an) offense(s) against the law(s). statute(s). code(s) of THIS STATE. by

1. Distributing medical files, from unknown TRAVIS COUNTY ATTORNEY, however the current prosecutor is the THE STATE OF TEXAS TRAVIS COUNTY ATTORNEY KENNETH ERVIN, to Charles Baird, or Amanda Farrelly, or their agents as member or members of the public, hereby referenced as PUBLIC, , on or before 4:00 pm CST, April 17th, 2012.
2. Distribution of medical files occurred BEFORE any agreement had been reached with PUBLIC to represent DEFENDANT,
3. DEFENDANT was provided medical documents from Charles Baird, at 919 Congress, Suite 1100, Austin, Travis County, Texas, April 17th, 2012, approximately at or near 5:00 pm CST.
4. Distribution of medical files occurred WITHOUT written or oral APPROVAL by DEFENDANT, as DEFENDANT believes is contradictory to the THE STATE OF TEXAS GOVERNMENT CODE 552.229, CODE OF FEDERAL REGULATIONS Title 45 - Public Welfare § 164.512, CODE OF FEDERAL REGULATIONS 45 CFR 164.502, an or other law(s). statute(s), code(s) not known to DEFENDANT at the time of the creation of this criminal complaint,

   a.   CODE OF FEDERAL REGULATIONS Title 45 - Public Welfare § 164.512 Uses and disclosures for which consent, an authorization, or opportunity to agree or object is not required. (f) Standard: Disclosures for law enforcement purposes. A covered entity may disclose protected health information for a law enforcement purpose to a law enforcement official if the conditions in paragraphs (f)(1) through (f)(6) of this section are met, as applicable (1) Permitted disclosures: Pursuant to process and as otherwise required by law. A covered entity may disclose protected health information (i) As required by law including laws that require the reporting of certain types of wounds or other physical injuries. except for laws subject to paragraph (b)(1)(ii) or (c)(1)(i) of this section; or (ii) In compliance with and as limited by the relevant requirements of (A) A court order or court-ordered warrant, or a subpoena or summons issued by a judicial officer; (B) A grand jury subpoena; or (C) An administrative request, including an administrative subpoena or summons, a civil or an authorized investigative demand, or similar process authorized under law, provided that: (1) The information sought is relevant and material to a legitimate law enforcement inquiry; (2) The request is specific and limited in scope to the extent reasonably practicable in light of the purpose for which the information is sought; and (3) De-identified information could not reasonably be used. (2) Permitted disclosures: Limited information for identification and location purposes. Except for disclosures required by law as permitted by paragraph

(f)(1) of this section, a covered entity may disclose protected health information in response to a law enforcement official's request for such information for the purpose of identifying or locating a suspect, fugitive, material witness, or missing person, provided that: (i) The covered entity may disclose only the following information:(A) Name and address: (B) Date and place of birth; (C) Social security number, (D) ABO blood type and rh factor, (E) Type of injury: (F) Date and time of treatment, (G) Date and time of death, if applicable, and (H) A description of distinguishing physical characteristics, including height, weight, gender, race, hair and eye color, presence or absence of facial hair (beard or moustache), scars, and tattoos. (ii) Except as permitted by paragraph (f)(2)(i) of this section, the covered entity may not disclose for the purposes of identification or location under paragraph (f)(2) of this section any protected health information related to the individual's DNA or DNA analysis, dental records, or typing, samples or analysis of body fluids or tissue,

b.   CODE OF FEDERAL REGULATIONS 45 CFR 164.502 - Uses and disclosures of protected health information: general rules (ii) The disclosure is to:(B) An attorney retained by or on behalf of the workforce member or business associate for the purpose of determining the legal options of the workforce member or business associate with regard to the conduct described in paragraph (j)(1)(i) of this section.(2) Disclosures by workforce members who are victims of a crime. A covered entity is not considered to have violated the requirements of this subpart if a member of its workforce who is the victim of a criminal act discloses protected health information to a law enforcement official, provided that (i) The protected health information disclosed is about the suspected perpetrator of the criminal act; and(ii) The protected health information disclosed is limited to the information listed in ? 164.512(f)(2)(i) [65 FR 82802, Dec. 28, 2000 as amended at 67 FR 53267, Aug. 14, 2002]

c.   TEXAS HEALTH AND SAFETY CODE Sec. 614.017.  EXCHANGE OF INFORMATION
An agency shall (d)  An agency shall manage confidential information accepted or disclosed under this section prudently so as to maintain, to the extent possible, the confidentiality of that information.(e)  A person commits an offense if the person releases or discloses confidential information obtained under this section for purposes other than continuity of care and services, except as authorized by other law or by the consent of the person to whom the information relates.  An offense under this subsection is a Class B misdemeanor.

d.   GOVERNMENT CODE TITLE 5. OPEN GOVERNMENT: ETHICS SUBTITLE 1: PROCEDURES RELATED TO ACCESS, OPEN GOVERNMENT CHAPTER 552 PUBLIC INFORMATION SUBCHAPTER A. GENERAL PROVISIONS Sec. 552.229. CONSENT TO RELEASE INFORMATION UNDER SPECIAL RIGHT OF ACCESS. (a) Consent for the release of information excepted from disclosure to the general public but available to a specific person under Sections 552.023 and 552.307 must be in writing and signed by the specific person or the person's authorized representative.(b) An individual under 18 years of age may consent to the release of information under this section only with the additional written authorization of the individual's parent or guardian.(c)  An individual who has been adjudicated incompetent to manage the individual's personal affairs or for whom an attorney ad litem has been appointed may consent to the release of information under this section only by the written authorization of the designated legal guardian or attorney ad litem.

5.  DEFENDANT was arrested at BLACKWELL-THURMAN BUILDING 509 West 11th Street, Austin, Travis County, Texas, January 5th, 2011,

6.  DEFENDANT obtained Security Checkpoint Video Recording generated January 5th, 2011, approximately 10:15am CST to 10:45am CST, hereby referenced as VIDEO RECORDING, through the THE STATE OF TEXAS TRAVIS COUNTY SHERIFF OFFICE OPEN RECORDS POLICY, THE STATE OF TEXAS GOVERNMENT CODE 552.023,

7.  The THE STATE OF TEXAS TRAVIS COUNTY ATTORNEY DANIEL BRADFORD, hereby referenced as THE TRAVIS COUNTY ATTORNEY DANIEL BRADFORD, objected to the DEFENDANT obtaining vital exculpatory evidence,

8.  The TRAVIS COUNTY ATTORNEY DANIEL BRADFORD filed a request to the THE STATE OF TEXAS ATTORNEY GENERAL OPEN RECORDS DIVISION, hereby referenced as AGT -ORD February 1st , 2011 A.D., requesting AGT-ORD deny VIDEO RECORDING to DEFENDANT,

9.  The AGT-ORD granted copy of VIDEO RECORDING provided to DEFENDANT from the THE STATE OF TEXAS TRAVIS COUNTY SHERIFF OFFICE,

10. TRAVIS COUNTY ATTORNEY KENNETH ERVIN has stated February 21st 2012 A.D. at DEFENDANT  has viewed VIDEO RECORDING at THE STATE OF TEXAS COUNTY OF TRAVIS PRE TRIAL HEARING, THE STATE OF TEXAS TRAVIS COUNTY CAUSE NUMBER:  C-1-CR-11-200319, hereby referenced as CAUSE NUMBER, occurring February 21st, 2012 at the THE STATE OF TEXAS COUNTY COURT AT LAW 8, hereby referenced COURT,

STATE OF TEXAS, COUNTY OF TRAVIS
This instrument was sworn and subscribed before me on the 23rd day of April , 2012 by M. Paul Haendel.
                                                                                 Notary Pub or Sea  Seal

_____                          _____
Signature Notary Public                            Signature Michael Haendel
                                                   CRIMINAL AFFIDAVIT
                                                     Page 2 of 7

11. When compared and contrasted to VIDEO RECORDING, with respect to the THE STATE OF TEXAS COUNTY OF TRAVIS INFORMATION, hereby referenced as INFORMATION, CAUSE NUMBER, the ***INFORMATION*** is ***FRAUDULENT***,

12. ***INFORMATION*** is ***FRAUDULENT*** when compared and contrasted to VIDEO RECORDING for, but definitely not limited to, the following observations:

  a.  DEFENDANT ***never breeched metal detector*** until motioned to proceed.

  b.  DEFENDANT ***never touched*** any THE STATE OF TEXAS TRAVIS COUNTY SHERIFF DEPUTY DIGIANTONIO #1508 THE STATE OF TEXAS TRAVIS COUNTY SHERIFF DEPUTY EATON #3605, THE STATE OF TEXAS TRAVIS COUNTY SHERIFF DEPUTY HERNANDEZ #4429, THE STATE OF TEXAS TRAVIS COUNTY SHERIFF DEPUTY HAMPTON #1601.

13. When compared and contrasted to VIDEO RECORDING, with respect to the THE STATE OF TEXAS COUNTY OF TRAVIS COMPLAINT, hereby referenced as COMPLAINT, THE STATE OF TEXAS TRAVIS COUNTY CAUSE NUMBER:  C-1-CR-11-200319, hereby referenced as CAUSE NUMBER, the ***COMPLAINT*** is ***FRAUDULENT,***

14. When compared and contrasted to VIDEO RECORDING, with respect to the THE STATE OF TEXAS COUNTY OF TRAVIS "TRAVIS COUNTY SHERIFF DEPUTY THOMAS EATON #3605 OFFENSE REPORT", hereby referenced as DEPUTY EATON OFFENSE REPORT, THE STATE OF TEXAS TRAVIS COUNTY CAUSE NUMBER: C-1-CR-11-200319, hereby referenced as CAUSE NUMBER, the ***DEPUTY EATON OFFENSE REPORT*** is ***FRAUDULENT,***

15. When compared and contrasted to VIDEO RECORDING, with respect to the THE STATE OF TEXAS COUNTY OF TRAVIS "TRAVIS COUNTY SHERIFF DEPUTY DIGIANTONIO #1508 OFFENSE REPORT", hereby referenced as DEPUTY DIGIANTONIO OFFENSE REPORT, THE STATE OF TEXAS TRAVIS COUNTY CAUSE NUMBER:  C-1-CR-11-200319, hereby referenced as CAUSE NUMBER, the ***DEPUTY DIGIANTONIO OFFENSE REPORT*** is ***FRAUDULENT,***

16. When compared and contrasted to VIDEO RECORDING, with respect to the THE STATE OF TEXAS COUNTY OF TRAVIS "TRAVIS COUNTY SHERIFF DEPUTY HERNANDEZ #4429 OFFENSE REPORT", hereby referenced as DEPUTY HERNANDEZ OFFENSE REPORT, THE STATE OF TEXAS TRAVIS COUNTY CAUSE NUMBER:  C-1-CR-11-200319, hereby referenced as CAUSE NUMBER, the ***DEPUTY HERNANDEZ OFFENSE REPORT*** is ***FRAUDULENT,***

17. When compared and contrasted to VIDEO RECORDING, with respect to the THE STATE OF TEXAS COUNTY OF TRAVIS "TRAVIS COUNTY SHERIFF DEPUTY HAMPTON #1601 OFFENSE REPORT", hereby referenced as DEPUTY HAMPTON OFFENSE REPORT, THE STATE OF TEXAS TRAVIS COUNTY CAUSE NUMBER:  C-1-CR-11-200319, hereby referenced as CAUSE NUMBER, the ***DEPUTY HAMPTON OFFENSE REPORT*** is ***FRAUDULENT,***

18. Therefore DEFENDANT has reason to believe and does believe the THE STATE OF TEXAS ***THE TRAVIS COUNTY ATTORNEY KENNETH ERVIN*** is *maliciously prosecuting* ***DEFENDANT***,

19. The THE STATE OF TEXAS TRAVIS COUNTY ATTORNEY JOHN LASTOVICA, has stated in open COURT, CAUSE NUMBER viewing VIDEO RECORDING,

20. Therefore DEFENDANT has reason to believe and does believe the THE STATE OF TEXAS ***THE TRAVIS COUNTY ATTORNEY JOHN LASTOVICA*** is *maliciously prosecuting* ***DEFENDANT***,

21. The THE STATE OF TEXAS TRAVIS COUNTY ATTORNEY RICHARD COFER, has stated in open COURT, CAUSE NUMBER viewing VIDEO RECORDING.

STATE OF TEXAS, COUNTY OF TRAVIS
This instrument was sworn and subscribed before me on the 23rd day of April , 2012 by Michael Reenan.
                                                                    Notary Public Seal, Texas

Signature Notary Public                 Signature Michael Reenan
                                         CRIMINAL AFFIDAVIT
                                           Page 3 of 7

April 23th, 2012                    CRIMINAL AFFIDAVIT                    Page 4 of 7

22. Therefore DEFENDANT has reason to believe and does believe the THE STATE OF TEXAS *THE TRAVIS COUNTY ATTORNEY RICHARD COFER is maliciously prosecuting DEFENDANT,*

23. DEFENDANT has filed into CAUSE NUMBER "CRIMINAL COMPLAINT: TRAVIS COUNTY SHERIFF DEPUTY THOMAS EATON # 3605"

24. DEFENDANT has filed into CAUSE NUMBER "CRIMINAL COMPLAINT: TRAVIS COUNTY SHERIFF DEPUTY DIGIANTONIO # 1508"

25. *THE TRAVIS COUNTY ATTORNEY KENNETH ERVIN* is **shielding from prosecution** TRAVIS COUNTY SHERIFF DEPUTY THOMAS EATON # 3605",

26. *THE TRAVIS COUNTY ATTORNEY KENNETH ERVIN* is **shielding from prosecution TRAVIS COUNTY SHERIFF DEPUTY DIGIANTONIO # 1508",**

27. *THE TRAVIS COUNTY ATTORNEY JOHN LASTOVICA* is **shielding from prosecution** TRAVIS COUNTY SHERIFF DEPUTY THOMAS EATON # 3605",

28. *THE TRAVIS COUNTY ATTORNEY JOHN LASTOVICA* is **shielding from prosecution** TRAVIS COUNTY SHERIFF DEPUTY DIGIANTONIO # 1508",

29. *THE TRAVIS COUNTY ATTORNEY RICHARD COFER* is **shielding from prosecution** TRAVIS COUNTY SHERIFF DEPUTY THOMAS EATON # 3605",

30. *THE TRAVIS COUNTY ATTORNEY RICHARD COFER* is **shielding from prosecution** TRAVIS COUNTY SHERIFF DEPUTY DIGIANTONIO # 1508"

31. **DEFENDANT believes** and does believe THE TRAVIS COUNTY ATTORNEY KENNETH **ERVIN**, THE TRAVIS COUNTY ATTORNEY JOHN **LASTOVICA**, and THE TRAVIS COUNTY ATTORNEY RICHARD **COFER** has at least violated TEXAS PENAL CODE: Sec. 15.02. **CRIMINAL CONSPIRACY,** TEXAS PENAL CODE Sec. 39.02. **ABUSE OF OFFICIAL CAPACITY,** TEXAS PENAL CODE Sec. 39.03. **OFFICIAL OPPRESSION,** TEXAS PENAL CODE Sec. 39.06. **MISUSE OF OFFICIAL INFORMATION,**

   a    TEXAS PENAL CODE Sec. 15.02. CRIMINAL CONSPIRACY. (a) A person commits criminal conspiracy if, with intent that a felony be committed,(1) he agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense, and(2) he or one or more of them performs an overt act in pursuance of the agreement.(b) An agreement constituting a conspiracy may be inferred from acts of the parties (c). the offense is a Class A misdemeanor.

   b    TEXAS PENAL CODE Sec. 39.02. ABUSE OF OFFICIAL CAPACITY. (a) A public servant commits an offense if, with intent to obtain a benefit or with intent to harm or defraud another, he intentionally or knowingly(1) violates a law relating to the public servant's office or employment;

   c    TEXAS PENAL CODE Sec. 39.03. OFFICIAL OPPRESSION. (a) A public servant acting under color of his office or employment commits an offense if he (1) intentionally subjects another to mistreatment or to arrest, detention, search, seizure, dispossession, assessment, or lien that he knows is unlawful (2) intentionally denies or impedes another in the exercise or enjoyment of any right, privilege, power, or immunity knowing his conduct is unlawful or (b) For purposes of this section, a public servant acts under color of his office or employment if he acts or purports to act in an official capacity or takes advantage of such actual or purported capacity (d) An offense under this section is a Class A misdemeanor.

   d    TEXAS PENAL CODE Sec. 39.06. MISUSE OF OFFICIAL INFORMATION (a) A public servant commits an offense if, in reliance on information to which he has access by virtue of his office or employment and that has not been made public, he (b) A public servant commits an offense if with intent to obtain a benefit or with intent to harm or defraud another, he discloses or uses information for a nongovernmental purpose that (1) he has access to by means of his office or employment; and (2) has not been made public. (c) A person commits an offense (c) with intent to obtain a benefit or with intent to harm or defraud another, he solicits or receives from a public servant information that (1) the public servant has access to by means of his office or employment; and (2) has not been made public (d) In this section, "information that has not been made public" means any information to which the public does not generally have access, and that is prohibited from disclosure under Chapter 552, Government Code (e) Except as provided by Subsection (f), an offense under this section is a felony of the third degree (f) An offense under Subsection (a)(2) is a Class C misdemeanor,

32. When compared and contrasted to VIDEO RECORDING, with respect to the THE STATE OF TEXAS COUNTY OF TRAVIS "AFFIDAVIT FOR WARRANT OF ARREST AND DETENTION", hereby referenced as AFFIDAVIT, THE STATE OF TEXAS TRAVIS COUNTY CAUSE NUMBER: C-1-CR-11-200319, hereby referenced as CAUSE NUMBER, the *AFFIDAVIT FOR WARRANT OF ARREST AND DETENTION* is *FRAUDULENT,*

STATE OF TEXAS, COUNTY OF TRAVIS
This instrument was sworn and subscribed before me on the 23rd day of April , 2012 by Michael Haendel.

                                                                    Notary Public, Seal Below

_____                    _____
Signature Notary Public                    Signature Michael Haendel
                                           **CRIMINAL AFFIDAVIT**
                                              Page 4 of 7

33. If the THE STATE OF TEXAS 403 DISTRICT MAGISTRATE BRENDA KENNEDY found probable cause to arrest DEFENDANT based upon ***AFFIDAVIT FOR WARRANT OF ARREST AND DETENTION*** is ***FRAUDULENT,***

34. The time the DEFENDANT was arrested, booked, and was in custody of THE STATE OF TEXAS TRAVIS COUNTY CENTRAL BOOKING occurred BEFORE the THE STATE OF TEXAS 403 DISTRICT MAGISTRATE BRENDA KENNEDY found probable cause based upon "AFFIDAVIT FOR WARRANT OF ARREST AND DETENTION",

35. DEFENDANT believes and does believe the THE STATE OF TEXAS 403 DISTRICT MAGISTRATE BRENDA KENNEDY violated 18.      Texas Code of Criminal Procedure - Article 15.17. Duties Of Arresting Officer And Magistrate, 2.      Texas     Code     of     Criminal Procedure - Article 16.01. Examining Trial,

   a.    Texas Code of Criminal Procedure - Article 15.17. Duties Of Arresting Officer And Magistrate
         Art. 15.17. DUTIES OF ARRESTING OFFICER AND MAGISTRATE. (a) In each case enumerated in this Code, the person making the arrest or the person having custody of the person arrested shall without unnecessary delay, but not later than 48 hours after the person is arrested, take the person arrested or have him taken before some magistrate of the county where the accused was arrested or, to provide more expeditiously to the person arrested the warnings described by this article, before a magistrate in any other county of this state. The arrested person may be taken before the magistrate in person or the image of the arrested person may be presented to the magistrate by means of an electronic broadcast system. The magistrate shall inform in clear language the person arrested, either in person or through the electronic broadcast system, of the accusation against him and of any affidavit filed therewith, of his right to retain counsel, of his right to remain silent, of his right to have an attorney present during any interview with peace officers or attorneys representing the state, of his right to terminate the interview at any time, and of his right to have an examining trial,

   b.    Texas Code of Criminal Procedure - Article 16.01. Examining Trial
         Art. 16.01. [245] [292] [280] EXAMINING TRIAL. When the accused has been brought before a magistrate for an examining trial that officer shall proceed to examine into the truth of the accusation made, allowing the accused, however, sufficient time to procure counsel. In a proper case, the magistrate may appoint counsel to represent an accused in such examining trial only to be compensated as otherwise provided in this Code. The accused in any felony case shall have the right to an examining trial before indictment in the county having jurisdiction of the offense, whether he be in custody or on bail, at which time the magistrate at the hearing shall determine the amount or sufficiency of bail, if a bailable case. If the accused has been transferred for criminal prosecution after a hearing under Section 54.02, Family Code, the accused may be granted an examining trial at the discretion of the court,

36. February 21st, 2012 A.D. the THE STATE OF TEXAS TRAVIS COUNTY MAGISTRATE CARLOS BARRERA, hereby referenced as TRAVIS COUNTY MAGISTRATE BARRERA scheduled CAUSE NUMBER TRIAL April 25th, 2012 A.D.,

37. During CAUSE NUMBER TRIAL, DEFENDANT assistance to counsel, RICARDO RODRIGUEZ objected by reason of previously scheduled legal representation for other clients during April 25th, 2012 A.D.,

38. The TRAVIS COUNTY MAGISTRATE BARRERA refused to reschedule CAUSE NUMBER TRIAL from date of April 25th, 2012 A.D.,

39. The **TRAVIS COUNTY MAGISTRATE BARRERA** by refusing to reschedule CAUSE NUMBER TRIAL, has intentionally, for afore described objection and knowledge, has **denied DEFENDANT** access to adequate **LEGAL COUNSEL,**

40. DEFENDANT has filed two "(2ND) MOTION COMPEL PRODUCTION EXCULPATORY EVIDENCE" in CAUSE NUMBER,

41. As the writing of this "CRIMINAL AFFIDAVIT", the TRAVIS COUNTY ATTORNEY ERVIN has not produced to the defendant all vital exculpatory evidence ORDERED by TRAVIS COUNTY MAGISTRATE BARRERA where CAUSE NUMBER TRIAL is scheduled for April 25th, 2012 A.D.,

42. A CAUSE NUMBER PRE-TRIAL HEARING was scheduled for January 6th, 2012, a year and a day from DEFENDANT arrest under CAUSE NUMBER,

43. DEFENDANT timely filed multiple subpoena duces tecums in preparation for January 6th, 2012 CAUSE NUMBER PRE-TRIAL HEARING,

44. DEFENDANT believes and does believe that THE TRAVIS COUNTY ATTORNEY KENNETH **ERVIN,** THE TRAVIS COUNTY ATTORNEY JOHN **LASTOVICA,** and THE TRAVIS

STATE OF TEXAS, COUNTY OF TRAVIS
This instrument was sworn and subscribed before me on the 23rd day of April, , 2012 by Michael Kwame.

                                                                                    Notary  Public Seal date

_____                          _____
Signature Notary Public                          Signature Michael Kwame
                                                 CRIMINAL AFFIDAVIT
                                                 Page 5 of 7

April 23rd, 2012                    CRIMINAL AFFIDAVIT                    Page 6 of 7

COUNTY ATTORNEY RICHARD **COFER** **have met DURING THE WEEKEND OF APRIL 20 THRU APRIL 23, 2012, A FEW DAYS BEFRORE DEFENDANT TRIAL, APRIL 25TH, 2012, and discussed DEFENDANT CAUSE NUMBER and are acting in collusion, conspiracy to DENY DEFENDANT afore and other not listed rights, and to protect and shield from prosecution** the THE STATE OF TEXAS TRAVIS COUNTY SHERIFF DEPUTY DIGIANTONIO # 1508, the THE STATE OF TEXAS TRAVIS COUNTY SHERIFF DEPUTY EATON # 3605, the THE STATE OF TEXAS TRAVIS COUNTY SHERIFF DEPUTY HERNANDEZ # 4429, the THE STATE OF TEXAS TRAVIS COUNTY SHERIFF DEPUTY HAMPTON # 1601, the THE STATE OF TEXAS TRAVIS COUNTY MAGISTRATE JUDGE CARLOS BARRERA, the THE STATE OF TEXAS 403 DISTRICT *MAGISTRATE BRENDA KENNEDY,*

45. THE STATE OF TEXAS TRAVIS COUNTY ATTORNEY DAVID ESCAMILLA is supervisor THE TRAVIS COUNTY ATTORNEY KENNETH **ERVIN**, THE TRAVIS COUNTY ATTORNEY JOHN **LASTOVICA**, and THE TRAVIS COUNTY ATTORNEY RICHARD **COFER**.

   a    TEX CR. CODE ANN. § 1.18  Texas Statutes - Article 1.18: OUTLAWRY AND TRANSPORTATION
        No citizen shall be outlawed, nor shall any person be transported out of the State for any offense committed within the same.

   b    United States v. Johnson, 76 F. Supp. 538, 539 (D. Pa. 1947), Federal District Court Judge James Alger Fee ruled that "The privilege against self-incrimination is neither accorded to the passive resistant, nor to the person who is ignorant of his rights, nor to one indifferent thereto. It is a FIGHTING clause. It's benefits can be retained only by sustained COMBAT. It cannot be claimed by attorney or solicitor. It is valid only when insisted upon by a BELLIGERENT claimant in person." McAlister vs. Henkel, 201 U.S. 90, 26 S.Ct. 385, 50 L.Ed. 671; Commonwealth vs. Shaw, 4 Cush. 594, 50 Am.Dec. 813; Orum vs. State, 38 Ohio App. 171, 175 N.E. 876. The one who is persuaded by honeyed words or moral suasion to testify or produce documents rather than make a last ditch stand, simply loses the protection . . . . He must refuse to answer or produce, and test the matter in contempt proceedings, or by habeas corpus." [Emphasis added.].

   c    Sir Edmund Burke said.
        "The only thing necessary for evil to triumph is for good men to do nothing.".

46. **DEFENDANT believes** and does believe THE TRAVIS COUNTY ATTORNEY KENNETH **ERVIN**, THE TRAVIS COUNTY ATTORNEY JOHN **LASTOVICA**, and THE TRAVIS COUNTY ATTORNEY RICHARD **COFER** the THE STATE OF TEXAS DISTRICT ATTORNEY ROSEMARY **LEHMBERG** are *SHIELDING FROM PROSECTION* THE STATE OF TEXAS 403 DISTRICT *MAGISTRATE BRENDA KENNEDY,*

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Respectfully Submitted,

STATE OF TEXAS, COUNTY OF TRAVIS
This instrument was sworn and subscribed before me on the 23rd day of April , 2012 by Michael Haendel.
                                                                              Notary Public Seal below

_____                    _____
Signature Notary Public                     Signature Michael Haendel
                                            **CRIMINAL AFFIDAVIT**
                                            Page 6 of 7

CRIMINAL AFFIDAVIT

## AFFIDAVIT

THE STATE OF TEXAS COUNTY OF TRAVIS. BEFORE ME, the undersigned authority, on this day, personally appeared Michael Haendel, who swore or affirmed to tell truth, and stated as follows: "My name is Michael Haendel.  I am of sound mind and capable of making this sworn statement. I have personal knowledge of the facts written in this statement. I understand that if I lie in this statement I may be held criminally responsible. This statement is true."


Signature Michael Haendel, across United States Post Office Stamp
P.O. BOX 300952, Austin, Texas 78703,

Sworn to and subscribed before me on the 23rd day of April year of 2012 A.D., by Michael Haendel.

ROSA M. MARTINEZ
Notary Public, State of Texas
My Commission Expires
March 12, 2013

Signature Notary Public, STATE OF TEXAS                   Notary Public Stamp Above

## CERTIFICATE OF SERVICE

On the 23rd day, in the month of April , in the year of 2012 A.D., I swear, affirm and certify that a complete copy of the this document was served to, the court docket by the THE STATE OF TEXAS THE TRAVIS COUNTY COURT CLERK or subordinates, at the following address:  1000 Guadalupe Street, Austin, Travis County, Texas,78701 and additionally swear, affirm and certify that on this same date, a complete copy of this document was hand delivered to opposing party the THE STATE OF TEXAS, THE TRAVIS COUNTY ATTORNEY or subordinates at 314 Eleventh Street, Room 300, Austin, Travis County Texas 78701.[1]


Signature Michael Haendel
P.O. Box 300952, Austin, Texas 78703, April 23rd, 2012 A.D.

[1] TEXAS RULES OF CIVIL PROCEDURE PART II - RULES OF PRACTICE IN DISTRICT AND COUNTY COURTS RULE 21a. METHODS OF SERVICE.

ROSA M. MARTINEZ
Notary Public, State of Texas
My Commission Expires
March 12, 2013

CRIMINAL AFFIDAVIT

Cause No. C-1-CR-11-2637 9

THE STATE OF TEXAS

VS.

Michael Haendel

IN THE COUNTY COURT

AT LAW NO. _____ OF

TRAVIS COUNTY, TEXAS

### MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas by and through her Attorney, and respectfully requests the Court to dismiss the above entitled and numbered criminal action in which the defendant is charged with the offense of

_____ Interference with Public Duties _____, for the reason:

☒ The evidence is insufficient;
☐ The defendant was convicted in another case;
☐ The complaining witness has requested dismissal;
☐ The case has been refiled;
☐ The defendant is unapprehended;
☐ The defendant is deceased;
☐ The defendant has been granted immunity in light of his testimony;
☐ Restitution made;
☐ Other;

and for cause would show the Court the following:

No opposition to expunction[s] #

WHEREFORE, it is prayed that the above entitled and numbered cause be dismissed.

Respectfully submitted

_____

_____ Attorney
Assistant County

May 31, 2012 _____ Date Signed

### ORDER

The foregoing motion having been presented to me on this the _____ day of _____,

A.D. 20____, and the same having been considered, it is, therefore, ORDERED, ADJUDGED and DECREED

that said above entitled and numbered cause be and the same is hereby dismissed.

_____

Judge of the County Court At Law

No. ____ of Travis County, Texas

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MICHAEL HAENDEL,                          §
    *Plaintiff*                         §
                                        §
vs.                                       §    CIVIL ACTION NO. A-13-CA-007-SS
                                        §
M. DIGIANTONIO and THOMAS EATON           §
    *Defendants.*                       §

### DEFENDANTS M. DIGIANTONIO AND THOMAS EATON'S DISCLOSURES PURSUANT TO F.R.C.P. 26(a)(1)[1]

TO:    Pro Se Plaintiff, Michael Haendel, P.O. Box 300952, Austin, Texas 78703.

    COMES NOW, Defendants M. Digiantonio and Thomas Eaton, and make these Initial

Disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1).

### I.    POTENTIAL WITNESSES

**Pro Se Plaintiff:**
Michael Haendel
P.O. Box 300952
Austin, Texas 78703

**TCSO staff potentially involved in the incident on January 5, 2011:**
Criminal Justice Center ("CJC") Courthouse Security
Lt. Robert Mills #694
Sgt. Brenda Hirsch #731
Sgt. Deborah Klekar #988
Richard Brown #801
Trina Hampton #1601
Sean Funderburgh #3477
Samantha Greenberg #1542
Thomas Eaton #3605 (He is now at the D.A.'s office)
Edgardo Gaitan #3798
Michael Digiantonio #1508
John Hernandez #4429

---

[1] The parties were unable to conduct a standard Rule 26(f) conference. As a result, it was impossible to calculate the time for initial disclosures. Therefore, Defendants incorporate their enclosed List of Potential Witnesses and Exhibits served pursuant to the Court's scheduling order which is being served simultaneously in the same certified mail envelope. In addition, because Plaintiff has listed a P.O. Box as his address, Defendants will send an additional copy of the documents to him via regular mail.

1

Brian Rubel #918

509 W. 11th St.
Austin, Texas 78701
(512) 854-9889

**Travis County Sheriff's Office Officials:**
Sgt. Jeffrey Anderson #553
Travis County Sheriff's Office
5555 Airport Blvd.
Austin, Texas 78751
(512) 854-9770

Sheriff Greg Hamilton #101
Travis County Sheriff's Office
5555 Airport Blvd.
Austin, Texas 78751
(512) 854-9770

**Austin Police Department Employees:**
Christa Lemon
Austin Police Department ("APD")
715 East 8th Street
Austin, Texas 78701
(512) 974-5000

**Central Booking Facility ("CBF")**
**At this time, Defendants are providing names of TCSO employees that worked Shifts A and B, however it is possible that not all of the employees listed had actual interaction with Mr. Haendel:**

Lt. Elizabeth Jurica #648
Sgt. Tammy Hazle #1286
Sgt. Wilanne Stewart #871
Sgt. James Hodge #949
Nathan Bradshaw #784 (no longer with TCSO)
Laura Hill #1799
Alvina Gomez #800
Myrna Ruiz #1592
Blanca Garcia #3640
Andrew Ybarra #606
Aida Salgado #4408 (licensed vocational nurse)
Jerry Sustala #3393
Robert Kan #3832
Dale Jordan #4517

2

Nathan Matteson #4198
Charles Teague #1728
Ernest Maldia #1107
Michael Tobias #3738
William McMullin #702
Jeffery Spencer #1784
Charles Oppermann #1099
Sharlan Narvaez #1520
Allan Owens #811
Roger Harper #1129
Charles Balke #1501
Rick Reynolds #1552
Paul Eck #1674
Esteban Castilla #1111
Esmeralda Rose #145
Tilsa Gaslin #3243
Sheila Horton #3333
Robert Martin #584
John Grayson #819

**TCSO staff involved in processing Plaintiff through TCJ:**
Travis County Jail ("TCJ")
Lt. Nelda Pena #1018
Sgt. Christina McAfee #2073
Sgt. Daniels Voights #661
Leann Jones #4261
Juliana Flores #4256
Karen Cotton #3872 (counselor)
Susan Conway #1461 (licensed vocational nurse)
Rebecca Curiel #1747 (licensed vocational nurse)
Barbara Kelly #1378 (former charge nurse, she is now retired)

Travis County Sheriff's Office
509 W. 11th St.
Austin, Texas 78701
(512) 854-9889

**At this time, Defendants are providing names of TCSO employees that worked on Team 1**
**and 3 on January 5, 2011, and/or January 6, 2011, and were involved in processing Plaintiff**
**through TCJ, however it is possible that not all of the employees listed had actual**
**interaction with Mr. Haendel:**

Team 1
Sgt. Nathaniel Gillespie #681
Cynthia Vela #4317
Makayla Hensley #4491

3

294154–1

Garrett Collins #4585
Patricia Colvin #4570
Brandon Massey #4339
Luisa Reyes #4138
Melissa Slone #2074
James Wilson #911 (no longer with TCSO)
Cleotis Wimberly, #3513
Joshua Taylor #4132
Christopher Ellis #3217
Steven St. James #4176
Darnell Dail #4291
Scott Rickabaugh #3576
Orlando Castaneda #3510
Vance Pence #4091
Felicia Rhines #3763 (no longer with TCSO)
Paul Rock #4096
Donna Clark #4281
Lauretta Rock #3869
Jennifer Weiss #4220

Team 3
Albert Herrera #3036
Jason Kovalcik #3369
Joseph Ruiz #4446
Lauretta Lawless #4305
Benjamin Arriola #4375 (no longer with TCSO)
Joshua Loving #4590
Terri Garcia #1052
Lisa Johnson #3478
Ramon Powers #3816
Dionisio Dorado #3814
Dominic Mokry #4675
Robert Mardis #3295
Julian Hernandez #4287
Marcelo Davila #3277
Tamera Brown #4349
Marshell Brumfield #4419
Travis County Sheriff's Office
509 W. 11th St.
Austin, Texas 78701
(512) 854-9889

4

**Travis County Correctional Complex ("TCCC")**

**At this time, Defendants are providing names of TCSO employees that worked Shift A on January 6, 2011, and/or January 7, 2011, however it is possible that not all of the employees listed had actual interaction with Mr. Haendel:**
A-Shift:
Sgt. Laura Town #1732
Sgt. Scott Gebert #238
David Williams #3152
Cesar Hernandez #4508
Kelvin Rucks #1377
Bradley Peyton #436
Clayton Jones #1450
Timothy Kinsley #820
Jeffrey Flippin #1369
John Morgan #1573
Anthony Ward #3993
John White #852
James Peel #831
Domingo Vasquez #3739
Matilde Nava #4271
Arthur Gutierrez #3829
Kurt Zdeb #4131
Count Fuller #762
Lee Parker #1204
James Hammack #782
John Witbrodt #396 (no longer with TCSO)
Phillip Vidouria #1465
Robert Escobedo #3992
Lewis – OT (B Unit) Derek Daniels #3883

**B-Shift**
**At this time, Defendants are providing names of TCSO employees that worked Shift B on January 6, 2011, and/or January 7, 2011, however it is possible that not all of the employees listed had actual interaction with Mr. Haendel:**
Sgt. G. Cano #201
Timothy Parrish #4246
James Armenta #4018 (no longer with TCSO)
Joseph Ferguson #4457
Joshua Osborn #3835
Andrew Garcia #4562 (no longer with TCSO)
Thomas Goertz #4603
William Anderson #954
Alvis Prince #3077
Steven Magdaleno #4617
Wesley Tate #3357

294154–1

Calvin Jenkins #3950
Warren Ervin #186
James Traynor #4319
Donald MacIntyre #4677
William McFerren #4496 (no longer with TCSO)
Timothy Hurt #4363
Joe Ledesma #4681
Bridgett Thornton #4492
Timothy Parrish #4246
Ruben Nunez #4665
Eric Sotelo #4625
George Frazer #4650

**C-Shift**
**At this time, Defendants are providing names of TCSO employees that worked Shift C on January 6, 2011, however it is possible that not all of the employees listed had actual interaction with Mr. Haendel:**
Sgt. Jacqueline Welch #409
Matthew Utterback #3105
Benjamin Delcamp #4598
David Merka #191
McBride

**TCSO staff involved in processing Plaintiff through TCCC:**
Deputy John Kraft #3886
Karen McMahon #4630
Shade Kemp #4511
Tamara Scott #3717
Jacalyn Grady #3521
Victoria Chambers #3922
Barbara Mitchell #3843 (registered nurse, she is now retired)
Patricia Vercher #4554
Raul Garcia #4024
Ronald Modequillo #4161(charge nurse)

3614 Bill Price Road
Del Valle, Texas 78617
(512) 854-4180

**TCCC Medical Administrative Staff:**
Elizabeth Minks #756
Travis County Correctional Complex ("TCCC")
3614 Bill Price Road
Del Valle, Texas 78617
(512) 854-4180

6

**Individual who visited Michael Haendel during his incarceration at TCCC on January 6, 2011:**
Mary Catherine Krenek
5411 Link Avenue
Austin, Texas 78751

**Surety bail bond agent for Michael Haendel on January 7, 2011:**
Debra W. Ojeda
Kwick Bail Bonds #2
605 W. 18th Street
Austin, Texas 78701
(512) 472-5945

**Magistrate Judge that performed magistration of Plaintiff:**
Celeste Villarreal
Municipal Judge
City of Austin
P.O. Box 2135
Austin, Texas 78768
(512) 974-4800

**District Judge who signed the Affidavit for Warrant of Arrest and Detention pertaining to the incident involving Michael Haendel on January 5, 2011:**
Brenda Kennedy
403rd District Judge
509 W. 11th St., 6th Floor
Austin, Texas 78701

**Admitting physician who treated Michael Haendel for hand pain on January 8, 2011:**
Alois Duska, MD
Seton Medical Center
1201 West 38th Street
Austin, Texas 78705
(512) 324-1000

**Physician who was referred to Michael Haendel by Dr. Alois Duska on January 8, 2011, for a follow-up examination to evaluate him for diabetes:**
Veena Surapaneni, MD
11901 W. Parmer Ln., Ste. 110
Cedar Park, Texas 78613
(512) 260-5206

**Registered nurse who conducted a triage assessment of Michael Haendel on January 8, 2011:**
Darren Hodgson, RN
Seton Medical Center
1201 West 38th Street

294154-1

Austin, Texas 78705
(512) 324-1000

**Registered nurse who conducted a nursing assessment of Michael Haendel on January 8, 2011:**
C.E. Helman, RN **(2970018-19, 2970022)**
Seton Medical Center
1201 West 38th Street
Austin, Texas 78705
(512) 324-1000

**Any and all Seton Medical Center staff and/or providers who provided medical care to Michael Haendel on January 8, 2011.**
Seton Medical Center
1201 West 38th Street
Austin, Texas 78705
(512) 324-1000

**Any medical professionals that have treated or seen Mr. Haendel from 2007 to the present**
Defendants do not have this information at this time but anticipate obtaining the names through discovery

**Travis County Risk Management:**
Donna Stirman
HRMD – Risk Management
1010 Lavaca St.
Austin, Texas 78701
(512) 854-9499

William Paterson
HRMD – Risk Management
1010 Lavaca St.
Austin, Texas 78701
(512) 854-9499

**Possible Witnesses on the issue of attorney's fees:**

Elaine A. Casas
Travis County Attorney's Office
314 W. 11th Street, Suite 420
Austin, Texas 78701
(512) 854-9316

Jennifer Kraber
Travis County Attorney's Office
314 W. 11th Street, Suite 420

8

294154-1

Austin, Texas 78701
(512) 854-9316

Defendant further reserves the right to call any witness or expert witnesses identified by Plaintiff or any other party discovered in any interrogatory responses, in responses to Requests for Admission, in any documents produced in response to Requests for Production or subpoena duces tecum, in any deposition testimony, disclosures or in any Designation of Potential Witnesses filed with the Court or served on Plaintiff

## II.  POTENTIAL EXHIBITS

- ■ Michael Haendel's TCSO Booking File.*

- ■ Michael Haendel's TCSO Tiburon Documents.*

- ■ Michael Haendel's TCSO Medical File.*

- ■ Relevant TCSO Policies and Procedures.*

- ■ Log Books for TCSO staff, CBF, TCJ and HSC.*

- ■ TCSO Training records and any certificates or licenses pertaining to TCSO Deputies Digiantonio and Eaton.*

- ■ TCSO Reports regarding Michael Haendel.*

- ■ Any public records relating to Michael Haendel, including criminal files and records.

- ■ Medical records for Plaintiff from outside providers from 2007 to the present

- ■ Any photos and/or videotape taken at the scene of the incident.*

- ■ Criminal and Civil Court Records regarding Michael Haendel.*

- ■ Any notes, journals and/or diaries kept by Michael Haendel.

- ■ Any non-privileged correspondence to, from or about Michael Haendel regarding the incident on January 5, 2011.

- ■ Any previous videos or photos of Michael Haendel prior to the incident.

- ■ Any depositions or sworn statements of Michael Haendel from past litigation.

- ■ An example of the type of handcuffs used on Michael Haendel.

- ■ The lanyard and recorder worn by Michael Haendel at the time of the incident.

294154–1

- Photographs of the CJC security screening area and the equipment used for screening.

\* These documents are currently in Travis County's possession and will be provided to Plaintiff upon request.

     Defendants reserve the right to supplement their list of potential exhibits.  Defendants also reserve the right to use any document or tangible thing identified by any party in any interrogatory response, in responses to Requests for Admission, in any documents produced in response to Requests for Production, in disclosures, in response to any subpoena duces tecum, or in any Designation of Potential Exhibits filed or served pursuant to the Court's Scheduling Order(s).

                           Respectfully submitted,

                           **DAVID A. ESCAMILLA**
                           County Attorney, Travis County
                           P. O. Box 1748
                           Austin, Texas 78767
                           Telephone: (512) 854-9513
                           Facsimile:  (512) 854-4808

By: _Elaine Casas_ _____

                           Elaine Casas
                           Assistant Travis County Attorney
                           State Bar No. 00785750
                           Jennifer Kraber
                           Assistant Travis County Attorney
                           State Bar No. 24027426
                           **ATTORNEYS FOR DEFENDANTS**

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent via certified mail, return receipt requested and via regular U.S. Mail to the following individual on the 10th day of July, 2013.

**CMRRR #7011 0470 0003 0635 8942**
Michael Haendel
P.O. Box 300952
Austin, Texas 78703
PRO SE PLAINTIFF

Elaine A. Casas
Jennifer Kraber
Assistant County Attorneys

294154–1

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MICHAEL HAENDEL,** | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. A-13-CA-007-SS** |
| | § | |
| | § | |
| **M. DIGIANTONIO and THOMAS EATON** | § | |
| *Defendants.* | § | |

## DEFENDANTS M. DIGIANTONIO AND THOMAS EATON'S DESIGNATION OF EXPERTS, POTENTIAL WITNESSES AND PROPOSED TRIAL EXHIBITS[1]

COME NOW, Defendants M. Digiantonio and Thomas Eaton, herein referred to as "Defendants," by and through their attorney of record, the Travis County Attorney, and pursuant to the Scheduling Order entered by the Court, hereby designate their potential witnesses and testifying experts with a written summary of the expected testimony of each expert, and a disclosure list of Defendants' proposed trial exhibits to Michael Haendel, Pro Se Plaintiff. Pursuant to the language of the Court's scheduling order in this case, Defendants are serving this document on Mr. Haendel, but not filing it with the Court.

---

[1] Defendants incorporate their enclosed Initial Disclosures in this designation as if fully set out herein. The parties were unable to conduct a standard Rule 26(f) conference. As a result, it was impossible to calculate the time for initial disclosures. Therefore, Defendants are serving this list of potential witnesses and proposed trial exhibits pursuant to the Court's scheduling order, and also, serving initial disclosures simultaneously in the same certified mail envelope. In addition, because Plaintiff has listed a P.O. Box as his address, Defendants will send an additional copy of the documents to him via regular mail.

1

Respectfully submitted,

DAVID ESCAMILLA
TRAVIS COUNTY ATTORNEY
P. O. Box 1748
Austin, Texas 78767
(512) 854-9415
FAX: (512) 854-4808

By: _____
ELAINE A. CASAS
Assistant County Attorney
State Bar No. 00785750

JENNIFER KRABER
Assistant County Attorney
State Bar No. 24027426

ATTORNEYS FOR DEFENDANTS

2

294361-1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent via certified mail, return receipt requested and via regular U.S. Mail to the following individual on the 10th day of July, 2013.

**CMRRR #7011 0470 0003 0635 8942**
Michael Haendel
P.O. Box 300952
Austin, Texas 78703
PRO SE PLAINTIFF

Elaine A. Casas
Jennifer Kraber
Assistant County Attorneys

## POTENTIAL FACT WITNESSES

### TRAVIS COUNTY SHERIFF'S OFFICE ("TCSO") ADDRESSES FOR LISTED WITNESSES BELOW

Central Command
5555 Airport Blvd
Austin, Texas 78751
(512) 854-9770

TCSO Criminal Justice Center ("CJC") Courthouse
509 W. 11th St.
Austin, Texas 78701
(512) 854-9889

Travis County Central Booking ("CBF")
509 W. 11th St.
Austin, Texas 78701
(512) 854-9889

Travis County Jail ("TCJ")
509 W. 11th St.
Austin, Texas 78701
(512) 854-9889

Travis County Correctional Complex ("TCCC")
3614 Bill Price Rd.,
Del Valle, Texas 78617
(512) 854-4180

### TCSO Chain of Command

Sheriff Greg Hamilton #101
Chief Deputy James Sylvester #499
Major Darren Long #832
Major Mark Sawa #337
Travis County Sheriff's Office
5555 Airport Blvd
Austin, Texas 78751
(512) 854-9770
Have knowledge of the incident that is the subject of this lawsuit.

### TCSO Medical Staff

Aida Salgado #4408, TCJ/CBF licensed vocational nurse, was present during booking

Susan Conway #1461, TCJ/CBF licensed vocational nurse, completed the TCJ Intrasystem Transfer Summary
Travis County Jail/Central Booking Facility
509 W. 11th St.
Austin, Texas 78701
(512) 854-9889

Ronald Modequillo #4161, TCCC Charge Nurse, completed TCCC Intrasystem Transfer Summary
Travis County Correctional Complex
3614 Bill Price Rd.,
Del Valle, Texas 78617
(512) 854-4180

## Former TCSO Medical Staff

Barbara Kelly #1378, Former TCJ charge nurse, performed nurse visit on January 6, 2011
c/o Travis County Sheriff's Office
Attn: Michael LaSorsa
5555 Airport Blvd
Austin, Texas 78751
(512) 854-9770

Rebecca Curiel #1747, TCJ licensed vocational nurse (at the time of the incident), on duty at TCJ on January 5, 2011
Currently employed at:
Gardner Betts Juvenile Center
2515 S. Congress
Austin, Texas 78704
(512) 854-7000

Barbara Mitchell #3843, TCCC Registered Nurse, on duty on January 7, 2011
c/o Travis County Sheriff's Office
Attn: Michael LaSorsa
5555 Airport Blvd
Austin, Texas 78751
(512) 854-9770

## Travis County Jail Programs Staff

Karen Cotton #3872, TCJ Counselor Sr., performed CBF Mental Health Screening, psychological observation and clinical assessment
Travis County Jail
509 W. 11th St.
Austin, Texas 78701
(512) 854-9889

5

294361-1

Raul Garcia #4024, TCCC social services program coordinator, performed clinical assessment on January 6, 2011
Travis County Correctional Complex
3614 Bill Price Rd.,
Del Valle, Texas 78617
(512) 854-4180

## TCSO CJC Courthouse Security Staff Involved In The Incident On January 5, 2011

Lt. Robert Mills #694, CJC Courthouse Security Lieutenant (at time of the incident)
Sgt. Brenda Hirsch #731, CJC Sergeant
Sgt. Deborah Klekar #988, CJC Sergeant
Trina Hampton #1601, CJC Deputy Sheriff
Sean Funderburgh #3477, CJC Deputy Sheriff *
Samantha Greenberg #1542, CJC Deputy Sheriff
Edgardo Gaitan #3798, CJC Deputy Sheriff
Michael Digiantonio #1508, CJC Deputy Sheriff, asked Michael Haendel to leave the building due to his non-compliance
John Hernandez #4429, CJC Deputy Sheriff, arrested and detained Michael Haendel
Brian Rubel #918, CJC Deputy Sheriff *
Travis County Criminal Justice Center
509 W. 11th St.
Austin, Texas 78701
(512) 854-9889

* These witnesses are listed in an abundance of caution, but it is probable that they were not present at the time of the incident because records indicate that they were either assigned to a different shift or left prior to the incident.

## TCSO Criminal Investigations Staff

Sgt. Jeffrey Anderson #553, Criminal Investigations Sergeant, entered an entry in Tiburon
Travis County Sheriff's Office
5555 Airport Blvd.
Austin, Texas 78751
(512) 854-9770

## Austin Police Department ("APD") Staff

Christa Lemon, APD employee, confirmed Michael Haendel's personal identifiers
Austin Police Department
715 East 8th Street
Austin, Texas 78701
(512) 974-5000

294361-1

**TCSO Corrections Staff – CBF.  The following TCSO employees worked Shifts A and B on January 5, 2011, however it is possible that not all of the employees listed had actual interaction with Michael Haendel.**

Lt. Elizabeth Jurica #648, CBF Lieutenant (at the time of the incident)
Sgt. Tammy Hazle #1286, CBF Sergeant
Sgt. Wilanne Stewart #871, CBF Sergeant
Sgt. James Hodge #949, CBF Sergeant (at the time of the incident)
Laura Hill #1799, CBF Corrections Officer, Sr., assigned to booking/entry
Alvina Gomez #800, CBF Corrections Officer, Sr., assigned to screening
Myrna Ruiz #1592, CBF Office Specialist, Sr.
Blanca Garcia #3640, CBF Security Coordinator
Andrew Ybarra #606, CBF Corrections Officer, Sr.
Robert Kan #3832, CBF Security Coordinator
Dale Jordan #4517, CBF Corrections Officer, Sr.
Nathan Matteson #4198, CBF Corrections Officer, Sr.
Charles Teague #1728, CBF Corrections Officer, Sr.
Ernest Maldia #1107, CBF Corrections Officer, Sr.
Michael Tobias #3738, CBF Corrections Officer, Sr., assigned to booking window
William McMullin #702, CBF Corrections Officer, Sr. (at time of incident), assigned to prints
Jeffery Spencer #1784, CBF Corrections Officer, Sr., assigned to warrants
Charles Oppermann #1099, CBF Corrections Officer, Sr., assigned to court
Sharlan Narvaez #1520, CBF Security Coordinator, assigned to CBF property
Allan Owens #811, CBF Corrections Officer, Sr., assigned to CBF housing float
Roger Harper #1129, CBF Corrections Officer, Sr., assigned to magistration
Charles Balke #1501, CBF Corrections Officer, Sr., assigned to releases
Rick Reynolds #1552, CBF Corrections Officer, Sr., assigned to releases
Paul Eck #1674, CBF Corrections Officer, Sr., assigned to bonding
Esteban Castilla #1111, CBF Corrections Officer, Sr. assigned to bonding
Esmeralda Rose #145, CBF Corrections Officer, Sr., assigned to R&D
Tilsa Gaslin #3243, CBF Corrections Officer, Sr., assigned to R&D
Sheila Horton #3333, CBF Security Coordinator, assigned to main control
Robert Martin #584, CBF Corrections Officer, Sr., assigned to post 1
John Grayson #819, CBF Corrections Officer, Sr., assigned to post 2
Travis County Central Booking
509 W. 11th St.
Austin, Texas 78701
(512) 854-9889

**TCSO Corrections Staff – TCJ.   The following TCSO employees were involved in processing Plaintiff through TCJ.**

Lt. Nelda Pena #1018, TCJ Lieutenant (at the time of the incident)
Sgt. Christina McAfee #2073, TCJ Sergeant, Team 1
Leann Jones #4261, TCJ Corrections Officer, Sr. (at the time of the incident), officer on duty assigned to medical on January 5, 2011

Sgt. Daniel Voights #661, TCJ Sergeant, Team 3
Juliana Flores #4256, TCJ Corrections Officer, Sr., officer on duty assigned to medical on January 5-6, 2011
Travis County Jail
509 W. 11th St.
Austin, Texas 78701
(512) 854-9889

**TCSO Corrections Staff – TCJ. The following TCSO employees worked on Team 1 and/or 3 on January 5, 2011, and/or January 6, 2011, and were possibly involved in processing Plaintiff through TCJ, however it is possible that not all of the employees listed had actual interaction with Mr. Haendel.**

Team 1
Sgt. Nathaniel Gillespie, TCJ Sergeant, Team 1 (at the time of the incident)
Cynthia Vela #4317, TCJ Security Coordinator, assigned to 1 control
Makayla Hensley #4491, TCJ Cadet Corrections Officer, assigned to 2 control
Garrett Collins #4585, TCJ Corrections Officer, assigned to 3 control
Patricia Colvin #4570, TCJ Security Coordinator, assigned to 4 control
Brandon Massey #4339, TCJ Corrections Officer, Sr., assigned to 2 north
Luisa Reyes #4138, TCJ Corrections Officer, Sr., assigned to 2 float
Melissa Slone #2074, TCJ Corrections Officer, Sr., assigned to 2 south
Cleotis Wimberly, #3513, TCJ Corrections Officer, Sr., assigned to 3 float
Joshua Taylor #4132, TCJ Cadet Corrections Officer (at the time of the incident), assigned to 3 south
Christopher Ellis #3217, TCJ Corrections Officer, Sr., assigned to 4 north
Steven St. James #4176, TCJ Corrections Officer, Sr., assigned to 4 float
Darnell Dail #4291, TCJ Corrections Officer, Sr. (at the time of the incident), assigned to 4 south
Scott Rickabaugh #3576, TCJ Corrections Officer, Sr., assigned to Bldg. S/E1
Orlando Castaneda #3510, TCJ Corrections Officer, Sr., assigned as a rec. officer
Vance Pence #4091, TCJ Corrections Officer, Sr., assigned as a rec. officer
Paul Rock #4096, TCJ Office Specialist, Sr., assigned to reception in the a.m. shift
Donna Clark #4281, TCJ Office Specialist, Sr., assigned to reception in the a.m. shift
Lauretta Rock #3869, TCJ Office Specialist, Sr., assigned to reception in the p.m. shift
Jennifer Weiss #4220, TCJ Office Specialist, Sr., assigned to reception in the p.m. shift

Team 2
Albert Herrera #3036, TCJ Security Coordinator, assigned to 1 control
Jason Kovalcik #3369, TCJ Security Coordinator, assigned to 2 control
Joseph Ruiz #4446, TCJ Security Coordinator, assigned to 3 control
Lauretta Lawless #4305, TCJ Security Coordinator, assigned to 4 control
Joshua Loving #4590, TCJ Security Coordinator (at the time of the incident), assigned to relief
Terri Garcia #1052, TCJ Corrections Officer, Sr., assigned to 2 float
Lisa Johnson #3478, TCJ Corrections Officer, Sr., assigned to 2 south
Ramon Powers #3816, TCJ Corrections Officer, Sr., assigned to 2 south
Dionisio Dorado #3814, TCJ Corrections Officer, Sr, assigned to 3 float

8

Dominic Mokry #4675, TCJ Corrections Officer, assigned to 3 float
Robert Mardis #3295, TCJ Corrections Officer, Sr., assigned 3 south
Julian Hernandez #4287, TCJ Corrections Officer, Sr., assigned to 4 north
Marcelo Davila #3277, TCJ Corrections Officer, Sr. (at the time of the incident), assigned to 4 south
Tamera Brown #4349, TCJ Corrections Officer, Sr., assigned to Bldg. S/E1
Marshell Brumfield #4419, TCJ Corrections Officer, Sr., assigned to Bldg. S/E2
Travis County Jail
509 W. 11th St.
Austin, Texas 78701
(512) 854-9889

**TCSO Corrections Staff – TCCC.   The following TCSO employees worked Shift A on January 6, 2011, and/or January 7, 2011, however it is possible that not all of the employees listed had actual interaction with Mr. Haendel.**

Sgt. Laura Town #1732, TCCC Sergeant (at the time of incident)
Sgt. Scott Gebert #238, TCCC Sergeant
David Williams #3152, TCCC Security Coordinator, assigned to control
Cesar Hernandez #4508, TCCC Security Coordinator, assigned to control
Kelvin Rucks #1377, TCCC Corrections Officer, Sr., assigned to programs
Bradley Peyton #436, TCCC Corrections Officer, Sr., assigned to clinic
Clayton Jones #1450, TCCC Corrections Officer, Sr., assigned to clinic/programs
Timothy Kinsley #820, TCCC Corrections Officer, Sr., assigned to search/escort and C Unit
Jeffrey Flippin #1369, TCCC Corrections Officer, Sr., assigned to search/escort
John Morgan #1573, TCCC Corrections Officer, Sr., assigned to search/escort
Anthony Ward #3993, TCCC Corrections Officer, Sr., assigned to B and D Units
James Peel #831, TCCC Corrections Officer, Sr., assigned to C Unit and clinic
Domingo Vasquez #3739, TCCC Corrections Officer, Sr. (at the time of the incident), assigned to C Unit and Honor's Building)
Matilde Nava #4271, TCCC Corrections Officer, Sr., assigned to D Unit and clinic/programs
Arthur Gutierrez #3829, TCCC Corrections Officer, Sr. (at the time of the incident), assigned E Unit
Kurt Zdeb #4131, TCCC Corrections Officer, Sr., assigned to E Unit
Count Fuller #762, TCCC Corrections Officer, Sr., assigned to E Unit and search/escort
Lee Parker #1204, TCCC Corrections Officer, Sr., assigned to F Unit
James Hammack #782, TCCC Corrections Officer, Sr., assigned to F Unit
Phillip Vidouria #1465, TCCC Corrections Officer, Sr., assigned to Honor's Building
Robert Escobedo #3992, TCCC Corrections Officer, Sr., assigned to search/escort
Lewis – OT, assigned to B Unit
Derek Daniels #3883, TCCC Corrections Officer, Sr. (at the time of the incident), assigned to C Unit
Travis County Correctional Complex
3614 Bill Price Rd.,
Del Valle, Texas 78617
(512) 854-4180

9

294361-1

**TCSO Corrections Staff – TCCC.  The following TCSO employees worked Shift B on January 6, 2011, and/or January 7, 2011, however it is possible that not all of the employees listed had actual interaction with Mr. Haendel.**

Sgt. Graciela Cano #201, TCCC Sergeant
Timothy Parrish #4246, TCCC Corrections Officer, assigned to control
Joseph Ferguson #4457, TCCC Corrections Officer, assigned to search/escort and C Unit
Joshua Osborn #3835, TCCC Corrections Officer, Sr., assigned to search/escort
Thomas Goertz #4603, TCCC Corrections Officer, Sr., assigned to B and C Units
William Anderson #954, TCCC Corrections Officer, Sr., assigned to C Unit and search/escort
Alvis Prince #3077, TCCC Corrections Officer, Sr. (at the time of the incident), assigned to C Unit
Steven Magdaleno #4617, TCCC Corrections Officer, Sr., assigned to D Unit and search/escort
Wesley Tate #3357, TCCC Corrections Officer, Sr., assigned to E Unit
Calvin Jenkins #3950, TCCC Corrections Officer, Sr., assigned to E Unit
Warren Ervin #186, TCCC Corrections Officer, Sr., assigned to E Unit
James Traynor #4319, TCCC Corrections Officer, Sr., assigned to F Unit
Donald MacIntyre #4677, TCCC Cadet Corrections Officer, assigned to F Unit
Timothy Hurt #4363, TCCC Corrections Officer, Sr., assigned to Honor's Building and D Unit
Joe Ledesma #4681, TCCC Corrections Officer, assigned to control
Bridgett Thornton #4492, TCCC Security Coordinator, assigned to control
Timothy Parrish #4246, TCCC Corrections Officer, assigned to clinic/S&E
Ruben Nunez #4665, TCCC Cadet Corrections Officer, assigned to clinic/S&E
Eric Sotelo #4625, TCCC Corrections Officer, Sr., assigned to B Unit
George Frazer #4650, TCCC Cadet Corrections Officer, assigned to Honor's Building
Travis County Correctional Complex
3614 Bill Price Rd.,
Del Valle, Texas 78617
(512) 854-4180

**TCSO Corrections Staff – TCCC.  The following TCSO employees worked Shift C on January 6, 2011, however it is possible that not all of the employees listed had actual interaction with Mr. Haendel.**

Sgt. Jacqueline Welch #409, TCCC Sergeant
Matthew Utterback #3105, TCCC Corrections Officer, Sr.
Benjamin Delcamp #4598, TCCC Corrections Officer, Sr.
David Merka #191, TCCC Corrections Officer, Sr.
McBride
Travis County Correctional Complex
3614 Bill Price Rd.,
Del Valle, Texas 78617
(512) 854-4180

10

**TCSO Corrections Staff – TCCC.   The following TCSO employees were involved in processing Plaintiff through TCCC.**

Deputy John Kraft #3886, TCCC Corrections Officer, Sr.
Karen McMahon #4630, TCCC Office Specialist, Sr.
Shade Kemp #4511, TCCC Office Specialist, Sr.
Tamara Scott #3717, TCCC Office Specialist, Sr.
Jacalyn Grady #3521, TCCC Office Specialist, Sr.
Victoria Chambers #3922, TCCC Office Specialist
Patricia Vercher #4554, TCCC Security Coordinator
Travis County Correctional Complex
3614 Bill Price Rd.,
Del Valle, Texas 78617
(512) 854-4180

**Former TCSO Corrections Staff.  The following former employees worked on January 6, 2011, and/or January 7, 2011, however it is possible that they may not have had actual interaction with Mr. Haendel.**

Richard Brown #801, Former CJC Security Coordinator
Nathan Bradshaw #784, Former CBF Corrections Officer, Sr.
Jerry Sustala #3393, Former CBF Deputy Sheriff, Sr.
John White #852, Former TCCC Corrections Officer, Sr., assigned to B Unit
John Witbrodt #396, Former TCCC Corrections Officer, Sr., assigned to Honor's Building and F Unit
James Armenta #4018, Former TCCC Corrections Officer, Sr., assigned to clinic/S&E and E Unit
Andrew Garcia #4562, Former TCCC Cadet Corrections Officer, assigned to B Unit
William McFerren #4496, Former TCCC Corrections Officer, assigned to Honor's Building
James Wilson #911, Former TCJ Corrections Officer, Sr., assigned to 3 north
Felicia Rhines #3763, Former TCJ Office Specialist, Sr., assigned to reception in the a.m. shift
c/o Travis County Sheriff's Office
Attn: Michael LaSorsa
5555 Airport Blvd
Austin, Texas 78751
(512) 854-9770

Thomas Eaton #3605, Former CJC Deputy Sheriff
Travis County District Attorney's Office
509 W. 11th St.
Austin, Texas 78701

Benjamin Arriola #4375, Former TCJ Corrections Officer, Sr., assigned to 2 north
10205 Longhorn Sky Way
Dripping Springs, Texas 78620
(512) 560-9914

11

**TCSO HSB Administration – TCCC**

Elizabeth Minks #756, TCCC Office Specialist, Sr., provided medical records to Mr. Haendel on February 8, 2011
Travis County Correctional Complex ("TCCC")
3614 Bill Price Road
Del Valle, Texas 78617
(512) 854-4180

**CITY OF AUSTIN**

Celeste Villarreal, Municipal Judge, performed magistration of Michael Haendel.
City of Austin
P.O. Box 2135
Austin, Texas 78768
(512) 974-4800

**403rd DISTRICT JUDGE**

Brenda Kennedy, 403rd District Judge, signed an affidavit for warrant of arrest of Michael Haendel
403rd District Judge
509 W. 11th St., 6th Floor
Austin, Texas 78701

**TRAVIS COUNTY RISK MANAGEMENT**

Dan Mansour and/or Donna Stirman
HRMD – Risk Management
1010 Lavaca St.
Austin, Texas 78701
(512) 854-9499

**SETON MEDICAL CENTER**

Alois Duska, Admitting Physician, treated Plaintiff for hand pain on January 8, 2011

Darren Hodgson, RN, performed a triage assessment of Plaintiff on January 8, 2011

C.E. Helman, RN, performed a nursing assessment of Plaintiff on January 8, 2011

Any and all Seton Medical Center staff and/or providers who provided medical care to Michael Haendel on January 8, 2011.
1201 West 38th Street
Austin, Texas 78705
(512) 324-1000

12

294361-1

**ADDITIONAL MEDICAL PROVIDERS**

Veena Surapaneni, MD, may have possibly examined Plaintiff after being treated at Seton Medical
Center for hand pain (2970010, 2970022)
11901 W. Parmer Ln., Ste. 110
Cedar Park, Texas 78613
(512) 260-5206

Any other medical providers seen by Michael Haendel within five years of the incident.

**PLAINTIFF'S FRIENDS AND/OR FAMILY MEMBERS**

Mary Catherine Krenek
5411 Link Avenue
Austin, Texas 78751
Individual who visited Plaintiff during his incarceration at TCCC on January 6, 2011.

**POSSIBLE WITNESSES ON THE ISSUE OF ATTORNEY'S FEES**

Elaine A. Casas
Travis County Attorney's Office
314 W. 11th Street, Suite 420
Austin, Texas 78701
(512) 854-9316

Jennifer Kraber
Travis County Attorney's Office
314 W. 11th Street, Suite 420
Austin, Texas 78701
(512) 854-9316

Defendants also reserve the right to call any witnesses identified by Plaintiff in any
interrogatory responses, in responses to Requests for Admissions, in any documents produced in
response to Request for Production, in any deposition testimony or deposition exhibits and in any
designation of potential witnesses filed or served pursuant to the Court's Scheduling Order(s).

**POTENTIAL EXPERT WITNESSES**

Sheriff Greg Hamilton, TCSO
Major Darren Long, TCSO
Chief James Sylvester, TCSO
Major Mark Sawa, TCSO
P.O. Box 1748

13

Austin, Texas 78767
(512) 854-9770
(Non-retained experts)

The above listed expert witnesses are experts in law enforcement, corrections and medical care for inmates. Their qualifications are set out in their C.V's, which will be attached to their reports. They will testify as to the reasonableness and adequacy of TCSO's policies, practices, and customs. They will testify that TCSO's policies, practices and customs comply with federal and state laws, and that they are constitutional and not adopted and maintained with deliberate indifference to the federal constitutional rights of inmates. In addition, they can and will testify as to whether the actions taken or allegedly taken by individuals were consistent with TCSO policies, practices, and customs or if an individual's actions were in violation of TCSO policies practices or customs. They may also testify to rebut any testimony or evidence provided by Plaintiff regarding the training for TCSO Correctional Officers and whether that training meets legal requirements in Texas and under the federal constitution. They will also testify that TCSO fulfilled its duty to provide adequate medical and psychiatric care to inmates by, among other things, putting procedures in place for the provision of medical care and by contracting with a full time psychiatrist licensed to practice medicine in Texas and Board Certified in psychiatry.

The experts listed above are familiar with TCSO Policies and Procedures and with their adoption. They will further testify to the unique concerns present in a court security setting and how they might apply to Michael Haendel's situation. In addition, they can and will testify that the actions taken by TCSO Deputies Digiantonio and Eaton were consistent with TCSO policies, practices, and customs. They will testify that Deputies Digiantonio and Eaton acted to maintain the safety and security of a courthouse facility and that their actions concerning Michael Haendel were all related to ensuring the smooth operation of the Criminal Justice Division area on the day in question. Further, the experts will testify that Deputies Digiantonio and Eaton's actions were reasonable under the circumstance and that the deputies did not respond to the situation with excessive force. The experts, to the extent necessary, may also testify to rebut any testimony or evidence on use of force. They will base their expert opinions on their training, education, and experience and their review of TCSO policies and documents related to this lawsuit, including the pleadings, and the discovery in this case.

Dr. Daniel Culver Hart II, M.D.
Medical Director for the Travis County Correctional Complex
Travis County Sheriff's Office
P.O. Box 1748
Austin, TX 78767
(512) 854-4661
(Non-retained expert)

Dr. Hart is a licensed physician, and he has practiced medicine since 1972. He has been licensed in the State of Texas since 1972 and is board certified in emergency medicine. He has been employed by Travis County for the Travis County Sheriff's Office since June of 2000.

14

294361-1

Dr. Hart is expected to testify regarding the policies and procedures of the Travis County Sheriff's Office ("TCSO") concerning inmate medical care. It is Dr. Hart's opinion that TCSO's policies and procedures are designed to allow appropriate, medically necessary care for inmates incarcerated at Travis County correctional facilities. Dr. Hart may further testify regarding the training received by nursing staff from TCSO, as well as the prior training and experience required to obtain employment as a nurse at TCSO. Dr. Hart is also a Custodian of Records for TCSO and may testify as to the authenticity of the documents contained in Michael Haendel's medical file.

Dr. Hart holds the opinion that the policies and procedures of the Travis County Sheriff's Office are appropriate in providing for the numerous medical needs of inmates, in accordance with state and federal law. Dr. Hart has reviewed the TCSO policies and procedure manuals and will review Plaintiff's original complaint, Plaintiffs' responses to interrogatories and deposition testimony, the TCSO incarceration medical records, inmate file and booking file. In addition, Dr. Hart may testify as to his medical opinion as to the possible medical causes of Mr. Haendel's wrist pain, which may be related to diabetic neuropathy.

Defendants will be providing Plaintiff with reports which provide the general substance of the above listed experts' mental impressions and opinions and the basis for those impressions and opinions. Defendants reserve the right to call rebuttal experts to any expert testimony provided on behalf of Michael Haendel.

## POTENTIAL TRIAL EXHIBITS

- Michael Haendel's TCSO Booking File.

- Michael Haendel's TCSO Tiburon Documents.

- Michael Haendel's TCSO Medical File.

- Relevant TCSO Policies and Procedures.

- Log Books for TCSO staff, CBF, TCJ and HSC.

- TCSO Training records and any certificates or licenses pertaining to TCSO Deputies Digiantonio and Eaton.

- TCSO Reports regarding Michael Haendel.

- Any public records relating to Michael Haendel, including criminal files and records.

- Medical records for Plaintiff from outside providers from 2008 to the present.

- Any photos and/or videotape taken at the scene of the incident or in the jail.

- Criminal and Civil Court Records regarding Michael Haendel.

15

- Any notes, journals and/or diaries kept by Michael Haendel.

- Any non-privileged correspondence to, from or about Michael Haendel regarding the incident on January 5, 2011.

- Any previous videos or photos of Michael Haendel prior to the incident.

- Any depositions or sworn statements of Michael Haendel from past litigation.

- An example of the type of handcuffs used on Michael Haendel.

- The lanyard an drecorder worn by Michael Haendel at the time of the incident.

- Photographs of the CJC security screening area and the equipment used for screening.

Defendants also reserve the right to use any document or tangible thing identified by Plaintiff or Defendants in any interrogatory responses, in responses to Requests for Admissions, in any document produced in response to Request for Production, in any deposition testimony or deposition exhibit and in any designation of potential witnesses filed pursuant to the Court's Scheduling Order(s).

16