# IN THE UNITED STATES DISTRICT COURT,
# FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| michael haendel, | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:13-cv-00007-SS |
| | § | |
| M. DIGIANTONIO, | § | |
| THOMAS EATON, | § | |
| Defendants. | § | |

## PLAINTIFF MOTION FOR JOINDER

### I. PROCEDURAL COMPLIANCE

March 26 2013, United States District Court for the Western District of Texas, Austin Division, Samuel Sparks entered into docket Case No. 1:13-cv-00007-SS, document 28, "Scheduling Order". Complying with document 28, michael haendel moves court compl defendants, and claimed defendants representatives production of vital evidence, heretofore listed as follows.. i man: michael haendel, believes response to Case 1:13-cv-00007 "**PLAINTIFF MOTION FOR JOINDER**" is timely, Fed. R. Civ P. Rule 6(a)(6).

### II. ABSTRACT

Fed. R. Civ. Proc. R. 19(a). "Persons Required to Be Joined if Feasible.". Travis County Attorney Elaine Casas, Jennifer Kraber, David Escamilla, did not comply with "Scheduling Order", Document 28, as ordered by United States District Court for the Western District, Austin Division Magistrate Samuel Sparks. Plaintiff is compliant with Fed. R. Civ Proc. R 26(1) "*Initial Disclosure*"(C) "*Time for Initial Disclosures—In General*", "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial

disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure."

### III. PERSONS MOVED JOINERED to Case No. 1:13-cv-00007-SS

1. HERNANDEZ, TRAVIS COUNTY SHERIFF DEPUTY #4429,
2. HAMPTON, TRAVIS COUNTY SHERIFF DEPUTY #1601,
3. LT. MILLS, TRAVIS COUNTY SHERIFF OFFICE #
4. Unknown TRAVIS COUNTY SHERIFF DEPUTY BOOKING OFFICER,
5. Unknown TRAVIS COUNTY SHERIFF BOOKING SERGEANT,
6. AMANDA ABERNATHY, TRAVIS COUNTY PRE-TRIAL SERVICES,
7. CELESTE VILLAREAL, CITY OF AUSTIN MAGISTRATE,
8. BRENDA KENNEDY, 403rd DISTRICT MAGISTRATE,
9. ROSEMARY LEHMBERG, TRAVIS COUNTY DISTRICT ATTORNEY,
10. GREG HAMILTON, TRAVIS COUNTY SHERIFF,
11. KAREN COTTON, TRAVIS COUNTY MEDICAL SERVICES,
12. RAUL GARZA, TRAVIS COUNTY MEDICAL SERVICES,
13. SHELLY EATON, TRAVIS COUNTY SHERIFF OFFICE CUSTODIAN OF RECORDS,
14. MICHAEL LASORSA, TRAVIS COUNTY SHERIFF OFFICE CUSTODIAN OF RECORDS,
15. DELILAH DAY, TRAVIS COUNTY SHERIFF OFFICE CUSTODIAN OF RECORDS,
16. JOHN LASTOVICA, TRAVIS COUNTY ATTORNEY,
17. RICHARD COFER, TRAVIS COUNTY ATTORNEY,
18. KENNETH ERVIN, TRAVIS COUNTY ATTORNEY,
19. DAVID ESCAMILLA, TRAVIS COUNTY ATTORNEY

## IV. ARGUMENTS AND AUTHORITIES

michael haendel move the court to take judicial notice of B. Platsky v. CIA, 953 F.2d 25, 26 28 (2nd Cir. 1991), "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings.". United States District Magistrate Samuel Sparks has not provided adequate remedy to michael haendel to repair Claim of michael haendel, if claim if defective. michael haendel moves the Court to take judicial notice If Haines v. Kerner et al.No. 70-5025 S.Ct. 404 U.S. 519; 92 S. Ct. 594; 30 L. Ed. 2d 652;(1972) 99; 16 Fed. R. Serv. 2d (Callaghan) December 6, 1971, Argued, January 13, 1972, Decided" Petitioner inmate sought review of a decision by the United States Court of Appeals for the Seventh Circuit, which affirmed dismissal of his action under 42 U.S.C.S. § 1983 and 28 U.S.C.S. § 1343 (3) against respondents, state officers and prison officials." The inmate sought to recover damages for claimed injuries and deprivation of rights while he was incarcerated under a previous judgment. The inmate's pro se complaint was premised on the alleged action of prison officials placing him in solitary confinement after he had struck another inmate on the head with a shovel. The complaint included general allegations of physical injuries suffered while the inmate was in disciplinary confinement and denial of due process in the steps leading to that confinement. The district court dismissed the complaint for failure to state a claim upon which relief could be granted, suggesting that only under exceptional circumstances could courts inquire into the internal operations of state penitentiaries and concluding that the inmate had failed to show a deprivation of federally protected rights. The inmate contended that the district court erred in dismissing his complaint without allowing him to present evidence on his claims. The court held that the inmate's allegations were sufficient to require that he be provided the opportunity to offer supporting evidence. The district court's judgment was reversed and remanded. "The only issue now before us

is petitioner's contention that the District Court erred in dismissing his pro se complaint without allowing him to present evidence on his claims. [***HR1] [***HR2]. Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, [**596] however in artfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears [*521] "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944). [***HR3] Accordingly, although we intimate no view whatever on the merits of petitioner's allegations, we conclude that he is entitled to an opportunity to offer proof. The judgment is reversed and the case is remanded for further proceedings consistent herewith." Reversed and remanded.

It can be evident Claimed Defendants representatives; Travis County Attorneys are intending to amass the Political Power, Prestige, Legal Prowess, and the effective untold and unlimited Wealth of the Travis County Attorney Office in opposition to claim of michael haendel. It can be assumed by one degree on inference, Plaintiff Original Complaint is perceived as valid, true, and correct, by mere inference of the formidable response of Travis County Attorney Office with examination of Travis County Attorney Office defense of aggravated perjured statements made by Defendants against michael haendel, and said defendant statements contrary to video recorded evidence. Video Recorded evidence of events occurring January 5, 2011 were significantly influential in proving Defendants committed aggravated perjury, continue to commit aggravated perjury, have committed conspiracy and continue to commit conspiracy against michael haendel, resulting in Dismissal with No Opposition to expunction, after over 500 day of

prosecuting michael haendel.  Travis County Court procedure is to dispose of a case no later than 200 days.  Told to me, michael haendel by trusted associate, "Travis County Attorney Kenneth Ervin and Travis County Attorney Office had confided to associate, Travis County Attorney Office are causing economic hardships to to then defendant, now plaintiff michael haendel, for the sole purpose of extortion, and pressure mcihael haendel to accept to "Plea Bargaining" with Travis County Attorney Office and accept a guilty plea to charges, Travis County Attorney Office ultimately dismissed on the eve of trial.

michael haendel believes Travis County Attorney Office is intending to and is "Economically Threaten" with retaliation of economic sanctions against Plaintiff, i man: michael haendel.  Defendants have not, and apparently will not recant aggravated perjured statements made against plaintiff, michael haendel.  Plaintiff demands Defendants statements from but not limited to, TCSO Michael Digiantonio, and TCSO Thomas Eaton, TCSO John Hernandez, TCSO Hampton not just expunged, but elimination of false criminal record of michael haendel, and elimination of criminal record of michael haendel.

<u>Defendants claimed representatives have indirectly agreed with **PLAINTIFF MOTION FOR JOINDER** , by providing to plaintiff, **Plaintiff Exhibit F.**:   "DEFENDANTS M. DIGIANTONIO AND THOMAS EATON'S DESIGNATION OF EXPERTS, POTENTIAL WITNESSES AND PROPOSED TRIAL EXHIBITS", **Plaintiff Exhibit G**:   "DEFENDANTS M. DIGIANTONIO AND THOMAS EATON'S DISCLOSURE PURSUANT F.R.C.P.26".   Defendants claimed representatives produced list(s) of Persons who witnessed events that resulted in Travis County Attorney "Dismissing with no opposition to expunction" charges against Plaintiff.   I follows by one degree of inference many Persons employed by Travis County are gulty of injuries caused to Plaintiff, michael haendel.   United States District Court for the Western</u>

District of Texas, Austin Division Magistrate Samuel Sparks ordered Plaintiff response to dismiss claim as "Sealed " in "Order", document 54:

> *"HAENDEL'S RESPONSE CONTAINS NUMEROUS ASSERTIONS WHICH SIMULTANEOUSLY INVADE THE PRIVACY OF PERSONS WHO ARE NOT PARTIES TO THIS LAWSUIT, AND WHICH ARE IMMATERIAL TO THE ISSUES IN THIS CASE. ACCORDINGLY, IT IS ORDERED THAT PLAINTIFF MICHAEL HAENDEL'S ' RESPONSE 'DEFENDANT M- DIGIANTONIO AND THOMAS EATON'S MOTION TO DISMISS PURSUANT TO RULE 12(C)'" SHALL BE SEALED UNTIL FURTHER ORDER OF THE COURT."*

In direct response to United States District Court for the Western District of Texas, Austin Division Magistrate Samuel Sparks "Order", document 54, michael haendel has produced into the docket, "PLAINTIFF RESPONSE DOCUMENT 55 AUGUST 14, 2013", document 55, containing **Plaintiff Exhibit A.**: CD-ROM (containing video recorded evidence arrest michael haendel Janury 5, 2011), **Plaintiff Exhibit B.**: "BUSINESS RECORDS AFFIDAVIT" TCSO Shelly Eaton verifing authenticity of Exhibit 1, **Plaintiff Exhibit C.**: "MOTION FOR COURT PROVIDED SUPPRESSION AND OR FRANKS HEARING", filed February 21, 2012 TCC8, C-1-CR-11-200319, **Plaintiff Exhibit D.**: "CRIMINAL AFFIDAVIT", April 23, 2012 TCC8, C-1-CR-11-200319, **Plaintiff Exhibit E.**: "MOTION TO DISMISS (NO OPPOSITION TO EXPUNCTION)", submitted April 25, 2012, ruled May 21, 2012, TCC8, C-1-CR-11-200319, **Plaintiff Exhibit F.**: "DEFENDANTS M. DIGIANTONIO AND THOMAS EATON'S DESIGNATION OF EXPERTS, POTENTIAL WITNESSES AND PROPOSED TRIAL EXHIBITS", **Plaintiff Exhibit G**: "DEFENDANTS M. DIGIANTONIO AND THOMAS EATON'S DISCLOSURE PURSUANT F.R.C.P.26" moving from USDC Samuel Sparks

assertions of *"NUMEROUS ASSERTIONS WHICH SIMULTANEOUSLY INVADE THE PRIVACY OF PERSONS"* to conclusively provable **EVIDENCE of MALICIOUS PROSECUTION, CONSPIRACY, FRAUD, TORTUOUS INTERFERENCE WITH CONTRACTS, LIBEL, SLANDER, FALSE IMPRISONMENT, ASSAULT, AGGRAVATED ASSAULT, TAMPERING WITH WITNESS, OFFICIAL OPPRESSION, DENIAL VITAL EXCULPATORY EVIDENCE, OUTLAWRY, SEDITION BY DEFENDANTS AND PROPOSED JOINDER DEFENDANTS against i man: michael haendel,** see Plaintiff Exhibit F, Plaintiff Exhibit G. In addition to Plaintiff Exhibit A, B, C, D, E, F, G, filed into United States District Court for the Western District of Texas, Austin Division, i man: michael haendel has filed numerous **VERIFIED CRIMINAL AFFIDAVITS**, under penalty of perjury, into this docket, in support of my Claim of michael haendel.

*"Use of Rule 19 requires a district court to consider up to three questions. First, the court must determine whether the person should be joined under the standard of Rule 19(a). If the court concludes there is no need to join the person, the analysis will end at this point. If on the other hand, the court concludes that the person ought to be joined under a provision of Rule 19(a), the court will then determine whether the person may feasibly be joined. This second question implicates the issues of jurisdiction and venue, which are discussed at greater length elsewhere in this text. If a person who ought be joined (under Rule 19(a)) is eligible to be joined, the court will order joinder, and the case will proceed with the addition of the joined party. However, if under this second analysis the person can not be joined, the court will proceed to the third question, which requires application of the requirements of Rule 19(b). Using Rule 19(b), the court will determine whether the action may appropriately proceed without unjoined person or whether the*

*case must be dismissed because the court can not administer justice in the person's absence."*

EEOC v. Peabody Western Coal co., 610 F.3d 1070 (9th Cir. 2010).

## V. PRAYER AND REMEDY

Fed R. Civ. P. 12, Plaintiff moves Court to open to public United States District Court for the Western District of Texas, Austin Division case 1:13-cv-00007, document 53, deny claimed Defendants representatives Motion to Dismiss, provide list of times and dates when Motions Hearing can be scheduled with Court, compliant with "Document 28". <u>Plaintiff requests Court to provide list of available time periods during morning hours of day</u>. Plaintiff further petition court removal of pending charges against Plaintiff, elimination beyond expunction of criminal and mental health record created in fraud, compensation physical damages to plaintiff's hands, arms, and potentially neck, compensation, incarceration, compensation lost and reduced earning potential, compensation medical, legal, expenses, compensation reduced quality of life. Deny any affirmative relief to Defendants, Defendant's Represemtatives, for default response, and contempt of Court order "Document 28". If Court rules Claim of michael haendel is deficient, provide remedy and recourse to correct claim. B.Platsky v. CIA, 953 F.2d 25, 26 28 (2nd Cir. 1991). michael haendel moves Court to compel Travis County Attorneys produce to michael haendel summary of witness statement, Exhibit F, Exhibit G. For these reasons, plaintiff asks for judgment against defendants, additionally stipulated in prayer, **"PLAINTIFF'S ORIGINAL COMPLAINT"**, Court provided assistance of legal counsel, Further, I, michael haendel, man, not corporation, Plaintiff, Prosecutor, and indigent, request a waiver of any costs for mediation, Respectfully submitted,

_____
Signature in red ink by michael haendel, P.O. Box 300952, Austin, Texas 78703,

*Further the Affiant saith not.*

## VI. VERIFIED AFFIDAVIT OF michael haendel

STATE OF TEXAS §

TRAVIS COUNTY §

Before me, the undersigned notary, on this day personally appeared michael haendel, man, affiant, whose identity is known to me. After I administered an oath to affiant, affiant testified:

"My name is michael haendel. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct."

I, michael haendel, certify and verify amount of claim covers only damages and injuries by the incident above and agree to accept said amount in full satisfaction and final settlement of this claim.

_____
Signature in red ink by michael haendel, P.O. Box 300952, Austin, Texas 78703,

SWORN TO and SUBSCRIBED before me by michael haendel on August 29TH, 2013.

_____
Notary Public in and for The State of Texas

JENNIFER KAY MOREL
My Commission Expires
November 6, 2016

## VII. CERTIFICATE OF SERVICE:  michael haendel,

I, michael haendel, do hereby certify and verify that I have submitted a true and correct copy of the above and foregoing, on the ___29___ day of the month of ___August___, year 2013, I certify that original and copy of **PLAINTIFF MOTION FOR JOINDER** complies with Fed. R. Civ. P. 12(b)(1), and Fed. R. Civ P. 12(b)(6), was personally hand filed, in:

a.
UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION, UNITED STATES DISTRICT CLERK'S OFFICE,
501 West Fifth Street, Suite 1100, Austin, Texas 78701,

b.
ELAINE A. CASAS, JENNIFER KRABER,
COUNTY OF TRAVIS CLERK'S OFFICE, COUNTY OF TRAVIS ATTORNEY,
CIVIL LITIGATION DIVISION,
314 West 11th Street, Suite 420, Austin, Texas 78701,
or clerk at front desk, and,

_____
Signature in red ink by michael haendel, P.O. Box 300952, Austin, Texas 78703,

SWORN TO and SUBSCRIBED before me by michael haendel,

on day ___29___ of the month of ___August___, in year 2013,

_____
Notary Public in and for The State of Texas

JENNIFER KAY MOREL
My Commission Expires
November 6, 2016