IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MICHAEL HAENDEL,
          Plaintiff,

-vs-                                       Case No. A-13-CA-007-SS

M. DIGIANTONIO and THOMAS EATON,
          Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Michael Haendel's "Petition for Motions Hearing, Referencing Document 28" [#49], Defendants M. Digiantonio and Thomas Eaton's Response [#50] thereto; Defendants' Motion to Dismiss Pursuant to Rule 12(c) [#51], Plaintiff's [Sealed] Response [#53] thereto; and Defendants' Reply [#55]; Haendel's Motion to Compel [#56]; and Haendel's "Response Document 55 August 14, 2013" [#57]. Having considered the documents, the file as a whole, and the governing law, the Court now enters the following opinion and orders, granting Defendants' motion to dismiss.

### Background

Pro se plaintiff Michael Haendel, proceeding *in forma pauperis* (IFP), is suing two Travis County Sheriff's Deputies, apparently for excessive use of force:

> M. Digiantonio and Thomas Eaton used unreasonable, unnecessary, and excessive force while arresting and detaining plaintiff. Plaintiff was verbally communicating with defendant's and did not refuse to exit Blackwell Thurman Building, Travis County Court House, 509 W. 11th, Street, Austin Texas 78701, see Carney v, State, 31 S.W3d 392, 398 (Tex.App.-Austin 2000, no pet.). Plaintiff wore audio recorder around his neck with the use of attached lanyard. Prior to arrest, audio recorder was automatically screened with an x-ray machine, and hand inspected by

Defendant Thomas Eaton and other Travis County Sheriff Deputies. Defendant M. Digiantonio grabbed audio recorder from plaintiff right hand. Plaintiff was thrown to ground by defendants, see Graham v. Connor, 490 U.S. 386, 396-97 (1989).

The injuries suffered by plaintiff were significant, substantial, and severe. Plaintiff was placed in restraints by both hand cuffs and ankle shackles. Hand cuffs were adjusted too tightly, causing numbness in both of plaintiff's hands, fingers, and thumbs. Numbness in plaintiff's hands, fingers, and thumbs persist to this day.

At the time of the arrest, defendant's were acting under color of the laws and regulations of the State of Texas and the Travis County Sheriff Department. Travis County Sheriff Department had and continues to have a policy and custom in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals. Warrantless searches and seizures of the public. Excluding the public without cause, and at the discretion of Travis County Sheriff Deputies. Attorneys, members of the court are not required to same warrantless search and seizures.

Defendant's direct supervisor had access and claimed to have viewed video recording of plaintiff arrest. Defendant's direct supervisor tolerated and continues to tolerate misconduct of Travis County Sheriff Deputies. Defendant direct supervisor encourages misconduct by failing to adequately supervise, discipline or train his subordinates, see 42 U.S.C. §1983; Tenn. v. Gamer, 471 U.S. 1, 7 (1985); Brown v. Bryan County, 219 F.3d 450, 462-63 (5th Cir. 2000).

Pl.'s Compl. [#3] ¶¶ 9–11.

Haendel also makes references to "medical care for injuries received while in custody," *id.* ¶ 12, and alleges Defendants violated the Texas Penal Code, *id.* ¶ 14. Presently, Defendants have moved for judgment on the pleadings, pursuant to Rule 12(c).

## Discussion

The same legal standard applied to Rule 12(b)(6) motions to dismiss governs 12(c) motions. *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

### I.    Rule 12(b)(6)—Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain "a short and plain

-2-

statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a motion to dismiss under 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," that must be performed in light of a court's "judicial experience and common sense." *Id.* at 679. In deciding a motion to dismiss, courts may consider the complaint, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II. Application

Defendants argue (1) qualified immunity bars Haendel's claims, (2) Haendel has failed to allege any custom, policy, or practice of Defendant's employer, Travis County, caused his alleged injuries, and so his official capacity claims fail, (3) no legally sufficient claims for excessive use of force are raised, (4) Haendel has failed to allege any conscious indifference in provision of healthcare, (5) the reference to "warrantless searches and seizures" fails to state a claim, and (6) Haendel's lawsuit is frivolous, as it lacks any arguable basis in fact.

All of the foregoing contentions are well taken.

## I. Qualified Immunity and Excessive Use of Force

Qualified immunity is designed to protect government officials in limited circumstances: "'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hathaway v. Bazany*, 507 F.3d 312, 320 (5th Cir. 2007) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The burden is on the plaintiff to show the defendant official is not entitled to qualified immunity. *Id.* at 319.

Whether an officer is acting within the scope of qualified immunity is a two-step inquiry. The first step is to determine whether, on the facts alleged, the plaintiff's statutory or constitutional rights have been violated. *Id.* at 320. The second inquiry is whether "the right in question was clearly established at the time of the violation such that a reasonable person would have known of it." *Id.* A finding that no right was violated ends the inquiry. *Id.*

Haendel has failed to plead any violation of statutory or constitutional rights. Haendel was at the Travis County Court House, making unauthorized audio recordings. He was removed, and

alleges he was "thrown to the ground" in the process, and his handcuffs were too tight. Neither allegation suffices to overcome qualified immunity, nor do they amount to a violation of a clearly established right at the time. In addition, the Fifth Circuit has specifically held tight handcuffs do not amount to a constitutional violation, or to excessive force. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) ("This court finds that handcuffing too tightly, without more, does not amount to excessive force."). Nor does Haendel allege any injury resulted from being thrown to the ground, and so he has failed to state a claim for which relief can be granted.

**II.     Official Capacity Claims**

Haendel has failed to make more than conclusory assertions Travis County has a custom, policy, or procedure which caused any violation of his rights. As such, he has failed to state a claim. *Tuchman*, 14 F.3d at 1067.

**III.    Provision of Healthcare**

In order to state a claim for inadequate medical care, the plaintiff must allege deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Haendel has failed to allege any facts amounting to deliberate indifference.

**IV.     Search and Seizure**

Haendel's allegations on this point amount to nothing more than the following: "[w]arrantless searches and seizures of the public." This fails to put Defendants on notice of what conduct is complained of, and so fails to state a claim.

**V.      Texas Penal Code**

There is no private cause of action for violations of the Texas Penal Code. *Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997) ("[T]he Texas Penal Code does not create a

private cause of action."); *Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied) ("However, the Penal Code does not create private causes of action . . . . Thus, Appellant's allegations based on the noted penal code sections must fail as not stating a cause of action recognized by law."). Therefore, Haendel's claims invoking the Texas Penal Code fails to state a claim for which relief can be granted.

## Conclusion

For all of the foregoing reasons, the Court GRANTS the Motion for Judgment on the Pleadings. Finally, Haendel's Response is almost wholly irrelevant, being directed to alleged events beyond those raised in his Complaint, and complaining about acts of persons who are not defendants to this case. This Complaint is wholly frivolous, and is additionally subject to dismissal for failing to state a claim, and seeking relief from immune defendants. Accordingly, leave to amend would be futile, and is denied.

Accordingly,

IT IS ORDERED that Defendants M. Digiantonio and Thomas Eaton's Motion to Dismiss Pursuant to Rule 12(c) [#51] is GRANTED;

IT IS FURTHER ORDERED that all other pending motions are DISMISSED AS MOOT;

IT IS FINALLY ORDERED that Plaintiff Michael Haendel's Complaint [#3] is DISMISSED WITH PREJUDICE.

SIGNED this the 30th day of August 2013.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE